Babak Samini, Esq. (SBN 181796)
**SAMINI SCHEINBERG, PC**
2801 West Coast Highway, Suite 200
Newport Beach, California 92663
Telephone: (949) 724-0900
Facsimile: (949) 724-0901

Attorney for Defendants,
RICHARD BABCOCK and
ANTHONY NOBLES

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT BROWER, SR.,<br><br>Debtor.<br>――――――――――――――――――<br>MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | CASE NO.: 15-50801 MEH<br>Chapter 11<br><br>ADVERSARY NO.: 17-05044 MEH<br><br>**DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS PURSUANT TO FRCP 12(b)(6) AND 12(e)**<br><br>Date: August 28, 2017<br>Time: 11:00 am<br>Dept.: Room 3020, Judge Hammond |

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

- 1 -
DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS PURSUANT TO FRCP 12(b)(6) AND 12(e).

Case: 17-05044    Doc# 17    Filed: 07/25/17    Entered: 07/25/17 10:09:08    Page 1 of 9

Defendants RICHARD BABCOCK and ANTHONY NOBLES (collectively, "Defendants") respectfully submit the following Memorandum of Points and Authorities in support of their Rule 12(b)(6) Motion to Dismiss and Rule 12(e) Motion for a More Definitive Statement. Further, as noted in the accompanying Notice of Motion, pursuant to Federal Rules of Bankruptcy Procedure, Rule 7012, these moving Defendants declare that they do not consent to entry of final orders or judgment by the bankruptcy court in this matter. These moving defendants will file a motion for withdrawal of the bankruptcy reference, prior to the hearing on the instant motion. The instant motion is being filed solely to comply with statutorily-required deadlines.

## I. INTRODUCTION

Plaintiff's First Amended Complaint asserts that Coastal California is entirely owned by Robert Brower. As a result, Plaintiff further asserts that all shares of currently held by Anthony Nobles, Richard Babcock, and Wilfred Lindley are fraudulent and are actually the property of Debtor. In making these allegations, Plaintiff has alleged that the stock transactions of Nobles, Babcock, and Lindley for shares of Coastal California lacked adequate consideration. The Plaintiff's claims revolve around their contention that these stock transactions should be classified as avoidance and/or fraudulent transfer, and therefore should be governed by the statutes of limitations for those causes of action. Avoidance actions must be brought within two years of the bankruptcy filing, and fraudulent transfer actions must be brought within 4 years of the alleged transfer (or within one year of discovery).

The statutes against avoidance and fraudulent transfer both prohibit the Plaintiff's claims in this case. According to 11 U.S.C. § 548, actions against avoidance must be brought within two years of the bankruptcy filing. (*See* 11 U.S.C. § 546(a)(1).) Brower's bankruptcy was filed in March 2015, and Plaintiff's Complaint was filed in May 2017 – clearly after the two year statute of limitations has passed.

Furthermore, Plaintiff's Complaint also reveals that it knew of potential transfers of Coastal California from as early as 2011 – more than five years before filing suit. As a result, the statute of limitations prohibits any fraudulent transfer action as well.

In addition, the declaratory relief sought by Plaintiff is ambiguous. It is unclear whether the Plaintiff is seeking to void the transfers, or seeking a declaration that no transfers ever occurred in the first place. Because the First Amended Complaint is vague on this central issue, Federal Rules of Civil Procedure Rule 12(e) require a more specific pleading.

## II. STATEMENT OF FACTS

In this adversary proceeding, Plaintiff seeks declaratory relief concerning the identification of assets that are within the bankruptcy estate of Robert Brower, Sr. This motion to dismiss relates to the first cause of action, which seeks a declaration that the shares of stock in Coastal California held by its shareholders are actually exclusively the property of the debtor, Robert Brower. Plaintiff acknowledges that Coastal California declares its ownership interests are laid out in the following way: Brower- 24%, Patricia Brower/Patricia Brower Trust- 13%, Nobles- 20.8%, Babcock- 5.2%, Lindley- 37%. *See* First Amended Complaint, ¶ 31.

