| | |
|---|---|
| David W. Balch, Esq. (SBN 226519)<br>L+G, LLP<br>318 Cayuga Street<br>Salinas, CA 93901<br>Tel: 831.754.2444<br>Fax: 831.754-2011<br><br>Attorneys for Coastal Cypress Corporation<br>and Wilfred "Butch" Lindley | |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Robert Brower, Sr.*<br><br>　　　　Debtor. | Case No.: 15-50801 (MEH)<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>　　　　Defendants. | Adv. Proc. No. 17-05044<br><br>**DEFENDANT COASTAL CYPRESS CORPORATION'S AND WILFRED "BUTCH" LINDLEY'S MEMORAUND OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS PURSUANT TO FRCP 12(b)(6) AND 12(e)**<br><br>**Date:　August 28, 2017**<br>**Time:　11:00 a.m.**<br>**Dept.:　Room 3020, Judge Hammond** |

　　　　Defendants CYPRESS CORPORATION ('COASTAL") AND WILFRED BUTCH LINDLEY ("LINDLEY") respectfully submit the following Reply Memorandum of Points and

///

1

Reply Memorandum of Points and Authorities in
Support of Rule 12(b)(6) and 12(e) Motions

Authorities in Further support of their Rule 12(b)(6) Motion to Dismiss and Rule 12(e) Motion for a .  Further, as noted in the accompanying Notice of Motion,

*Pursuant to Federal Rules of Bankruptcy Procedure, Rule 7012, these moving Defendants declare that they do not consent to entry of final orders or judgment by the bankruptcy court in this matter.  These moving defendants will file a motion for withdrawal of the bankruptcy reference, prior to the hearing on the instant motion. The instant motion is being filed solely to comply with statutorily-required deadlines.*

## I.    ADDITIONAL ARGUMENT

Federal Rule of Civil Procedure 12(e) authorizes a motion for a more definite statement when the pleading at issue "is so vague or ambiguous that the party cannot reasonably prepare a response . . . .  This rule attacks the intelligibility of a pleading, and not simply its mere lack of detail." *Oluchi Nnachi v. City & County of San Francisco*, 2014 U.S.Dist.LEXIS 37795, at *6-7 (N.D.Cal. Mar. 21, 2014); *see* also Tung Van Nguyen v. CTS Elecs. Mfg. Solutions, 301 F.R.D. 337, 340 (N.D.Cal. 2014) (Rule 12(e) motion may be granted "where the complaint is so general that ambiguity arises in determining the nature of the claim").

As noted in Defendants' Opening Brief, the First Amended Complaint seeks a declaration that all shares of COASTAL currently held by LINDLEY, Anthony Nobles, and Richard Babcock, are actually the property of Debtor.  In making these allegations, Plaintiff has noted that certain transactions lacked adequate consideration.   The gravamen of Plaintiff's claims appears to be for avoidance/fraudulent transfer.

Plaintiff, in its opposition papers, states forcefully that it is *not* alleging a cause of action for avoidance or fraudulent transfer, but rather only a declaration that Debtor owns 100% of Coastal.  In support, Plaintiff notes that "there is no transfer *by Debtor* to be undone because no transfer ever occurred." (Oppos. Br. at 6:25.)

Plaintiff's current position is not readily apparent from the First Amended Complaint. First, if Plaintiff's position is simply that there were no effective transfers of stock that need to be undone, then why is Coastal Cypress (California and Delaware) a defendant in the first cause of action?  Coastal is not a required party to a cause of action seeking a declaration of rights vis-à-

2

Reply Memorandum of Points and Authorities in
Support of Rule 12(b)(6) and 12(e) Motions

Case: 17-05044    Doc# 28    Filed: 08/21/17    Entered: 08/21/17 22:12:13    Page 2 of 3

vis Debtor, the Bank, and individual shareholders. By including Coastal as a defendant, Plaintiff interjected ambiguity as to whether it was seeking a simple declaration that no transfers had taken place – rather than the avoidance of transfers.

<u>Second</u>, the FAC notes that shares may have been issued to Nobles and Babcock. (FAC par. 24.) Plaintiff further challenges the consideration given in exchange for those transfers – a hallmark of an avoidance claim.

The affirmative defenses and discovery required for an avoidance/fraudulent transfer case, on the one hand, and a simple declaratory relief case seeking a declaration that no transfer ever occurred – but not trying to actually undo any transfer that did occur – differ markedly. For example, in a fraudulent conveyance lawsuit, the main focus is on the consideration paid as part of any transfer. In the declaratory relief lawsuit as currently framed by Plaintiff, the only salient issue is the intent of the parties to effectuate a transfer, regardless of consideration.

Defendants are entitled to have a clear statement of the claims against them. If Plaintiff is serious that it is not pursuing an avoidance/fraudulent transfer claim, it should states so in an amended complaint.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this motion be GRANTED.

Dated: August 21, 2017                     L+G, LLP


By: _____
    David W. Balch

Attorneys for Defendants Coastal Cypress Corporation and Wilfred "Butch" Lindley

3

Reply Memorandum of Points and Authorities in
Support of Rule 12(b)(6) and 12(e) Motions

Case: 17-05044    Doc# 28    Filed: 08/21/17    Entered: 08/21/17 22:12:13    Page 3 of 3