The following constitutes
the order of the court. Signed October 3, 2017

*M. Elaine Hammond*

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Robert Brower, Sr.,<br><br>　　　　　　　Debtor. | Case No. 15-50801 MEH<br><br>Chapter 11 |
| MUFG Union Bank, N.A.,<br>　　　　　　　Plaintiff.<br>v.<br>Robert Brower, Sr., et al,<br>　　　　　　　Defendants. | Adv. No. 17-05044<br><br>Date:　　August 28, 2017<br>Time:　　11:00 a.m.<br>Ctrm:　　3020 (San Jose) |

<u>ORDER DENYING MOTIONS TO DISMISS</u>

Plaintiff MUFG Union Bank, N.A. ("Plaintiff" or "Bank") filed an amended complaint for declaratory relief and preliminary injunctions ("Complaint") against numerous defendants. Defendants and their respective positions are:

- Robert Brower, Sr., ("Brower"), the debtor in the underlying chapter 11 case. Prior to the chapter 11 case, Brower was president of several corporations that, collectively,

1

manufactured and sold wine and owned a vineyard estate upon which the business operated.

- Coastal Cypress Corporation, a California corporation ("Coastal CA"), the entity that owned the real property forming the vineyard estate. The real property was sold prior to the chapter 11 filing.
- Coastal Cypress Corporation, a Delaware corporation ("Coastal DE"), the entity that Coastal CA purportedly merged into prior to the filing of this adversary proceeding.
- American Commercial Properties, a Nevada corporation ("ACP"), which owns Brower's personal residence.
- Patricia Brower ("Patricia"), Brower's non-filing spouse and a purported shareholder of several entities, including Coastal CA and ACP.
- Patricia Brower Trust ("Patricia Trust"), an alleged present owner of some or all of the property previously owned by Patricia.
- Anthony Nobles ("Nobles"), a purported shareholder in Coastal CA.
- Wilfred "Butch" Lindley ("Lindley"), a purported shareholder in Coastal CA, either directly or through Chualar Canyon Ranch Supply ("Chualar Canyon").
- Richard Babcock ("Babcock"), a purported shareholder in Coastal CA.

The Complaint asserts four claims for relief: (1) declaratory relief pursuant to 11 U.S.C. § 541[1] as to whether Brower and Patricia and/or the Patricia Trust own all of the interests in Coastal CA and Coastal DE as community property; (2) declaratory relief pursuant to § 541 that Brower and Patricia and/or the Patricia Trust own all of the interests in ACP as community property; (3) avoidance of the merger of Coastal CA into Coastal DE and recovery of the property transferred or its value as an unauthorized post-petition transfer pursuant to §§ 549 and 550; and (4) preliminary injunctions enjoining any transfer of assets by Brower, Coastal CA, Coastal DE, or ACP without advance approval of the court and requirements as to the distribution of proceeds.

---

[1] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037 (referred to herein as the "Bankruptcy Code").

Each of the Defendants filed a motion to dismiss. The four motions to dismiss were consolidated by the parties for briefing and hearing on August 28, 2017. The court hereby issues its consolidated order denying each of the motions to dismiss. Due to the repetition of arguments presented, the analysis provided below is organized by legal argument rather than by each motion.

Asserted Grounds for Dismissal of Adversary Proceeding:

Two of the grounds for dismissal asserted, judicial estoppel and issue preclusion, require a review of positions asserted and determined in a prior proceeding. Before bringing this suit, Bank obtained a judgment exempting its debt from Brower's discharge pursuant to § 523(a)(2)(B) (the "First Case"). Several defendants argue that the Bank should be judicially estopped or subject to issue preclusion, barring the relief requested in the first, second, and fourth claims. They argue that, in order to obtain an exemption from discharge on the basis that Brower presented materially false financial statements, the Bank necessarily assumed the position that the ACP and Coastal CA assets were not Brower's community property, and the court necessarily agreed with that position.

The application of these doctrines in this case is unusual because the First Case and this case are before the same court and judge. Further, judgment in the First Case was entered five months prior to the hearing on these motions. Much like trying to un-ring a bell, I cannot cleanly separate today's decision from the consideration of evidence in the First Case and the findings I previously made. Rather than asserting that this direct knowledge can be ignored, I include it in the analysis below.

