JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Ryan A. Stubbe (SBN 289074)
  ryan@jlglawyers.com
300 W. Glenoaks Blvd., Suite 300
Glendale, California 91202
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*[Proposed] Attorneys for Robert S. Brower, Sr., Defendant*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br>ROBERT S. BROWER, SR.,<br>    Debtor. | Case No. 15-50801<br>Chapter 11<br>Adv. Proc. No. 17-05044 MEH |
| MUFG UNION BANK, N.A.,<br>    Plaintiff,<br>v.<br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br>    Defendants | **DEFENDANT ROBERT S. BROWER SR.'S AMENDED ANSWER TO COMPLAINT**<br>Assigned to: Hon. M. Elaine Hammond |

Case: 17-05044   Doc# 49   Filed: 11/08/17   Entered: 11/08/17 21:10:20   Page 1 of 12
DEF. ROBERT S. BROWER'S AMENDED ANSWER TO COMPLAINT
ADV. PROC. NO. 17-05044 MEH

Defendant Robert S. Brower, Sr. ("Defendant"), by and through his attorneys, hereby answers the Amended Complaint of Plaintiff MUFG Union Bank, N.A., filed on May 16, 2017. Pursuant to FED. R. BANKR. P. 7012(b), and LOCAL BANKR. R. 7012-1, Defendant Robert S. Brower, Sr. does not consent to entry of final orders or judgment by the bankruptcy court.

## PARTIES

1. Brower lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and, on such basis, denies them.

2. Brower admits that he is the debtor in the above-captioned bankruptcy case. Brower further admits that he was the President of Chateau Julien, Inc. ("Chateau Julien"). Brower also admits that he was the president of American Commercial Properties, Inc. ("ACP") until his resignation in 2015, of Coastal Cypress Corporation, a California corporation ("Coastal California") and was co-president of Great American Wineries, Inc. ("GAW") until he resigned. Brower further admits that he became president of Coastal Cypress Corporation, a Delaware corporation ("Coastal Delaware"). Brower denies the remaining allegations of Paragraph 2.

3. Brower admits that Patricia Brower is his wife. Brower further admits that he and Patricia Brower have been married since approximately 1980 and have resided together in a residence located at 28088 Barn Court, Carmel, CA (the "Barn Court Residence") owned by ACP. Brower lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 and, on such basis, denies them.

4. Brower admits that Coastal California was formed in approximately 1982 to own and lease real estate in California. Brower further admits that he has been a Director and the President of Coastal California since its formation. Brower admits that he asserted that he only owned 24% of the equity interests in Coastal California. Brower lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 4 and, on such basis, denies them.

5. Brower admits that he has filed two motions with this Court to have Coastal California redeem the bankruptcy estate's interest in that company pursuant to Bankruptcy Code 363. Brower further admits that this Court denied the first motion. Brower further admits that he withdrew the second motion. Brower further admits that Plaintiff objected to the second motion. Brower further

admits that on April 18, 2017, a Certificate of Merger was filed with the Secretary of the State of Delaware. Brower further admits that on April 21, 2017, a copy of the Certificate of Merger was filed with the California Secretary of State. Brower further admits that he did not obtain the permission of this Court to transfer the bankruptcy estate's interest in Coastal California to Coastal Delaware. Brower denies the remaining allegations of Paragraph 5.

6. Brower admits that ACP is a Nevada corporation formed in approximately 1983 and its main function has been to own premarital real estate. Brower further admits that he gifted all of his equity interests in ACP to his wife in approximately November 2000. Brower further admits that the equity interests in ACP then became her sole and separate property. Brower further admits that he pays rent owed, which according to his Schedule J filed on March 26, 2015 as Docket No. 22, is $2,986.78 per month. Brower further admits that he was the Director and President of ACP through at least the date of his bankruptcy filing, but denies that he was the Director and President of ACP in 1982. Brower denies the remaining allegations in Paragraph 6.

