Babak Samini, Esq. (SBN 181796)
**SAMINI SCHEINBERG, PC**
2801 West Coast Highway, Suite 200
Newport Beach, California 92663
Telephone: (949) 724-0900
Facsimile: (949) 724-0901

Attorney for Defendants,
RICHARD BABCOCK and
ANTHONY NOBLES

# UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | CASE NO.: 15-50801 MEH<br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | ADVERSARY NO.: 17-05044 MEH<br><br>**DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES'S NOTICE OF MOTION AND MOTION FOR TRIAL BY JURY**<br><br>Date: January 9, 2018<br>Time: 11:00 am<br>Dept.: Room 3020, Judge Hammond |

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

---

- 1 -
DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES'S NOTICE OF MOTION AND MOTION FOR TRIAL BY JURY
ADVERSARY NO. 17-05044 MEH

SAMINI SCHEINBERG, PC
2801 West Coast Highway, Suite 200
Newport Beach, California 92663

**TO THE HONORABLE JUDGE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF, ALL DEFENDANTS, AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2018 at 11:00 am, or as soon thereafter as the matter can be heard in the courtroom of United States Bankruptcy Judge M. Elaine Hammond, U.S. Bankruptcy Court for the Northern District of California, Courtroom 3020, 280 South First Street, San Jose, California, Defendants RICHARD BABCOCK ("BABCOCK") and ANTHONY NOBLES ("NOBLES") will move and hereby do move the Court for a Jury Trial, pursuant to the Seventh Amendment to the United States Constitution.

Defendants' motion is based on this notice of motion and motion, on the accompanying Memorandum of Points and Authorities filed in Support of this motion, on all pleadings and papers in this action, and on any oral argument entertained by the Court during the hearing on this matter.

For the reasons provided in the supporting Memorandum, Defendants contend that they are entitled to a trial by jury. Consequently, Defendants respectfully pray that this Court enter an Order granting a Jury Trial.

**SAMINI SCHEINBERG, PC**

Date: December 7, 2017     By:   /s/ Babak Samini
                                 Babak Samini, Esq.
                                 Attorney for Defendants,
                                 RICHARD BABCOCK and
                                 ANTHONY NOBLES

# MEMORANDUM WITH POINTS AND AUTHORITIES

Defendants Richard Babcock and Anthony Nobles (collectively, "Defendants") respectfully submit the following Memorandum of Points and Authorities in support of their Motion for Jury Trial.

## I. INTRODUCTION

In this adversary proceeding, Defendants seek a ruling regarding their Seventh Amendment right to a jury trial on the First Cause of Action for Declaratory Relief of a fraudulent conveyance under 11 U.S.C. § 548. Defendants' Motion for Jury Trial does not address the Second Cause of Action as the Second Cause of Action does not seek relief against Defendants.

## II. STATEMENT OF FACTS

In this adversary proceeding, Plaintiff seeks declaratory relief to identify assets within the Debtor's bankruptcy estate. On May 16, 2017, Plaintiff MUFG Union Bank, N.A. ("Plaintiff") filed its First Amended Complaint asserting that Coastal California is wholly owned by Debtor and Patricia Brower, or alternatively, wholly owned by Debtor and Patricia Brower Trust. *See* First Amended Complaint, ¶ 31. Plaintiff further asserts that all shares currently held by Defendants are fraudulent and are therefore assets within the Debtor's bankruptcy estate. *Id.* at ¶¶ 24, 32. Defendants Patricia Brower; American Commercial Properties, Inc., a Nevada Corporation; and Patricia Brower Trust filed and served their respective Answers to the First Amended Complaint on October 20, 2017, which are the last pleadings. (Docket No. 42). On November 3, 2017, Defendants filed their demand for jury trial (Docket No. 47). To date, Defendants have not filed a proof of claim in this bankruptcy case and have not asserted a counterclaim in this adversary proceeding.

