JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Ryan A. Stubbe (SBN 289074)
  ryan@jlglawyers.com
300 W. Glenoaks Blvd., Suite 300
Glendale, California 91202
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*[Proposed] Attorneys for Robert S. Brower, Sr., Defendant*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT S. BROWER, SR.,<br><br>　　　　Debtor. | Case No. 15-50801<br><br>Chapter 11<br><br>Adv. Proc. No. 17-05044 MEH |
| MUFG UNION BANK, N.A.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>　　　　Defendants | **DEFENDANT ROBERT S. BROWER, SR.'S MOTION FOR DETERMINATION OF RIGHT TO JURY TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Bankr. Local R. 9015-2(a)]<br><br>Date: January 9, 2018<br>Time: 11:00 a.m.<br>Place: 280 South First Street<br>　　　　Courtroom 3020<br>　　　　San Jose, CA 95113-3099<br><br>Assigned to: Hon. M. Elaine Hammond |

## I. INTRODUCTION

Defendant Robert S. Brower, Sr. ("Brower") hereby moves the Court pursuant to BANKR. LOCAL R. 9015-2(a) for a determination of Brower's right to a jury trial with respect to the First and Second Claims for Relief in the First Amended Complaint filed by MUFG Union Bank, N.A. (the "Bank").

The basic inquiry in determining whether a defendant has a right to a jury trial depends on whether the action is characterized as legal or equitable. Here, Plaintiff's First and Second Claims seek to recover contested shares of Coastal Cypress Corporation ("Coastal") and American Commercial Properties, Inc. ("ACP") for the benefit of Brower's bankruptcy estate. It is black letter law that actions for the recovery of specific property, even where title to the property is disputed, are actions traditionally at law affording the right to a jury trial. Moreover, the Ninth Circuit has long recognized that an action to recover corporate shares for a bankruptcy estate sounds in law. Because the First and Second Claims are legal actions, as opposed to equitable actions, Brower is entitled to a jury trial on those claims.

## II. FACTUAL BACKGROUND

The Bank filed its First Amended Complaint in the present Adversary Proceeding on May 16, 2017. (Docket No. 3.) The First Amended Complaint disputes Brower's assertion that he owns only a 25% interest in Coastal and no interest in ACP. With respect to Coastal, the Bank alleges, *inter alia,* that either (1) Coastal never issued any stock to the other defendants in this case, or (2) Brower never gave up ownership, but had Coastal issue certificates to make it look like he had. (First Am. Compl. ¶¶ 22-26.) With respect to ACP, the Bank alleges that the shares of ACP are community property, and that Brower's characterization of those shares as separate property is a "charade." (First Am. Compl. ¶¶ 22-26.)

The Bank's First Claim for Relief requests that the Court declare that Brower and his spouse Patricia Brower (or in her stead, defendant Patricia Brower Trust) own 100% of the equity interests in Coastal California and Coastal Delaware as community property, that defendants Anthony Nobles, Richard Babcock, and Wilfred "Butch" Lindley have no interest in Coastal California and Coastal Delaware and that Brower's bankruptcy estate includes all of the interest held by him and by Patricia Brower. (First Am. Compl. at 10:17-22.)

The Bank's Second Claim for Relief requests that the Court declare that Brower and Patricia

Brower own ACP as community property and that Brower's bankruptcy estate includes all of the interest held by him and by Patricia Brower. (First Am. Compl. at 10:23-26.)[1]

## III. ARGUMENT

BANKR. LOCAL R. 9015-2(a) provides that "In any proceeding in which a demand for jury trial is made, the Bankruptcy Judge shall, upon the motion of one of the parties … determine whether the demand was timely made and whether the demanding party has a right to a jury trial." As is explained below, Brower has timely demanded a jury trial and is entitled to a jury trial with respect to the First and Second Claims under the Seventh Amendment.

### A. BROWER'S JURY TRIAL DEMAND WAS TIMELY

FED. R. CIV. P. 38(b), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9015(a), governs demands for a jury trial. If the jury demand is filed separately from the pleadings, it must be filed and served "no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b); FED. R. BANKR. P. 9015(a). Where codefendants are jointly liable on a claim containing an issue to which there is a right to a jury trial, the 14 day period is measured from the last pleading required to be filed between the plaintiff and any of the jointly liable defendants (i.e., the last defendant's answer). *Bentler v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 959 F.2d 138, 141 (9th Cir. 1992); *see also In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir. 1990) ("Where there are multiple parties, the last pleading by any party on a common issue will determine the time for jury demand.").

