David W. Balch, Esq.  (SBN 226519)
L+G, LLP
318 Cayuga Street
Salinas, CA 93901
Tel:  831.754.2444
Fax: 831.754-2011

Attorneys for Coastal Cypress Corporation (California and Delaware)
Wilfred "Butch" Lindley
American Commercial Properties, Inc.
Patricia Brower
Patricia Brower Trust

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Robert Brower, Sr.* | Case No.:  15-50801 (MEH) |
| Debtor. | Chapter 11 |
| MUFG UNION BANK, N.A., | Adv. Proc. No. 17-05044 |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR JURY TRIAL BY DEFENDANTS COASTAL CYPRESS CORPORATION (CALIFORNIA AND DELAWARE); WILFRED "BUTCH" LINDLEY; AMERICAN COMMERCIAL PROPERTIES, INC.; PATRICIA BROWER; AND PATRICIA BROWER TRUST** |
| v. | |
| ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50, | |
| | Date:  January 9, 2018<br>Time:  11:00 am<br>Court:  3020 |
| Defendants. | |

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

1

*In re Robert Brower, Sr.* (Adv. Proc. No. 17-05044)
*Moving Defendants' Motion for Jury Trial*

**TO THE HONORABLE JUDGE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF, ALL DEFENDANTS, AND TO THEIR AITORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 9, 2018 at 11:00 am, or as soon therereafter as the matter can be heard in the courtroom of United States Bankruptcy Judge M. Elaine Hammond, U.S. Bankruptcy Court for the Northern District of California, Courtroom 3020, 280 South First Street, San Jose, California, Defendants Coastal Cypress Corporation (California and Delaware); Wilfred "Butch" Lindley; American Commercial Properties, Inc.; Patricia Brower; and Patricia Brower Trust (collectively, "Moving Defendants") will move and hereby do move the Court for a Jury Trial, pursuant to the Seventh Amendment to the United States Constitution.

Moving Defendants' motion is based on this Notice of Motion and Motion, on the accompanying Memorandum of Points and Authorities filed in Support of this Motion, on all pleadings and papers in this action, and on any oral argument entertained by the Court during the hearing on this matter.

For the reasons provided in the supporting Memorandum and in the papers incorporated herein by reference, Moving Defendants contend that they are entitled to a trial by jury on the First and Second Causes of Action in this Adversary Proceeding. Consequently, Moving Defendants respectfully pray that this Court enter an Order granting a Jury Trial on the First and Second Causes of Action in this Adversary Proceeding.

Dated: December 7, 2017                    L+G, LLP

                                           By: /s/ David W. Balch
                                           _____
                                           David W. Balch

                                           Attorneys for Moving Defendants

2

*In re Robert Brower, Sr.* (Adv. Proc. No. 17-05044)
*Moving Defendants' Motion for Jury Trial*

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Coastal Cypress Corporation (California and Delaware); Wilfred "Butch" Lindley; American Commercial Properties, Inc.; Patricia Brower; and Patricia Brower Trust (collectively, "Moving Defendants") respectfully submit the following Memorandum of Points and Authorities in Support of Their Motion for Jury Trial.

## I. Joinder

The Moving Defendants hereby join in the Motions for Jury Trial filed by co-defendant Robert Brower and by co-defendants Anthony Nobles and Richard Babcock, and join in the arguments advanced by co-defendants, which are expressly incorporated herein by reference.

## II. Statement of Facts

This adversary proceeding purportedly seeks declaratory relief concerning the identification of assets that are within the bankruptcy estate of Robert Brower, Sr.

A.  First Cause of Action:  Coastal Stock

The First Cause of Action seeks a declaration that the shares of stock in COASTAL held by its shareholders are actually the property of the debtor, Robert Brower. Plaintiff acknowledges that the COASTAL shares are claimed to be held as follows:

| | |
|---|---|
| Lindley: | 37 percent |
| Brower: | 24 percent |
| Anthony Nobles: | 20.8 percent |
| Patricia Brower: | 13 percent |
| Richard Babcock: | 5.2 percent |

*See* First Amended Complaint, ¶ 31.

Plaintiff contends that, in actuality, ***all*** shares are owned by Robert and Patricia Brower (as community property), and that Lindley, Nobles, and Babcock do not hold any shares.  Two elements make up this claim.  First, Plaintiff contends that Lindley, Nobles, and Babcock ***never*** owned shares of Coastal – despite the issuance of share certificates – and that these gentlemen

3

*In re Robert Brower, Sr.* (Adv. Proc. No. 17-05044)
*Moving Defendants' Motion for Jury Trial*

Case: 17-05044    Doc# 56    Filed: 12/07/17    Entered: 12/07/17 21:55:46    Page 3 of 8

are listed as shareholders so that the shares of Coastal would not appear of record in Brower's name.  (FAC ¶ 22.)

