SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
ssacks@sheppardmullin.com
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Plaintiff
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | Adv. Proc. No. 17-05044<br><br>**PLAINTIFF MUFG UNION BANK, N.A.'S OPPOSITION TO DEFENDANTS' JURY TRIAL MOTIONS**<br><br>Date: January 9, 2018<br>Time: 11:00 a.m.<br>Place: United States Bankruptcy Court<br>280 South First Street<br>San Jose, CA 95113-3099<br>Judge: Hon. Elaine Hammond<br>Crtrm: 3020 |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................... 2

III. ARGUMENT ....................................................................................................................... 2

    A.    Standard for Determining Whether Jury Trial Right Exists...................................... 2

    B.    The First Granfinanciera Factor Weighs Against a Jury Trial Right. ....................... 3

    C.    The Second Granfinanciera Factor Weighs Against a Jury Trial Right.................... 5

    D.    The Debtor Waived His Right to a Jury Trial by Filing this Bankruptcy Case. ...................................................................................................................... 7

    E.    The Babcock/Nobles Motion Fails Because the First Two Claims for Relief Are Not Fraudulent Transfer Claims....................................................................... 9

IV. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.)*
 96 F.3d 346 (9th Cir. 1996) ............................................................................................. 7, 8

*Branch Banking & Trust Co. v. D.M.S.I., LLC*
 871 F.3d 751 (9th Cir. 2017) ............................................................................................ 2, 3

*Braunstein v. McCabe*
 571 F.3d 108 (1st Cir. 2009) ............................................................................................. 3, 4

*In re CIS Corp.*
 172 B.R. 748 (Bankr. S.D.N.Y. 1994) .............................................................................. 6, 7

*Dunmore v. United States*
 358 F.3d 1107 (9th Cir. 2004) .............................................................................................. 8

*eBay, Inc. v. Bidder's Edge, Inc.*
 2000 U.S. Dist. LEXIS 21971 (N.D. Cal. Dec. 6, 2000) ..................................................... 7

*Gelinas v. Buffum*
 52 F.2d 598 (9th Cir. 1931) ................................................................................................... 4

*Golden v. Kelsey-Hayes Co. (In re Golden)*
 73 F.3d 648 (6th Cir.), *cert. denied*, 519 U.S. 807 (1996) .................................................. 5

*Granfinanciera, S.A. v. Nordberg*
 492 U.S. 33 (1989) ................................................................................................... 2, 3, 5, 9

*In re Hallahan*
 936 F.2d 1496 (7th Cir. 1991) ............................................................................................... 7

*Hickman v. Hana (In re Hickman)*
 384 B.R. 832 (B.A.P. 9th Cir. 2008) ..................................................................................... 8

*Kam-Ko Bio-Pharm Trading Co. Ltd.-Australasia v. Mayne Pharma (USA) Inc.*,
 560 F.3d 935, 942 (9th Cir. 2009) ...................................................................................... 10

*Pac. Indem. Co. v. McDonald*, 107 F.2d 446, 448 (9th Cir. 1939) ........................................ 10

*Rex Inv. Co. v. S.M.E., Inc.*
 2017 U.S. Dist. LEXIS 176280 (S.D. Cal. Oct. 23, 2017) .................................................... 6

*Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden, LLC*
 2015 U.S. Dist. LEXIS 140729 (N.D. Cal. Oct. 15, 2015) ................................................... 7

## STATE CASES

*Dow Jones Co. v. Avenel*
    151 Cal.App.3d 144 (1984) ............................................................................................... 5, 6

*Nmsbpcsldhb v. County of Fresno*
    152 Cal. App. 4th 954 (2007) ................................................................................................. 7

*Porter v. Superior Court*
    73 Cal.App.3d 793 (1977) ...................................................................................................... 6

*Rankin v. Frebank Co.*
    47 Cal.App.3d 75 (1975) ........................................................................................................ 6

*Thomson v. Thomson*
    7 Cal.2d 671 (1936) ................................................................................................................ 3

## FEDERAL STATUTES & CONSTITUTIONAL PROVISIONS

11 U.S.C.
    § 541 ........................................................................................................................................ 3
    § 541(a) ................................................................................................................................... 4
    § 542 ........................................................................................................................................ 4
    § 543 ........................................................................................................................................ 4