Plaintiff challenges this declaration, claiming that every single share in Coastal California is owned by Robert and Patricia Brower, and that the shares held by Nobles, Babcock, and Lindley were either never issued or were fraudulently transferred.

To this end, Plaintiff alleges that the there was no consideration given by Nobles, Babcock, or Lindley for the shares they were issued. In the First Amended Complaint, Plaintiff states that Nobles and Babcock "did not pay consideration to Coastal California for their alleged interest." *Id*. at ¶ 23. Plaintiff is asking the Court to look at the economic substance of the transactions at issue to determine if those transactions are valid – or should voided. In effect, Plaintiff is seeking avoidance of those transfers pursuant to 11 U.S.C. § 548. As a result, this remedy must comply with the applicable statute of limitations in that section.

SAMINI SCHEINBERG, PC
2801 West Coast Highway, Suite 200
Newport Beach, California 92663

In other pleadings filed with this Court, Plaintiff has conceded that it knew in 2011 that Debtor claimed it had transferred a significant portion of his Coastal California shares to third parties. See Declaration of John C. LaBella, dated July 28, 2016, at ¶¶ 4-5 (Request for Judicial Notice Ex. A.) Thus, Plaintiff was on inquiry notice since 2011, which is the triggering date for the statute of limitations. To the extent that Plaintiff seeks to avoid those transactions, it is barred by the statute of limitations.

## III. ARGUMENT

### I. Overview of Motion to Dismiss

Motions to dismiss are governed by Federal Rules of Civil Procedure Rule 12(b)(6), which permits trial courts to terminate lawsuits that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Pursuant to Federal Rule of Bankruptcy Procedure 7012, FRCP 12(b)(6) is applicable to this adversary proceeding.

Under Rule 12(b)(6), a complaint may be dismissed because of the plaintiff's failure to state a claim on which relief can be granted. Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare System*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court clarified, "[t]he plausibility standard is not

- 4 -
DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS PURSUANT TO FRCP 12(b)(6) AND 12(e).

akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court, however, need not accept as true allegations contradicted by judicially noticeable facts and "may consider documents that are referred to in the complaint whose authenticity no party questions." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). A court likewise is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

Finally, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

On a motion to dismiss, a court may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distribs.* (9th Cir. 1986) 798 F.2d 1279, 1282. Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment. *Id.*

## II. The First Cause of Action is Barred Because It Seeks the Avoidance of Transactions that Occurred More than Two Years Prior to the Bankruptcy Filing

The "gravamen of a complaint and the nature of the right sued on, rather than the form of the action or relief demanded, determines which statute of limitation applies." *See Robuck v. Dean Witter & Co.*, 649 F.2d 641, 645 n.2 (9th Cir. 1980) (applying California law); *McFall v. Stacy & Witbeck, Inc.*, 2016 U.S.Dist.LEXIS 148399, at *8 (N.D.Cal. Oct. 26, 2016) (same; citing

- 5 –
DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS PURSUANT TO FRCP 12(b)(6) AND 12(e).

California law.) As such, the Court must look to the essence of Plaintiff's complaint rather than the specific causes of action and statutes the Plaintiff refers to. *Id.*

In this case, Plaintiff appears to be seeking a declaration that the share transfers to Nobles, Babcock, and Lindley, if they occurred, should voided due to lack of consideration. Essentially, Plaintiff is commencing an avoidance action under 11 U.S.C. § 548 without actually referencing the statute in the Complaint. 11 U.S.C. § 548 provides that:

> "(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, ***that was made or incurred on or within 2 years before the date of the filing of the petition,*** if the debtor voluntarily or involuntarily—
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation"

Such a declaration is precluded by subsection (a)(1), which only allows a two-year period starting from the filing of the bankruptcy petition for which a Plaintiff can seek a declaration of avoidance. Plaintiff concedes that the bankruptcy petition was filed on March 11, 2015 (FAC ¶ 15), and the transfers occurred in 2011. In addition, in previous filings with this Court in the main bankruptcy action, Plaintiff has conceded that it knew in 2011 that Debtor claimed it had transferred a significant portion of his Coastal California shares to third parties. See Declaration of John C. LaBella, dated July 28, 2016, at ¶¶ 4-5 (Request for Judicial Notice Ex. A.)