**1. Judicial Estoppel** – Asserted by Brower, Patricia, Patricia Trust and ACP

Judicial estoppel serves to prohibit a party who "assumes a certain position in a legal proceeding, and succeeds in maintaining that position" from thereafter assuming a contrary position "simply because his interests have changed." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotation marks omitted). This doctrine is imposed at the trial court's discretion. *Id.* at 750. Its purpose is to "protect the integrity of the judicial process"

by "prohibiting parties from deliberately changing position according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749-750 (internal quotation marks omitted).

The factors considered in applying judicial estoppel are: "(1) Is the party's later position clearly inconsistent with its earlier position? (2) Did the party succeed in persuading a court to accept its earlier position, creating a perception that the first or second court was misled? and (3) Will the party seeking to assert an inconsistent position derive an unfair advantage or impose an unfair detriment on the opposing party?" *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1333 (9th Cir. 2012) (relying on *New Hampshire*, 532 U.S. at 750-51, internal quotation marks omitted). These factors are not inflexible prerequisites or a rigid formula, rather they are equitable considerations to inform a court's decision. *See New Hampshire*, 532 U.S. at 750.

The first and second factors require a review of the position taken by the Bank in the First Case and a determination of whether it is inconsistent with its position now. In the current action, the Bank contends that ACP is part of the community property shared between Brower and Patricia. In the First Case, the Bank presented evidence focused on the difference between Brower's representation of his assets in balance sheets for 2008 – 2011, and his representations of his assets in his 2015 bankruptcy schedules. During the earlier period, when Brower was seeking to increase, renew, and extend financing for Chateau Julien (the entity for whom Brower provided a guaranty), he provided, without additional explanation, balance sheets for Robert and Patricia Brower that included significant assets he now asserts are Patricia Brower's separate property. It was Brower – not the Bank – that introduced evidence at trial of a prenuptial agreement with Patricia and the stock register for Coastal CA. The Bank recognized the position Brower advocated but never agreed with it. The Bank even went so far as to include a footnote in its trial brief stating that it disagreed with Brower's position as to his interest in ACP and Coastal CA and intended to "take appropriate action to restore those assets to Brower's bankruptcy estate."[2] The Bank never explicitly took the position that ACP is Brower's separate property or that Brower holds a minority interest in

---

[2] Docket #42, p. 6, n. 5.

4

Coastal CA, instead, the Bank compared representations made by Brower to prove that he either made knowingly false statements or made them so recklessly as to act fraudulently for the purposes of § 523(a)(2)(B).  As the Bank's position in this case is not clearly inconsistent with its position in the First Case, the first factor for judicial estoppel is not satisfied.

Turning to the second factor, whether the court was or will be misled, it was clear from the presentation of evidence in the First Case that the Bank did not agree with or support Brower's position as to the extent of his assets.  This was communicated not just through the pleadings but also through the interactions between Brower and the Bank's counsel during testimony.  While I accepted the Bank's position that the balance sheets were materially false and misleading, the Bank never sought and I never determined, the actual extent of Brower's assets.  So, judicial estoppel is not appropriate based upon the Bank's position in the First Case.

The third factor, whether the Bank will derive an unfair advantage or impose an unfair detriment on Brower, requires an assumption for the sake of argument that the Bank is asserting an inconsistent position.  Among other things, the Bank's objective in this litigation is to augment the estate while proving that Brower misrepresented the circumstances of his community property agreement, and to avoid the merger of Coastal CA with Coastal DE.  The Bank still faces the task of proving its entire case with little foundation established in its favor from the First Case.  This indicates that it has gained little advantage from the prior litigation.  Consequently, even assuming that the Bank took an inconsistent position, judicial estoppel is not appropriate here.

**2. Issue Preclusion** – Asserted by Brower, Patricia, Patricia Trust, and ACP

Issue preclusion applies when: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (internal quotation marks omitted).  "The

party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850 (9th Cir. 1997) (internal citation omitted).

The parties dispute whether the first and third requirements are satisfied. Defendants assert that in order to find that the Bank was entitled to a judgment pursuant to § 523(a)(2)(B) I necessarily decided that Brower only had a minority interest of approximately 21% in Coastal CA and that he had no interest in ACP. Their position is based on the § 523(a)(2)(B) requirements for relief, specifically, a material representation of fact that the debtor knew to be false at the time it was made.