7. Brower admits the allegations in Paragraph 7.

8. Brower admits the allegations in Paragraph 8.

9. Brower admits the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. The allegations in this Paragraph are legal conclusions for which no response is required; however, to the extent that a response is required, Brower denies the same.

11. The allegations in this Paragraph are legal conclusions for which no response is required; however, to the extent that a response is required, Brower denies the same.

12. The allegations in this Paragraph are legal conclusions for which no response is required; however, to the extent that a response is required, Brower denies the same.

13. The allegations in this Paragraph are legal conclusions for which no response is required; however, to the extent that a response is required, Brower denies the same.

14. The allegations in this Paragraph are legal conclusions for which no response is required; however, to the extent that a response is required, Brower denies the same.

15. The allegations in this Paragraph are legal conclusions for which no response is required;

however, to the extent that a response is required, Brower denies the same.

## GENERAL FACTUAL ALLEGATIONS

16. Brower admits the allegations in Paragraph 16.

17. Brower admits the allegations in Paragraph 17.

18. Brower admits the allegations in Paragraph 18.

19. Brower admits the allegations in Paragraph 19.

20. The allegations in this Paragraph are legal conclusions for which no response is required; however, to the extent that a response is required, Brower denies the same.

21. Brower admits that in April 2015, California Coastal sold certain real estate to a third party for approximately $12,000,000. Brower denies the remaining allegations in Paragraph 21.

22. Brower admits that he asserted that he owned 24% of the shares of Coastal California. Brower lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 and, on such basis, denies them.

23. Brower lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and, on such basis, denies them.

24. Brower admits that he claimed that Coastal California issued additional shares of stock in 2011. Brower lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 and, on such basis denies them.

25. Brower denies the allegations in Paragraph 25.

26. Brower admits that on the closing of the sale of Coastal California's real estate, certain payments were made to Med-Venture and Aurora. Brower denies the remaining allegations in Paragraph 26.

27. Brower denies the allegations in Paragraph 27.

28. Brower admits that he has produced a premarital agreement to support the separate property allegations. Brower further admits that financial statements were provided in connection with renewals, extensions, or refinancings of the loan, including in 2009 when the Loan and Security Agreement, Note, and Guaranty were signed. Brower denies the remaining allegations in Paragraph 28.

29. Brower admits that he gave his entire interest in ACP to his wife as her separate property

DEF. ROBERT S. BROWER'S AMENDED ANSWER TO COMPLAINT
ADV. PROC. NO. 17-05044 MEH

in 2000. Brower denies the remaining allegations in Paragraph 29.

## FIRST CLAIM FOR RELIEF

**Declaratory Relief Pursuant to 11 U.S.C. § 541 and 28 U.S.C. §§ 2201 and 2202**

30. Brower admits the allegation that Plaintiff intends in Paragraph 30 to repeat and reallege the allegations in Paragraphs 1 through 29, inclusive, as though fully set forth in Paragraph 30, and hereby incorporates by reference Brower's responses to the allegations in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Brower admits that the Bank contends that Brower and Patricia Brower (or, in her stead, the Patricia Brower Trust) own all of the interests in Coastal California and Coastal Delaware as community property, but Brower denies that he and Patricia Brower own all of the interests in Coastal California and Coastal Delaware as community property. As to the remaining allegations of Paragraph 31, Brower lacks knowledge or information sufficient to form a belief about the truth of those allegations and on such basis denies them.

32. Brower admits that he disputes Plaintiff's contentions. Brower further admits that he contends that he had a 24% interest in Coastal California. Brower further admits that he contends that he does not hold all of the interest in Coastal Delaware. As to the remaining allegations of Paragraph 32, Brower lacks knowledge or information sufficient to form a belief about the truth of those allegations and on such basis denies them.

33. Brower admits that Plaintiff requests that the Court declare the interest of Brower's bankruptcy estate in Coastal California and Coastal Delaware, but denies that Plaintiff is entitled to any relief on the claim. The remaining allegations in Paragraph 33 are legal conclusions or arguments for which no response is required; however to the extent that a response is required, Brower denies the same.