## III. ARGUMENT

### A. Overview of Motion for Jury Trial

The Seventh Amendment provides a a right to a jury trial "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved..." U.S. Const. amend. VII. In order to preserve this right to a jury trial, a party must properly demand a jury trial under Federal Rule of Civil Procedure 38. FRCP 38 provides that a party may demand a jury trial on "any issue triable of right" by "serving the other parties with a written demand no greater than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Pursuant to Local Bankruptcy Rule 9015-1, FRCP 38 is applicable to this adversary proceeding.

In order to determine whether an action is a "suit at common law" entitled to a jury trial, the court conducts a three-prong analysis. *See Granfinanciera v. Nordberg*, 492 U.S. 33 (1989). First, the court compares the action "to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Granfinanciera*, 492 U.S. at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417-418 (1987)). Next, and more importantly, the court determines whether the remedy sought is legal or equitable in nature. *Granfinanciera*, 492 U.S. at 42 (citing *Tull v. United States*, 481 U.S. 412, 417-418, 421 (1987)). "If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder." *Granfinanciera*, 492 U.S. at 42.

///

///

## B. Defendants are entitled to a jury trial because fraudulent transfers are traditional actions at law.

In order to determine whether an action is a traditional action at law, the court first compares the action "to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Granfinanciera*, 492 U.S. at 42 (citing *Tull v. United States*, 481 U.S. 412, 417-418 (1987)). In *Granfinanciera*, the Supreme Court concluded that a bankruptcy trustee's adversary proceeding to void allegedly fraudulent transfers was a traditional action at law that would have been filed in an 18th-century court of law rather than equity. *Granfinanciera*, 492 U.S. at 46-47. The court reasoned that the analogous claims for recovery in 18th-century England would have been an actions in a court of law for money had and received, trover, and replevin. *Id.* at 44. Thus, the Court held, "There is no dispute that actions to recover preferential or fraudulent transfers were often brought at law in late 18th-century England." *Id.* at 43. *See also Sutton v. Sutton* (In re Sutton), No. A13-00254-GS, 2014 WL 496249 (Bankr. D. Alaska Feb. 6, 2014) (non-creditor defendants retained a right to jury trial in an action for avoidance under 11 U.S.C. §§ 548 and 550).

In this case, Plaintiffs have similarly filed an action seeking relief from an allegedly fraudulent transfer under 11 U.S.C. § 548. Just as the *Granfinanciera* Court held that the claim for fraudulent conveyance was analogous to 18th-century England's claims at law, this Court should find Plaintiff's action alleging a fraudulent conveyance is entitled to a jury trial. Moreover, this action sounds in fraud – a common law action. Essentially, Plaintiff alleges that the Debtor is attempting to shield assets from the bankruptcy estate. Because this action is a traditional action at law, Defendants are entitled to a jury trial under the Seventh Amendment.

///

DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES'S NOTICE OF MOTION AND MOTION FOR TRIAL BY JURY

### C. Defendants have a right to jury trial under the Seventh Amendment because Plaintiff seeks a legal remedy.

In order to determine whether an action is a "suit at common law," the court next examines whether the remedy sought is "legal or equitable in nature." *Granfinanciera*, 492 U.S. at 42 (citing *Tull v. United States*, 481 U.S. 412, 417-418 (1987)). "Declaratory relief may be legal or equitable in nature depending on the basic nature of the underlying issues." *United States v. New Mexico*, 642 F.2d 397, 400 (10th Cir. 1981). "To determine whether there is a right to a jury trial in a declaratory judgment action, it is necessary first to determine the nature of the action in which the issue would have arisen absent the declaratory judgment procedure." *Northgate Homes, Inc. v. City of Dayton*, 126 F.3d 1095, 1099 (8th Cir. 1997) (citing *Johnson v. Fidelity & Cas. Co.*, 238 F.2d 322 (8th Cir. 1956)). "The fact that only a declaration is sought does not deprive the defendants of the right to have those issues determined in a jury trial." *Johnson v. Fidelity & Cas. Co. of N.Y.*, 238 F.2d 322, 325 (8th Cir. 1956). Furthermore, "In a declaratory relief action, as in other civil actions, a party has 'an absolute right to a jury trial unless a jury has been waived.'" *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 942 (9th Cir. 2009) (citing *Pac. Indem. Co. v. McDonald*, 107 F.2d 446, 448 (9th Cir. 1939)).