Here, Brower demands a jury trial with respect to the First and Second Claims. The last defendants to answer the First and Second Claims were Patricia Brower, the Patricia Brower Trust, and ACP, who filed their answer on October 20, 2017. (Docket No. 42.) Brower filed his demand for jury trial on November 3, 2017, within the 14 day deadline. (Docket No. 46.) Thus, Brower's demand for jury trial was timely.

---

[1] The Bank's Third Claim for Relief seeks the Avoidance and Recovery of Unauthorized Postpetition Transaction. The Bank's Fourth Claim for Relief seeks preliminary injunctions pending determinations of the other claims for relief. (First Am. Compl. ¶ 39-40, 42-45.) Brower does not assert the right to a jury trial with respect to the Third or Fourth Claims.

## B. BROWER IS ENTITLED TO A JURY TRIAL ON THE FIRST AND SECOND CLAIMS UNDER THE SEVENTH AMENDMENT

The Seventh Amendment provides: "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const., amend. VII. The phrase "Suits at common law" refers to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Parsons v. Bedford,* 28 U. S. 447 (1830). The basic inquiry is whether the action should be characterized as traditionally legal or equitable. *See Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

In determining whether an action is legal or equitable, courts do not rely on the labels attached by the parties, but instead look to the substance of the claims and the relief sought. *See Dairy Queen v. Wood*, 369 U.S. 469, 477–78 (1962) ("[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."); *see also Golden v. Kelsey-Hayes Co.,* 73 F.3d 648, 662 (6th Cir. 1996) ("[t]he form of the plaintiffs' complaint does not control the characterization of the action as either equitable or legal.") (*quoting Bugher v. Feightner*, 722 F.2d 1356, 1359 (7th Cir. 1983).

Courts must also be mindful that the "necessary prerequisite to the right to maintain an equitable action is the unavailability of an adequate remedy at law." *Bugher*, 722 F.2d at 1360 (*citing Dairy Queen*, 369 U.S. at 478). Thus, where an adequate legal remedy exists, a defendant is entitled to a jury trial. *Bugher*, 722 F.2d at 1360.

Here, Brower is entitled to a trial by jury on the first and second claims because the First and Second Claims sound in law, not equity.

## 1. THE FIRST AND SECOND CLAIMS SOUND IN LAW BECAUSE PLAINTIFF SEEKS TO RECOVER THE DISPUTED SHARES IN COASTAL AND ACP FOR THE BANKRUPTCY ESTATE

The first step in determining whether a jury trial right exists is to compare the action to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Tull v. United States,* 481 U. S. 412, 417-418 (1987) (citations omitted). Although "the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791," the Seventh Amendment

also applies to actions brought to enforce rights that are *analogous* to common law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty. *Curtis v. Loether,* 415 U. S. 189, 193 (1974).

Actions for the recovery of specific property, even where title to the property is disputed, are actions traditionally at law affording the right to a jury trial. *See Whitehead v. Shattuck*, 138 U.S. 146, 151 (1891) ("…where an action is simply for the recovery and possession of specific, real, or personal property … the action is one at law. … The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury."). Here, Plaintiff's First and Second Claims seek to recover the contested shares of Coastal and ACP for the benefit of the bankruptcy estate. Accordingly, the action sounds in law.

The Ninth Circuit has long recognized that an action to recover corporate shares for a bankruptcy estate sounds in law. *See Gelinas v. Buffum*, 52 F.2d 598, 599 (9th Cir. 1931). In *Gelinas*, the bankruptcy trustee sued the debtor's sister. The trustee's second cause of action alleged that the debtor "purported to sell to defendant a share of stock in [his] corporation," that the debtor was insolvent at the time of the purported sale, and intended to defraud his creditors and conceal his assets. *Id.* at 598.

Though the complaint was styled as a suit in equity, the Ninth Circuit held that this characterization was improper and, in reality, it was an action at law. *Id.* at 598. "We have minutely scrutinized the complaint, and fail to find a single element in which it sets forth a cause of action to warrant relief in equity. True, the return of the single share of [company] stock is asked for; but such return could be decreed by a court of law, in an appropriate common-law action." *Id.* at 600. "A common-law action, such as replevin, … would have been effectual, and would have afforded a remedy as complete as was or could have been obtained in this equity suit." *Id.* (internal citation and quotations omitted); *compare Granfinanciera*, 492 U.S. at 43 ("[W]hether the trustee's suit should be at law or in equity is to be judged by the same standards that are applied to any other owner of property which is wrongfully withheld. If the subject matter is a chattel, and is still in the grantee's possession, an action in trover or replevin would be the trustee's remedy... Such actions at law are as available to the trustee today as they were in the English courts of long ago…") (internal quotations and citation omitted).