Second, Union Bank claims that this Court should ignore a pre-marital agreement between Robert Brower and Patricia Brower to own their property as separate property, and instead rule that the Coastal shares owned by Patricia Brower are owned as community – and not separate – property.  In making this claim, Union Bank alleges that Robert and Patricia Brower "did not abide by the premarital agreement" in practice.   (FAC ¶ 22.)

B.  Ownership of American Commercial Properties

Union Bank acknowledges that Patricia Brower contends that she owns ACP as her separate property.  (FAC ¶ 35.)  Nonetheless, based on its contention that the premarital agreement is unenforceable, Union Bank seeks a declaration that ACP is actually community property of Robert Brower.

### III.  Argument

### Point I:  Legal Standard

The Seventh Amendment provides: "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const., amend. VII.  The phrase "suits at common law" refers to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Parsons v. Bedford*, 3 Pet. 433, 28 U. S. 447 (1830).  Although "the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791," the Seventh Amendment also applies to actions brought to enforce rights that are analogous to common law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.  *Curtis v. Loether*, 415 U. S. 189,  415 U. S. 193 (1974).

The basic inquiry is whether the action should be characterized as traditionally legal or equitable. *See Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). To ascertain whether the right to a jury trial exist, a court first compares the action to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Tull v. United States*, 481

4

*In re Robert Brower, Sr.* (Adv. Proc. No. 17-05044)
*Moving Defendants' Motion for Jury Trial*

U.S. 412, 417-418 (1987) (citations omitted). Second, the court "examine[s] the remedy sought and determine[s] whether it is legal or equitable in nature." *Id.* at 427.

In making these inquiries, the court keeps in mind that "[m]aintence of the jury, as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 501 (1959).

In determining whether an action is legal or equitable, courts do not rely not on the labels attached by the parties, but instead look to the substance of the claims and the relief sought. *See Dairy Queen v. Wood*, 369 U.S. 469, 477–78 (1962) ("[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."); *see also Pacific Indem. Co. V. McDonald*, 107 F.2d 446, 448 (9th Cir. 1939) ("Whether a declaratory judgment action entitles a party to a jury trial depends on the nature of the claim from which it arises.").

Here, Moving Defendants are entitled to a trial by jury on the first and second claims because those claims sound in law, not equity.

### Point II: The First And Second Causes of Action Sound in Law Because Plaintiff Seeks to Recover the Disputed Shares in Coastal and ACP For the Bankruptcy Estate

Actions for the recovery of specific property, even where title to the property is disputed, are actions traditionally at law affording the right to a jury trial. *See Whitehead v. Shattuck*, 138 U.S. 146, 151 (1891). Here, Plaintiff's First and Second Claims seeks to recover the contested shares of Coastal and ACP for the benefit of the bankruptcy estate. Accordingly, the action sounds in law.

The Ninth Circuit has long recognized that an action to recover corporate shares for a bankruptcy estate sounds in law. *Gelinas v. Buffum*, 52 F.2d 598, 599 (9th Cir. 1931). In *Gelinas*, the bankruptcy trustee sued the debtor's sister. The trustee's second cause of action alleged that the debtor "purported to sell to defendant a share of stock in the Peter Barceloux corporation," that the debtor was insolvent at the time of the purported sale, and intended to defraud his creditors and conceal his assets. *Id.* at 598.

Though the complaint was styled as a suit in equity, the Ninth Circuit held that this characterization was improper and, in reality, it was an action at law. *Id.* at 598. "We have minutely

5

*In re Robert Brower, Sr.* (Adv. Proc. No. 17-05044)
*Moving Defendants' Motion for Jury Trial*

scrutinized the complaint, and fail to find a single element in which it sets forth a cause of action to warrant relief in equity. True, the return of the single share of [company] stock is asked for; but such return could be decreed by a court of law, in an appropriate common-law action." *Id.* at 600. "A common-law action, such as replevin, … would have been effectual, and would have afforded a remedy as complete as was or could have been obtained in this equity suit." *Id.*

Like the plaintiff in *Gelinas*, the Bank seeks to recover the disputed Coastal and ACP shares for the benefit of the bankruptcy estate. As *Gelinas* makes clear, the Bank's action to recover those shares is a legal action. Brower is thus entitled to a trial by jury.

### Point III: The First And Second Causes of Action Sound in Law Even Though Those Causes Request Declaratory Relief

A right to a jury trial can exist in a declaratory relief action. The right to a jury trial in a declaratory judgment action depends upon the underlying issue or issues. *Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.*, 1976 U.S.Dist.LEXIS 12741, at *2 (N.D.Cal. Oct. 15, 1976); *see also Beacon Theatres Inc., v. Westover*, 359 U.S. 500, 3 L. Ed. 2d 988, 79 S. Ct. 948 (1958) (declaratory relief statutes preserve the right to a jury trial).