28 U.S.C.
    § 157(b)(2)(A) ..................................................................................................................... 7, 9
    § 157(b)(2)(E) ..................................................................................................................... 7, 9
    § 157(b)(2)(O) ..................................................................................................................... 7, 9
    § 157(e) .................................................................................................................................... 3
    § 2201 ...................................................................................................................................... 3
    § 2202 ...................................................................................................................................... 3

U.S. Constitution Amendment VII .................................................................................................. 2, 7

## STATE STATUTES

California Code of Civil Procedure
    § 760.020(a) ............................................................................................................................ 3

California Family Code
    § 852 ........................................................................................................................................ 6
    § 852(a) ................................................................................................................................... 6

## TREATISES

Judge William P. Hogoboom (Ret.) and Justice Donald B. King (Ret.),
    <u>California Practice Guide-Family Law</u> Chapter 13-B 13:150 (June 2017) ........................... 6

# I.

# INTRODUCTION

Plaintiff, creditor, and plan proponent MUFG Union Bank, N.A. ("Union Bank") hereby opposes the jury trial motions filed by the defendants in this action on December 7, 2017 (the "Jury Trial Motions").[1]

The first and second claims for relief in the Amended Complaint seek declaratory relief from this Court as to whether certain property is part of the bankruptcy estate, as Union Bank contends, or outside of the bankruptcy estate and out of the reach of creditors, as the Debtor and the other Defendants contend. This is a core issue, vital to the bankruptcy process, that will determine the return to creditors in this case. The claims essentially seek to determine whether the Debtor has assets he has not admitted to under the ruse of saying they belong to others, even though he has always had full use and benefit from them. There is no jury trial right for these claims.

Under the analysis required pursuant to the Supreme Court's *Granfinanciera* case, the first and second claims for relief are plainly equitable, as they closely resemble quiet title and turnover actions, both of which are equitable actions. Further, the remedies and issues involved – alter ego, veil piercing, and statutory family law issues – sound in equity. Moreover, the Debtor himself clearly waived his right to a jury trial over this core proceeding by invoking this Court's equitable jurisdiction when he filed his voluntary bankruptcy case.

The Jury Trial Motions should be denied and this case, which seeks to determine the size of the bankruptcy estate and therefore the return to creditors, should move forward in this Court.

---

[1] There were three Jury Trial Motions filed: one by Robert Brower, Sr. (Dkt. No. 54) (the "Debtor Motion"), one by Coastal Cypress Corporation, Wilfred Lindley, American Commercial Properties, Inc., Patricia Brower and the Patricia Brower Trust (Dkt. No. 56) (the "Coastal Motion"), and one by Richard Babcock and Anthony Nobles (Dkt. No. 53) (the "Babcock/Nobles Motion"). The three Jury Trial Motions cite the same or similar cases and make the same or similar arguments, so Union Bank responds to all of them in this single Opposition.

## II.

## STATEMENT OF FACTS

Union Bank filed its amended complaint in this adversary proceeding on May 16, 2017 as Docket No. 3. The first and second claims for relief seek declarations from the Court as to the extent of the bankruptcy estate's interest in two corporations – Coastal Cypress Corporation ("Coastal") and American Commercial Properties, Inc. ("ACP"). The gravamen of these two claims for relief is that the Debtor's assertions as to his limited interest in Coastal (24%) and his lack of any interest in ACP are not reflective of the extent of the estate's interest in these companies for a number of reasons, including that his wife's or his wife's trust's interest in these companies is community property, and because the asserted ownership interest of certain of his friends and business associates in Coastal is a sham. (Amended Complaint, ¶¶ 22-29).

As a result, the first claim for relief in the Amended Complaint requests that the Court declare the interests of the estate in Coastal (both its California and Delaware incarnations). (Amended Complaint, at p. 10, l. 17-22). And the second claim for relief requests that the Court declare Brower and his wife the 100% owners of ACP as community property, such that all of their interest in ACP is property of the estate. (Amended Complaint, at p. 10, l. 23-26).

## III.

## ARGUMENT

**A.     Standard for Determining Whether Jury Trial Right Exists.**

The Seventh Amendment to the U.S. Constitution grants litigants the right to a trial by jury in "Suits at common law." *See*, U.S. Const. amend. VII. In other words, the Seventh Amendment preserves the right to trial by jury in suits that would have historically been tried in courts of law (*i.e.*, legal actions) as opposed to courts of equity (*i.e.*, equitable actions). *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017) (*citing Tull v. United States*, 481 U.S. 412, 417 (1987)).