Because Plaintiff is requesting a declaration of avoidance of transfers that occurred more than two years prior to the filing of bankruptcy, those claims are statutorily prohibited and must be dismissed.

DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS PURSUANT TO FRCP 12(b)(6) AND 12(e).
Case: 17-05044   Doc# 17   Filed: 07/25/17   Entered: 07/25/17 10:09:06   Page 6 of 9

### III. The First Cause of Action is Barred by the Two-Year Statute of Limitations

Pursuant to 11 U.S.C. Section 546(a)(1), an action under § 548 may not be commenced more than two years after the "entry of the order for relief." In voluntary cases, the filing of a voluntary bankruptcy petition constitutes an order for relief. *See Salven v. Mendez* (In re Mendez) 2008 Bankr. LEXIS 653, at *13-14 (U.S.Bankr.E.D.Cal. Feb. 29, 2008) (citing 11 U.S.C. § 301(b)).

In this matter, the Debtor filed a voluntary petition under chapter 11 on March 15, 2015. This lawsuit was filed on May 11, 2017 – almost two months longer than the two-year statute of limitations. Therefore, the first cause of action should be prohibited by 11 U.S.C. section 546(a)(1).

Moreover, a common law claim for fraudulent transfer would also be barred by the statute of limitations. In California, claims for voidance of fraudulent transfers must be brought within four years after the transfer was made, or within one year after the fraudulent transfer was or reasonably could have been discovered by the plaintiff. *See* California Civil Code § 3439.09(a). The "discovery rule" was discussed at length in *Rosas v. BASF Corp.* (2015) 236 Cal.App.4th 1378, 1389-1390:

> "An important exception to the general rule of accrual is the "discovery rule," which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements. A potential plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof … that someone has done something wrong to him, "wrong" being used, not in any technical sense, but rather in accordance with its 'lay understanding.
>
> The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action. The discovery rule does not encourage dilatory tactics because plaintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation. A plaintiff need not be aware of the specific "facts" necessary to establish the claim;

that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her."

As noted earlier, Plaintiff has been informed since 2011 that Debtor had transferred at least 50% of his interest in Coastal California. Therefore, Plaintiff was put on inquiry notice as of that date, and the lawsuit must have been filed within 4 years in order to be within the appropriate statute of limitations. The lawsuit was filed almost six years later in 2017, and as such is prohibited by the applicable statute of limitations.

### IV. A More Definitive Complaint is Required, Pursuant to FRCP 12(e)

Under FRCP Rule 12(e), a party may move for a more definite statement with respect to a complaint that "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ.P. 12(e); *Tung Van Nguyen v. CTS Elecs. Mfg. Solutions*, 301 F.R.D. 337, 340 (N.D. Cal. 2014). A Rule 12(e) motion may be granted, "where the complaint is so general that ambiguity arises in determining the nature of the claim." *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal.1994). The Ninth Circuit has held that, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, [a court] may in [its] discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

In this case, Plaintiff's First Amended Complaint claims that Defendants' consideration was insufficient, which are assertions that typically animate avoidance claims and state law claims for fraudulent transfer. As a result, it is unclear if Plaintiff is trying to plead a claim of avoidance and/or fraudulent transfer under the pretext of declaratory relief. The scope of relief sought by Plaintiff, and the scope of the requested declaration, must be set forth more definitively.

///

///

- 8 -

DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS PURSUANT TO FRCP 12(b)(6) AND 12(e).

Case: 17-05044    Doc# 17    Filed: 07/25/17    Entered: 07/25/17 10:09:06    Page 8 of 9

## V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this motion be GRANTED.

                        **SAMINI SCHEINBERG, PC**

Date: July 24, 2017                By:   /s/ Babak Samini
                                                                  Babak Samini, Esq.
                                                                  Attorney for Defendants,
                                                                  RICHARD BABCOCK and
                                                                 ANTHONY NOBLES

- 9 -

DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS PURSUANT TO FRCP 12(b)(6) AND 12(e).