In the First Case, the Bank relied on balance sheets provided to the Bank by Brower for 2008 – 2011. Each balance sheet was provided on behalf of Brower and Patricia and indicated that Brower had significant assets to support his personal guaranty of a loan to Chateau Julien. However, during the bankruptcy proceedings Brower asserted that approximately 70% of the stated net worth reflected on the balance sheet was Patricia's separate property. The balance sheets did not provide any notice that Brower's personal assets were significantly less than those disclosed at the time the borrower sought renewal and extensions of credit. At trial, Brower's defense was that the balance sheets were not false because they stated that they were for both Brower and Patricia, and the Bank never inquired about whether some of the assets were Patricia's separate property. Brower's testimony was not credible and his arguments were unpersuasive. Thus, based on the difference between the information presented in Brower's balance sheets and his current position, I found that the debt owed by Brower was exempted from discharge. I made no findings as to the extent of Brower's true assets, or the assets of Brower's estate. I decided the issue of whether a misrepresentation had occurred but did not conclude precisely what assets belonged to whom. Without such a finding, the issues raised in the Complaint were not identical to the issues necessarily decided in the First Case. On that basis, dismissal based on issue preclusion is denied.

Case: 17-05044    Doc# 36    Filed: 10/03/17    Entered: 10/03/17 14:58:17    Page 6 of 9

3. **Time Barred / Statute of Limitations** – Asserted by Lindley, Coastal CA, Coastal DE, Babcock, Nobles, Patricia, Patricia Trust, and ACP.

The above-referenced defendants assert that the first and second claims for relief are brought after the applicable statute of limitations or are otherwise time barred actions to avoid fraudulent transfers. The first claim seeks declaratory relief as to the extent of the Brower bankruptcy estate's interest in Coastal CA and Coastal DE pursuant to § 541(a). The dispute is whether Brower and Patricia and/or the Patricia Trust, own all of the interests in Coastal CA and Coastal DE as community property, or whether Nobles, Babcock, Lindley and Patricia and/or the Patricia Trust (as her separate property) hold the majority of interests in Coastal CA and Coastal DE. The second claim seeks declaratory relief as to the extent of the Brower bankruptcy estate's interest in ACP. The dispute is whether Brower and Patricia own all of the interests in ACP as community property, or whether Patricia owns all the interests in ACP as her separate property.

The declaratory relief sought in the first and second claims is the inverse of recovery of a fraudulent transfer pursuant to § 548. If a transfer is found to have occurred, the property will not be recovered for the estate. As Plaintiff states in the opposition, its position is that no transfer occurred. Therefore, the declaratory relief claims are not time barred.

4. **Remaining Claims**

   a. **No Cognizable Claim**

   Patricia, the Patricia Trust, and ACP assert that the third and fourth claims do not assert a cognizable claim based on the failures of the first and second claims. As I do not find grounds to dismiss the first and second claims, there is similarly no basis upon which to dismiss the third and fourth claims as to these defendants.

   b. **More Definite Complaint**

   Lindley, Coastal CA, Coastal DE, Babcock, and Nobles assert that a more definitive complaint is required to clarify that the claims brought by the Bank are not time-barred, or that the claims asserted do not seek to avoid prepetition fraudulent transfers. For the reasons

stated previously, I find that the first and second claims are not seeking to avoid prepetition transfers. As such, a more definitive statement is not required.

### c. Incorrect Party

During the hearing, Lindley asserted for the first time that he is not a proper defendant as the interest in Coastal CA that he is associated with is held by Chualar Canyon. The Complaint asserts that Brower claimed Lindley owned about 37% of Coastal CA pursuant to a share certificate issued to Chualar Canyon, "apparently a business entity run by Lindley." The Complaint sufficiently placed Lindley on notice. The issue raised at oral argument is whether Lindley is a proper defendant. In order to make this determination, a finding of fact is required, which cannot be done on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). As such, I make no findings on this issue at this time.

For the reasons stated herein, the Motion to Dismiss brought by each of the defendants is DENIED.

**END OF ORDER**

**COURT SERVICE LIST**

**Via ECF:**

All ECF Recipients