## SECOND CLAIM FOR RELIEF

**Declaratory Relief Pursuant to 11 U.S.C. § 541 and 28 U.S.C. §§ 2201 and 2202**

34. Brower admits that Plaintiff intends in Paragraph 34 to repeat and reallege the allegations in Paragraph 1 through 29, inclusive, as though fully set forth in Paragraph 34, and hereby incorporates by reference Brower's responses to the allegations in Paragraphs 1 through 29, inclusive, as though fully

set forth herein.

35. Brower admits that Plaintiff contends that Brower and Patricia Brower own all of the interests in ACP as community property, but Brower denies that he and Patricia Brower own all of the interests in ACP as community property. As to the remaining allegations of Paragraph 35, Brower lacks knowledge or information sufficient to form a belief about the truth of those allegations and on such basis denies them.

36. Brower admits that Brower disputes Plaintiff's contentions. As to the remaining allegations of Paragraph 36, Brower lacks knowledge or information sufficient to form a belief about the truth of those allegations and on such basis denies them.

37. Brower admits that Plaintiff requests that the Court declare the interest of Brower's bankruptcy estate in ACP, but denies that Plaintiff is entitled to any relief on its claim. The remaining allegations in Paragraph 37 are legal conclusions or arguments for which no response is required; however to the extent that a response is required, Brower denies the same.

### THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Unauthorized Postpetition Transaction Pursuant to 11 U.S.C. §§ 549 and 550**

38. Brower admits that Plaintiff intends to repeat and reallege the allegations in Paragraphs 1 through 29, inclusive, as though fully set forth in Paragraph 38, and hereby incorporates by reference Brower's responses to the allegations in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

39. Brower denies the allegations in Paragraph 39.

40. Brower denies the allegations in Paragraph 40.

### FOURTH CLAIM FOR RELIEF

**Preliminary Injunctions Pursuant to 11 U.S.C. § 105**

41. Brower admits that Plaintiff intends to repeat and reallege the allegations in Paragraphs 1 through 29, inclusive, as though fully set forth in Paragraph 41, and hereby incorporates by reference Brower's responses to the allegations in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

42. Brower denies the allegations in Paragraph 42.

43. Brower lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and, on such basis, denies them.

44. Brower admits that Plaintiff requests that pending the determination of the claims set forth in the Complaint the Court preliminarily enjoin Brower, Coastal California, Coastal Delaware and any individuals or entities acting on behalf of or in concert with Brower and the Coastal entities, from transferring, assigning, or encumbering any of these entities assets without advance approval of this Court, but Brower denies that Plaintiff is entitled to any relief on its claim.

45. Brower admits that Plaintiff requests that pending the determination of the claims set forth in the Complaint the Court issue a preliminary injunction requiring that the net proceeds of any sale, transfer or encumbrance of the assets of ACP shall be deposited into a blocked account and remain there, but Brower denies that Plaintiff is entitled to any relief on its claim.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Brower hereby asserts the following defenses and affirmative defenses to Plaintiff's claims, without assuming the burden of proof on any issue for which Plaintiff bears the burden proof. Brower further reserves the right to raise other defenses, affirmative or otherwise, that may become evident during discovery and during any other proceeding in this action. Brower also reserves the right to amend and/or delete any affirmative defenses in the event that discovery indicates it may be appropriate to do so.

### **FIRST DEFENSE**
### **(Transfers Occurred)**

The transfers to the named Defendants at issue in this lawsuit actually occurred.

### **SECOND DEFENSE**
### **(Involuntary Transfer)**

The transfers at issue in this lawsuit were involuntary and not caused by Brower.

### **THIRD DEFENSE**
### **(Transmutation of Property)**

To the extent that any property was community property, Brower and Patricia Brower converted

community property into separate property though an express declaration made in writing, joined in, consented to, or accepted by Brower.