In this case, Plaintiff seeks declaratory relief pursuant to 11 U.S.C. § 541 and 28 U.S.C. §§ 2201 and 2202. Because declaratory relief is not inherently legal or equitable, the court must examine the "basic nature of the underlying issues." *United States v. New Mexico*, 642 F.2d at 400. Defendants do not lose their right to a jury trial simply because Plaintiff chose to seek a declaration as the sole remedy. Generally, a plaintiff may seek a monetary award for the value of the property subject to the alleged fraudulent conveyance. Moreover, Defendants have not waived their right to jury trial, so they have preserved their absolute right to trial in this action for

- 6 -
DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES'S NOTICE OF MOTION AND MOTION FOR TRIAL BY JURY
ADVERSARY NO.: 17-05044-MEH

Case: 17-05044    Doc# 53    Filed: 12/07/17    Entered: 12/07/17 18:01:05    Page 6 of 8

declaratory relief. Thus, the nature of the underlying issues sound at law because traditional remedies for a fraudulent conveyance sound at law, and Defendants have not waived their right to jury trial.

### D. Defendants have a right to a jury trial under the Seventh Amendment because Defendants are exercising a private right.

Unless legal cause of action involves public rights, Congress may not deprive parties litigating over that right Seventh Amendment's guarantee to jury trial. *Granfinanciera*, 492 U.S. at 53. A private right is "of the liability of one individual to another under the law as defined." *Crowell v. Benson*, 285 U.S. 22, 51 (1932).

In *Granfinanciera*, the court compared the bankruptcy trustee's fraudulent conveyance action to "state-law contract claims by a bankrupt corporation to augment the bankruptcy estate." *Granfinanciera*, 492 U.S. at 34-35. The *Granfinanciera* Court held a bankruptcy trustee's right to recover a fraudulent conveyance is more accurately characterized as a private rather than a public right. *Id.* at 33-34. Similarly to *Granfinanciera*, Defendants have not filed claims against the debtor's bankruptcy estate and seek to recover an alleged fraudulent conveyance on behalf of the bankruptcy estate. Moreover, Defendants are individuals asserting their rights under the law against a private entity. Thus, Defendants are exercising private rights that do not implicate a public legislative scheme and are entitled to a jury trial.

### D. Defendants timely filed their demand for jury trial pursuant to Federal Rule of Civil Procedure 38.

Under FRCP 38, parties have fourteen days from the date the last pleading was filed and served in order to demand a jury trial. Fed. R. Civ. P. 38. In this case, the last pleadings were filed
SAMINI SCHEINBERG, PC
2801 West Coast Highway, Suite 200
Newport Beach, California 92663

- 7 -
DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES'S NOTICE OF MOTION AND MOTION FOR TRIAL BY JURY
ADVERSARY NO. 17-05044

Case: 17-05044    Doc# 53    Filed: 12/07/17    Entered: 12/07/17 18:01:05    Page 7 of 8

and served on October 20, 2017. Defendants filed their demand for jury trial on November 3, 2017, which was within the fourteen day time period. Thus, Defendants have complied with the procedural requirements for a jury demand in FRCP 38.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this motion be GRANTED.

Defendants, who have not filed proof of claims in these bankruptcy cases, have a right to trial by jury in this action. Defendants excercised that right by filing a demand for jury. Per Federal Rule of Civil Procedure 38(b), a jury trial demand "may be withdrawn only if the parties consent." Defendants do not consent to withdraw the jury trial demand and request this Motion for Jury Trial be GRANTED.

SAMINI SCHEINBERG, PC

Date: December 7, 2017        By:   /s/ Babak Samini
                                    Babak Samini, Esq.
                                    Attorney for Defendants,
                                    RICHARD BABCOCK and
                                    ANTHONY NOBLES