4

Case: 17-05044    Doc# 54    Filed: 12/07/17    Entered: 12/07/17 21:05:44    Page 5 of 9
MEM. OF POINTS AND AUTHORITIES ISO MOT. FOR DETERMINATION OF RIGHT TO JURY TRIAL
ADV. PROC. NO. 17-05044 MEH

As *Gelinas* makes clear, an action for the recovery of corporate shares sounds in law and a common law action such as replevin provides an adequate remedy. Because the Bank's First and Second Claims seek to recover the disputed Coastal and ACP shares for the benefit of the bankruptcy estate, those claims sound in law and Brower is entitled to a jury trial on those claims.

### 2. DECLARATORY RELIEF SOUNDS IN LAW WHERE IT SEEKS TO RECOVER SPECIFIC PROPERTY BY DETERMINING OWNERSHIP

The second step in determining whether the right to a jury trial exists is to "examine the remedy sought and determine whether it is legal or equitable in nature." *Tull*, 481 U.S. at 427. Unlike the plaintiffs in *Gelinas* or *Granfinanciera*, the Bank does not contend that a fraudulent transfer took place in the present action. Rather than seeking avoidance of a fraudulent transfer, the First and Second Claims seek only declaratory relief as a remedy.

Declaratory relief may be legal or equitable depending on the basic nature of the underlying issues. *Golden v. Kelsey-Hayes Co.*, 73 F.3d at 661. The fact that declaratory relief is sought does not deprive a party of the right to a jury trial, where that right otherwise exists. *Golden*, 73 F.3d at 662 (*quoting United States v. New Mexico,* 642 F.2d 397, 400 (10th Cir. 1981); *see also Beacon Theatres v. Westover*, 359 U.S. 500, 504 (1959) (defendant otherwise entitled to a jury trial "cannot be deprived of that right merely because [plaintiff] took advantage of the availability of declaratory relief…").

Here, the present action is fundamentally one to recover the shares of Coastal and ACP for the bankruptcy estate, which is an action at law. The fact that the Bank seeks only declaratory relief does not alter that characterization.

*In re CIS Corp.*, 172 B.R. 748 (Bankr. S.D.N.Y. 1994), is illustrative. In that case, the court held that an action seeking a declaration that the bankruptcy estate owned specific property constituted an action at law to recover specific property, and the defendant was entitled to a jury trial. *Id.* at 762-763.

The bankruptcy trustee in that case filed an adversary proceeding disputing the ownership of certain computer equipment involved in a series of transactions between the debtor, on the one hand, and the defendant, on the other hand. *Id.* at 751. The debtor characterized the transactions as a form of "financing," whereby the debtor maintained ownership of the computer equipment, leased the equipment to third parties, and then assigned each lease to the defendant, which then became entitled to quarterly

lease payments. *Id.* The defendant disputed the debtor's characterization of the transactions, and maintained that the debtor instead "sold" the equipment to the defendant, who was the legal titleholder to the equipment. *Id.*

The "fundamental underlying issue in the adversary proceeding [was] whether the estate [was] entitled to ownership of the leased equipment…" *Id.* at 757-758. The plaintiff-trustee in *In re CIS Corp.* sought "a declaration that the sales transactions constitute financing agreements." The plaintiff contended that his claims were equitable in nature and the defendant was not entitled to a jury. *Id.* at 762.

The court rejected the plaintiff's characterization: "Although styled in terms of declaratory relief, the basic nature of the suit is one to recover property for the estate. It is therefore in essence an action sounding in law." *Id.* The court held that "in substance, the First, Fourth, and Sixth Claims seek recovery of the disputed equipment to the bankruptcy estate." *Id.* Relying on *Whitehead v. Shattuck*, *supra*, 138 U.S. 146, the court concluded that the action sounded in law and the defendant was therefore entitled to a jury trial. *In re CIS Corp.,* 172 B.R. at 762-763.