In fact, many of the issues to be resolved in a contract action are issues of fact for the jury, including:

- whether a valid contract exists, *see eBay, Inc. v. Bidder's Edge, Inc*., 2000 U.S.Dist. LEXIS 21971, at *5 (N.D.Cal. Dec. 6, 2000);

- whether a party has performed as required under a contract; *see Stonebrae, L.P. v. Toll Bros., Inc.*, 2009 U.S.Dist.LEXIS 33641, at *16 (N.D.Cal. Apr. 22, 2009);

- a party's intent to waive of contractual rights, *see Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden, LLC*, 2015 U.S.Dist.LEXIS 140729, at *6-7 (N.D.Cal. Oct. 15, 2015);

- interpretation of disputed and ambiguous contractual terms, *Coremetrics, Inc. v. AtomicPark.com, LLC*, 2005 U.S.Dist.LEXIS 40484, at *14-15 (N.D.Cal. Dec. 7, 2005.

This case involves such disputed issues of fact. Plaintiff disputes that defendants ever intended to effectuate legally binding sales of Coastal stock. Plaintiff further disputes that Robert Brower and Patricia Brower ever intended to enter into a legally-effective premarital agreement. Finally, Union Bank impliedly contends that, if Robert and Patricia Brower did enter into a

---

*In re Robert Brower, Sr.* (Adv. Proc. No. 17-05044)
*Moving Defendants' Motion for Jury Trial*

6

premarital agreement, that Ms. Brower either waived the protections of that agreement or the agreement terminated because the parties did not perform as required under the premarital agreement. All of these are issues for a jury.

Moreover, where an action seeks a declaration that the bankruptcy estate owns specific property, it constitutes an action to recover property, which sounds in law. *See Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748 (Bankr. S.D.N.Y. 1994). In *CIS Corp.,* the bankruptcy trustee filed an adversary proceeding disputing the ownership of certain computer equipment involved in a series of transactions between the debtor, on the one hand, and defendant BancOhio, on the other hand. *Id.* at 751.

The debtor characterized the transactions as a form of "financing," whereby the debtor maintained ownership of the computer equipment, leased the equipment to third parties, and then assigned each lease to BancOhio, which then became entitled to quarterly lease payments. *Id.* BancOhio disputed the debtor's characterization of the transactions, and maintained that the debtor instead "sold" the equipment to BancOhio and that BancOhio maintained that it was the legal titleholder to the equipment. *Id.*

The distinction between a "financing" and "sale" transaction was at the heart of the adversary proceeding. *Id.* The plaintiff sought "a declaration that the sales transactions constitute financing agreements." The plaintiff contended that his claims were therefore equitable in nature and BancOhio was not entitled to a jury. *Id.* at 762.

The court rejected the plaintiff's characterization: "Although styled in terms of declaratory relief, the basic nature of the suit is one to recover property for the estate. It is therefore in essence an action sounding in law." *Id.* The court held that "in substance, the First, Fourth, and Sixth Claims seek recovery of the disputed equipment to the bankruptcy estate." *Id.* Relying on Whitehead v, Shattuck, supra, the court concluded that the action sounded in law and BancOhio was entitled to a jury trial. *Id*. at 762-763.

Like the plaintiff in *CIS Corp.*, the present action is styled as a declaratory relief action, rather than a fraudulent transfer action. However, at bottom the Bank seeks to recover the disputed shares in Coastal and ACP for Brower's bankruptcy estate. Thus, the present action sounds in law, as *Whitehead*, *Gelinas*, and *CIS Corp.* make clear.

7

*In re Robert Brower, Sr.* (Adv. Proc. No. 17-05044)
*Moving Defendants' Motion for Jury Trial*

**Point IV:  Moving Defendants Reserved Their Right to Trial by Jury**

Under FRCP 38, parties have fourteen days from the date the last pleading was filed and served in order to demand a jury trial.  In this case, the last pleadings were filed and served on October 20, 2017.  *See* Docket Entry 42.

Moving Defendants filed their demand for jury trial on November 3, 2017, which was within the fourteen day time period.  *See* Docket Entries 44, 45.

## CONCLUSION

For the reasons set forth above, Moving Defendants request that the Motion for Jury Trial be GRANTED.

Dated:  December 7, 2017                              L+G, LLP

                                                                          /s/ David W. Balch
                                                              By:  _____
                                                                          David W. Balch

                                                              Attorneys for Moving Defendants

8

*In re Robert Brower, Sr.* (Adv. Proc. No. 17-05044)
*Moving Defendants' Motion for Jury Trial*

Case: 17-05044    Doc# 56    Filed: 12/07/17    Entered: 12/07/17 21:55:46    Page 8 of 8