In order to determine whether a suit is legal or equitable, courts undertake the two factor analysis described by the Supreme Court in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). First, the court is to compare the action to "18th-century actions brought in the courts of

England prior to the merger of the courts of law and equity." *Id*. Second, the court is to "examine the remedy sought and determine whether it is legal or equitable in nature." *Id*. The second factor is more important than the first. *Id*.[2]

## B. The First *Granfinanciera* Factor Weighs Against a Jury Trial Right.

The first two claims for relief seek declaratory judgments as to the extent of the estate's interest in certain property that the Debtor claims to be held by his wife and certain friends and business associates. They are statutory actions that did not exist in 18th century England, as they are based on two statutes passed since that time – the federal Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202) and the provisions of the Bankruptcy Code that define the extent of the estate (11 U.S.C. § 541). In such a situation, the court must look at what actions in 18th century England were most analogous to the actions at issue. *Branch Banking*, 871 F.3d at 765 (citing *Tull*, 481 U.S. at 417).

The declaratory relief actions here seek to resolve disputed claims to title in certain property. As such, they are most analogous to quiet title actions. *See*, Cal. Code Civ. Proc. § 760.020(a) ("An action may be brought under this chapter to establish title against adverse claims to real or personal property or any interest therein.").

Straight quiet title actions are equitable actions as to which no jury trial right applies. *See, Thomson v. Thomson*, 7 Cal.2d 671, 681 (1936) ("In a simple action to quiet title when the possession of the property is not involved, it is an equitable action."). While caselaw provides that part or all of the action may be tried before a jury if a quiet title action is used by a party out of possession in order to obtain possession (*Id*.), that is not relevant to the instant case for two reasons.

---

[2] The *Granfinanciera* opinion then states that if both factors, on balance, point to the existence of a jury trial right, then the court must consider whether Congress can assign resolution of such a claim to a body that does not use a jury as a factfinder. *Granfinanciera*, 492 U.S. at 42. Essentially, the question boils down to whether the right is public or private. *Id*. However, since the time of *Granfinanciera*, Congress passed 28 U.S.C. § 157(e), which sets forth the circumstances under which a bankruptcy court may conduct a jury trial. This basically moots the third consideration in *Granfinanciera*, such that courts have now referred to the *Granfinanciera* test as a two-part test. *See, Braunstein*, 571 F.3d at 118, n. 11.

First, the first and second claims for relief are effectively simple quiet title actions. They do not seek to recover possession of anything, but merely declaratory relief as to the extent of the bankruptcy estate's interest in Coastal and ACP. No writ of possession is sought because none is needed to make the property in question property of the bankruptcy estate. The property would immediately become property of the bankruptcy estate, wherever it was in the world, upon this Court so deciding. *See*, 11 U.S.C. § 541(a). If the estate's property is deemed to be tangible in nature, which is doubtful here, any party in possession has a duty to turn it over to the bankruptcy estate. *See*, 11 U.S.C. §§ 542, 543.

Second, even if the property was tangible in nature, the thrust of the Amended Complaint is that the Debtor already possesses it, so no recovery of it from a third party is necessary. Further, even were we to assume that the property in question is tangible and not possessed by the Debtor, the means of recovery in the event turnover was not accomplished voluntarily would be a turnover action under Section 542 of the Bankruptcy Code. As the Bankruptcy Court has *in rem* jurisdiction over estate property, the Bankruptcy Code gives the Court the power to order turnover in the bankruptcy case itself. The overwhelming majority of cases hold that Section 542 turnover actions are equitable actions. *See, e.g., Braunstein v. McCabe*, 571 F.3d 108, 115 (1st Cir. 2009).

The Defendants' attempt to characterize the first and second claims for relief as replevin claims or claims for recovery of corporate shares are inapt. Neither claim for relief requests anything with respect to possession, making them much more akin to simple quiet title claims. And as explained above, replevin is not necessary vis-à-vis property of the bankruptcy estate – any recovery of possession is obtained via Section 542, which is an equitable action. For these reasons, Defendants' cite to the pre-Bankruptcy Code case of *Gelinas v. Buffum*, 52 F.2d 598, 599 (9th Cir. 1931) is inapt. Indeed, it is perhaps for this reason that *Gelinas* has not been cited in any case since the 1950s. *Gelinas* is distinguishable in any event, as the trustee/plaintiff in that case sought money damages, which are not sought here. *Id*. at 600 ("[T]his action is merely one for a money judgment for the value of personal property alleged to have been wrongly converted by the defendant to her own use – a controversy over which a court of equity has no jurisdiction and one which should have been submitted to a jury.").