### FOURTH DEFENSE
### (Premarital Agreement)

Brower and Patricia Brower entered into a valid and enforceable premarital agreement which altered or avoided the applicability of California community property law.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff failed to mitigate the damages it alleges it incurred as a result of the events alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff has inexcusably delayed in proceeding with its claims despite Plaintiff's contention that Brower was liable to Plaintiff. Plaintiff's inexcusable delay has prejudiced Brower's position and Plaintiff is therefore barred by laches.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived any and all claims it may have had or has against Brower arising from the events alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

By its actions, Plaintiff is estopped from asserting any and all claims it may have had or has against Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (Acts of Third Parties)

Plaintiff's damages, if any, were caused or contributed to by the improper acts on the part of Plaintiff, the other named Defendants to this action, or third parties that have not been named in the Complaint, and that recovery is limited or barred accordingly.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Any transfers at issue in this lawsuit were done in good faith and/or for reasonably equivalent value.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are time-barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Plaintiff's claims are barred by the doctrine of res judicata.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff may not assert any rights it may have had against Brower because it comes into this Court with unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Parol Evidence Rule)

At the time any agreement(s) were entered into by the named Defendants, they were intended to be the full agreement(s) between the parties, and Plaintiff cannot now present evidence contradicting the terms of those agreement(s).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

The Complaint, in whole or in part, is barred by the statute of frauds.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claim for injunctive or other equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

| | | |
|---|---|---|
| 1 | Dated: November 8, 2017 | JAURIGUE LAW GROUP |
| 2 | | /s/ *Ryan A. Stubbe* |
| 3 | | Michael J. Jaurigue<br>Ryan A. Stubbe |
| 4 | | *[Proposed] Attorneys for*<br>*Robert S. Brower, Sr.,* |
| 5 | | *Defendant* |

DEF. ROBERT S. BROWER'S AMENDED ANSWER TO COMPLAINT
ADV. PROC. NO. 17-05044 MEH

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles; I am over the age of eighteen years and am not a party to the within action; and my business address is 300 W. Glenoaks Blvd., Suite 300, Glendale, California 91202.

On **November 8, 2017**, I served the document(s) described as **DEFENDANT ROBERT S. BROWER SR.'S AMENDED ANSWER TO COMPLAINT** as follows:

XXX **BY U.S. MAIL:** I enclosed the document(s) in sealed envelopes and/or packages addressed to the persons at the addresses listed on the Service List and placed the envelopes for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, the envelope(s) and/or package(s) containing the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Glendale, California in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal-cancellation date or postage-meter date is more than one day after the date of deposit for mailing.

*See attached Service List*

☐ **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope (or envelopes) or package (or packages) provided by an overnight-delivery carrier and addressed to the person(s) at the address(es) above. I placed the envelope(s) or package(s) for collection and overnight delivery at an office or a regularly utilized drop-box of the overnight-delivery carrier.

☐ **BY HAND-DELIVERY:** I caused an envelope (or envelopes) containing the document(s) to be delivered by hand to in open court to the individual(s) listed above.

XXX **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on **November 8, 2017**, at Glendale, California.

/s/ Ryan A. Stubbe
Ryan A. Stubbe

DEF. ROBERT S. BROWER'S AMENDED ANSWER TO COMPLAINT
ADV. PROC. NO. 17-05044 MEH

# SERVICE LIST

**Attorneys for Plaintiff**
Steven B. Sacks
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Email: ssacks@sheppardmullin.com

**Attorneys for Coastal Cypress Corporation,**
**Coastal Cypress Corporation,**
**and Wilfred "Butch" Lindley**
David W. Balch L+G, LLP
318 Cayuga St.
Salinas, CA 93901-2668

**Attorneys for Richard Babcock and Anthony Nobles**
Babak Samini
Allenbaugh, Samini and Ghostheh LLP
17900 Von Karman Ave. #150
Irvine, CA 92614-4296

**Attorneys for Patricia Brower**
**and Patricia Brower Trust**
Tracy Green
Wendel, Rosen, Black and Dean
1111 Broadway 24th Fl.
PO Box 2047
Oakland, CA 94604