Like the action in *In re CIS Corp.*, the present action is styled as a declaratory relief action to determine the ownership of the disputed shares in Coastal and ACP. However, the basic nature of the Bank's suit is to recover those disputed shares for the benefit of Brower's bankruptcy estate, just as the plaintiff in *In re CIS Corp.* sought to recover the disputed computer equipment through a declaratory relief action. Like the action in *In re CIS Corp.*, the present action sounds in law and Brower is entitled to a trial by jury.

### C. BROWER DID NOT WAIVE HIS RIGHT TO A JURY TRIAL BY FILING HIS BANKRUPTCY PETITION

A debtor in bankruptcy does not "automatically waive[]" the right to a jury trial by filing a bankruptcy petition. *See, e.g., Germain v. Connecticut Nat. Bank*, 988 F.2d 1323, 1330 (2d Cir. 1993). For a waiver to occur, "the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditors' claims," such as a "determination of who is a valid creditor" or "which creditors are senior in the creditor hierarchy." *Id.*; *see also Dunmore v. United States*, 358 F.3d 1107, 1116 (9th Cir. 2004) (debtor did not waive right to a jury trial on tax refund claim by seeking and

6
MEM. OF POINTS AND AUTHORITIES ISO MOT. FOR DETERMINATION OF RIGHT TO JURY TRIAL
ADV. PROC. NO. 17-05044 MEH

securing bankruptcy trustee's abandonment of such claims in bankruptcy court because abandonment of the refund claims implicated "neither the Chapter 7 claims allowance process nor the hierarchical reordering of creditor's claims").

The present adversary proceeding is not part of the claims-allowance process and does not affect the hierarchical reordering of creditors' claims. It does not involve a determination of who is a valid creditor, the amount of any claims, or which creditors are senior in the creditor hierarchy. Indeed, the defendants in this adversary proceeding are not creditors of the estate and have not filed any claims. Moreover, the present adversary proceeding has no impact on the allowance or disallowance of the Bank's claim – neither Brower nor the other defendants have asserted any counter-claims against the Bank that could offset or otherwise impact the Bank's claim. *Compare In re Hickman,* 384 B.R. 832, 838 (B.A.P. 9th Cir. 2008) (debtor waived right to jury trial on counter-claim asserted against plaintiff-creditor where counter-claim might offset creditor's claim and was therefore "integral to the debtor-creditor relationship").

Because the present adversary proceeding is not part of the claims-allowance process and does not affect the hierarchical reordering of claims, Brower has not waived any right to a jury trial merely by filing his bankruptcy petition.

## IV. CONCLUSION

For the foregoing reasons, Defendant Robert S. Brower, Sr. respectfully requests that the Court rule that Brower timely demanded a jury trial and is entitled to a jury trial with respect to the First and Second Claims.

Dated: December 7, 2017
JAURIGUE LAW GROUP

　　　　　　　　　　　　　　　　　　　　　　/s/ *Ryan A. Stubbe*
Michael J. Jaurigue
Ryan A. Stubbe
*[Proposed] Attorneys for
Robert S. Brower, Sr.,
Defendant*

# *CERTIFICATE OF SERVICE*

I am employed in the County of Los Angeles; I am over the age of eighteen years and am not a party to the within action; and my business address is 300 W. Glenoaks Blvd., Suite 300, Glendale, California 91202.

On **December 7, 2017**, I served the document(s) described as **DEFENDANT ROBERT S. BROWER, SR.'S MOTION FOR DETERMINATION OF RIGHT TO JURY TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** as follows:

☐     **BY U.S. MAIL:** I enclosed the document(s) in sealed envelopes and/or packages addressed to the persons at the addresses listed on the Service List and placed the envelopes for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, the envelope(s) and/or package(s) containing the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Glendale, California in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal-cancellation date or postage-meter date is more than one day after the date of deposit for mailing.

☐     **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope (or envelopes) or package (or packages) provided by an overnight-delivery carrier and addressed to the person(s) at the address(es) above. I placed the envelope(s) or package(s) for collection and overnight delivery at an office or a regularly utilized drop-box of the overnight-delivery carrier.

☐     **BY HAND-DELIVERY:** I caused an envelope (or envelopes) containing the document(s) to be delivered by hand to in open court to the individual(s) listed above.

XXX    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on **December 7, 2017**, at Glendale, California.

                                                       /s/ Ryan A. Stubbe
                                                       Ryan A. Stubbe