**C. The Second *Granfinanciera* Factor Weighs Against a Jury Trial Right.**

The second *Granfinanciera* factor requires the Court to "examine the remedy sought and determine whether it is legal or equitable in nature." *Granfinanciera*, 492 U.S. at 42. Whether declaratory relief is legal or equitable depends on the basic nature of the underlying dispute. *Golden v. Kelsey-Hayes Co. (In re Golden)*, 73 F.3d 648, 661 (6th Cir.), *cert. denied*, 519 U.S. 807 (1996).

Here, the basic nature of the dispute is clearly equitable – Union Bank on behalf of the bankruptcy estate seeks a declaration that certain property that the Debtor enjoys the use of but claims not to own is, in fact, property of the bankruptcy estate. As set forth above, the action is akin to a quiet title action in that it merely seeks a determination of ownership. Styling the relief as declaratory relief is not, as Defendants contend, an attempt to disguise an otherwise legal action as equitable.

Further, equitable considerations underlie the first and second claims for relief. On the first claim for relief, the primary consideration is whether the complete dominion and control of Coastal by the Debtor establishes his complete ownership of it under theories such as alter ego and veil piercing. These theories do not carry a right to a jury trial. *See, Dow Jones Co. v. Avenel*, 151 Cal.App.3d 144, 147 (1984) ("It is well-settled that the alter ego doctrine is essentially an equitable one") (internal citation omitted).

On the second claim for relief, there are two primary issues: (1) whether the Debtor effectively transmuted community property or his separate property (the shares of ACP) into property owned solely and separately by his wife; and (2) whether the principles of alter ego would bring the ACP shares and/or assets into the estate due to, among other things, Debtor having held out the ACP shares and/or its assets as being available to his creditors on his financial statements and using the rent paid to ACP to cycle money out of his hands and away from his creditors. There is no case law directly on point as to whether the issue of transmutation, which is

governed by Family Code section 852,[3] carries with it a jury trial right, but it arises in family court and divorce cases where no jury trial right exists. *Porter v. Superior Court*, 73 Cal.App.3d 793, 798 (1977) ("It is axiomatic that there is no right to a jury trial in a divorce action."); Judge William P. Hogoboom (Ret.) and Justice Donald B. King (Ret.), <u>California Practice Guide-Family Law</u> Chapter 13-B 13:150 (June 2017) ("In family law cases … the *court* is the trier of fact (no jury)") (emphasis original).[4]

As to alter ego, it is black letter law that this is an equitable remedy as to which no jury trial right exists. *Dow Jones Co. v. Avenel*, 151 Cal. App. 3d 144 (1984); *Rex Inv. Co. v. S.M.E., Inc.*, 2017 U.S. Dist. LEXIS 176280 (S.D. Cal. Oct. 23, 2017) (Under California law, because the alter ego doctrine is equitable in nature, "a trial court is empowered to determine alter ego issues.") (internal citation omitted).

The Defendants' primary citation is to *In re CIS Corp.*, 172 B.R. 748 (Bankr. S.D.N.Y. 1994), where a debtor sought a determination that certain leases were really financing arrangements, making the leased property the debtor's instead of the purported lessor's. However, this non-binding case decided under New York law is distinguishable on its facts, as the underlying dispute was contract interpretation – *i.e.*, whether the lease agreements should be construed as financing arrangements. There is no contractual action underlying either claim for relief here. That is undeniably true as to the first claim for relief. As to the second claim for relief, Defendants' efforts to cite to the pre-marital agreement (Coastal Motion, at pp. 6-7) do not render the claim a contract action. That is because the dispute does not turn on the pre-marital agreement but rather whether, when the alleged gift was made, the requirements of Family Code

---

[3] Cal. Fam. Code § 852(a) provides: "A transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected."

[4] The issue of whether there is a right to a trial by jury in divorce proceedings and family law proceedings typically arises in state court, where the analysis in cases not controlled by statute essentially tracks the first factor of the *Granfinanciera* test. *See*, *Rankin v. Frebank Co.*, 47 Cal.App.3d 75, 92 (1975) ("California has interpreted article I, section 7 of the California Constitution to preserve to litigants the right to trial by jury as it existed at common law in 1850. California has yet to depart from this historically based approach to the interpretation of article I, section 7. We decline to do so here.") (internal citations omitted).

section 852 (requiring among other things an express written declaration) were met, and whether alter ego doctrine renders Mrs. Brower's alleged separate ownership of ACP a sham. The alleged pre-marital agreement cannot control the transmutation issue, as it was written many years prior to the alleged transmutation, and has nothing at all to do with the alter ego issue. In addition, remedies that seek relief not under a contract, but that instead seek to rescind the contract or establish that the contract does not exist, do not carry with them a jury trial right.[5] *Nmsbpcsldhb v. County of Fresno*, 152 Cal. App. 4th 954 (2007) (action seeking rescission of contract was an action in equity rather than an action at law, and no jury trial right existed.). Finally, the analysis of the jury trial issue in *CIS* is bound up in the core/non-core distinction, with the court stating that its finding that the action was non-core was the "threshold question" in the jury trial analysis. *CIS*, 172 B.R. at 761. Here, the first and second claims for relief are plainly core, as they seek to determine whether property that the Debtor possesses and enjoys the use of is property of the estate. *See*, 28 U.S.C. § 157(b)(2)(A), (E), and (O).

## D. The Debtor Waived His Right to a Jury Trial by Filing this Bankruptcy Case.

When a debtor files a voluntary bankruptcy petition, he waives his right to a jury trial at least for the "proceedings vital to the bankruptcy process of allowance and disallowance of … claims." *Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.)*, 96 F.3d 346, 354 n.6 (9th Cir. 1996). Other circuits have gone further and held that a debtor, by filing bankruptcy, waives his right to a jury trial in all adversary proceedings and contested matters in the case. *In re Hallahan*, 936 F.2d 1496, 1506 (7th Cir. 1991) ("The Seventh Amendment confers

---

[5] The unpublished cases cited in the Coastal Motion on page 6 largely do not stand for the propositions cited. Coastal claims *eBay, Inc. v. Bidder's Edge, Inc.*, 2000 U.S. Dist. LEXIS 21971, at *5 (N.D. Cal. Dec. 6, 2000) stands for the proposition that a jury trial right attaches to the issue of "whether a valid contract exists." But that case does not discuss jury trial rights at all. The court merely states, in denying a summary judgment motion, that a "reasonable jury" could return a verdict for the non-moving party, as an oblique reference to a trier of fact. The opinion includes no analysis of jury trial rights. Similarly, Coastal cites *Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden, LLC*, 2015 U.S. Dist. LEXIS 140729, at *6-7 (N.D. Cal. Oct. 15, 2015) for the proposition that the issue of whether a party waived contractual rights carries with it a jury trial right. But as in *Bidder's Edge*, *Shenzhenshi* concerns the denial of a summary judgment motion due to a disputed issue of material fact, and the court refers to the trier of fact as a jury only in passing, without any discussion of whether a jury trial right exists.

no right to a jury trial on a debtor like Hallahan, who files voluntarily for bankruptcy and is a defendant in an adversary proceeding.").

The Debtor argues that the filing of the bankruptcy case was not a waiver of his jury trial right on the first and second claims for relief in the Amended Complaint, which seek a determination of the extent of the bankruptcy estate's interest in certain property, because the first and second claims for relief do not have to do with the claims allowance process. (Debtor Motion, at pp. 6-7). The Debtor is wrong. The applicable Ninth Circuit precedent specifies the waiver is for "proceedings vital to the bankruptcy process" and specifically states that claims allowance is one example of such a proceeding. *See, Conejo, supra*. But nothing in those cases limits the waiver to the claims allowance process. Rather, the decisions focus on whether the claims at issue are core or non-core or whether the claim is "integral to restructuring the debtor-creditor relationship." For instance, in the *Dunmore* case cited by the Debtor, the Ninth Circuit found no waiver in connection with a claim against the IRS for a tax refund because the claim was non-core. *Dunmore v. United States*, 358 F.3d 1107, 1116 (9th Cir. 2004) ("If Dunmore were to submit himself to the bankruptcy court's equity jurisdiction, he would waive any right to a jury trial for the resolution of those disputes 'vital to the bankruptcy process,' including disputes that are part of the claims-allowance process and the hierarchical reordering of his creditors' claims. . . . We do not presume that Dunmore knowingly and willingly surrendered his jury trial rights for the resolution of a dispute that relates only incidentally to the bankruptcy process.") (internal citations omitted).

Similarly, in the *Hickman* case cited by the Debtor, the debtor was found to have waived his right to a jury trial in a creditor's action against him because it was part of the restructuring of the relationship with the creditor. *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 839 (B.A.P. 9th Cir. 2008) ("The underlying principle, then, to be drawn from the Supreme Court decisions is that the crucial event is the act of a chapter 7 debtor coming into a court of equity to seek 'restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction.*' Issues that are ordinarily legal are transformed into equitable issues for which jury trial is not available, and the actor gives up the right to contend otherwise. … In this instance,

SMRH:484932966.6 OPPOSITION
Case: 17-05044    Doc# 60    Filed: 12/22/17    Entered: 12/22/17 10:27:31    Page 12 of 14

Hickman filed the bankruptcy case to restructure his debtor-creditor relationship with, among others, Hana. The particular relationship with Hana involves both Hana's claim against Hickman and Hickman's counterclaim against Hana.") (citations omitted, emphasis original).

The first and second claims for relief in the Amended Complaint are plainly core proceedings, as they seek a determination of the extent of the bankruptcy estate, and could thus be deemed to be one or all of "matters concerning the administration of the estate," "orders to turn over property of the estate," and/or "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." *See*, 28 U.S.C. § 157(b)(2)(A), (E), and (O).

Further, determining the extent of assets in the estate available to satisfy the claims of creditors is plainly "vital to the bankruptcy process" and "integral to restructuring the debtor-creditor relationship," as it determines how much creditors will recover. The size of the estate and the claims allowance process are merely two sides of the same coin that determine the creditors' distribution from the bankruptcy estate. Indeed, that is why 28 U.S.C. §157(b)(2)(O) makes both claims allowance issues such as 157(b)(2)(B) and (C) and estate enhancement issues like 157(b)(2)(E) and (N) core proceedings. The Debtor cannot, with a straight face, suggest that determining the size of the bankruptcy estate is not "vital to the bankruptcy process."

**E.     The Babcock/Nobles Motion Fails Because the First Two Claims for Relief Are Not Fraudulent Transfer Claims.**

The Babcock/Nobles Motion fails to undertake an analysis of the factors identified in *Granfinanciera*, but instead argues that the defendants have a jury trial right on the first and second claims for relief because they are fraudulent conveyance actions. (Babcock/Nobles Motion, at pp. 5-7). As this Court has already ruled when denying the defendants' motions to dismiss earlier in this adversary proceeding, the first two claims for relief are not fraudulent conveyance actions. *See*, Order Denying Motions to Dismiss, Adversary Docket No. 36, at p. 7 ("The declaratory relief sought in the first and second claims is the inverse of recovery of a fraudulent transfer pursuant to § 548. If a transfer is found to have occurred, the property will not

be recovered for the estate. As Plaintiff states in the opposition, its position is that no transfer occurred. Therefore, the declaratory relief claims are not time barred.").

In addition, Babcock and Nobles cite *Kam-Ko Bio-Pharm Trading Co. Ltd.-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 942 (9th Cir. 2009) for the notion that declaratory relief actions carry with them "an absolute right to a jury trial unless a jury has been waived." (Babcock/Nobles Motion, at p. 6). However, there is no discussion of the jury trial issue in *Kam-Ko* other than a brief statement that the party in question waived its right to a jury trial. *Id*. The case relied on for the jury trial point in *Kam-Ko* merely states that, as set forth on page 5 in the analysis above, whether a jury trial exists in a declaratory relief action is dependent on whether the underlying dispute is legal or equitable. *Pac. Indem. Co. v. McDonald*, 107 F.2d 446, 448 (9th Cir. 1939).

## IV.
## CONCLUSION

For the reasons set forth above, the Jury Trial Motions should be DENIED.

Dated: December 22, 2017

                                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                            By          */s/ Michael M. Lauter*
                                                             STEVEN B. SACKS
                                                             MICHAEL M. LAUTER
                                                             ISAIAH Z. WEEDN
                                            Attorneys for MUFG UNION BANK, N.A.