Babak Samini, Esq. (SBN 181796)
**SAMINI SCHEINBERG, PC**
2801 West Coast Highway, Suite 200
Newport Beach, California 92663
Telephone: (949) 724-0900
Facsimile: (949) 724-0901

Attorney for Defendants,
RICHARD BABCOCK and
ANTHONY NOBLES

# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | CASE NO.: 15-50801 MEH<br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | ADVERSARY NO.: 17-05044 MEH<br><br>**DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES'S REPLY TO PLAINTIFF MUFG UNION BANK, N.A.'S OPPOSITION TO MOTION FOR TRIAL BY JURY**<br><br>Date: January 9, 2018<br>Time: 11:00 am<br>Judge: Honorable Elaine Hammond<br>Crtrm: 3020 |

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## MEMORANDUM WITH POINTS AND AUTHORITIES

Defendants Richard Babcock and Anthony Nobles (collectively, "Defendants") respectfully submit the following Memorandum of Points and Authorities in support of their Reply to Plaintiff's Opposition to Defendants' Motion for Jury Trial.

## I. ARGUMENT

### A. Plaintiff misconstrues the court's determination that, "The declaratory relief sought…is the inverse of recovery of a fraudulent transfer pursuant to § 548" as a determination that the action is not a "suit at common law."

In order to determine whether an action is a "suit at common law" entitled to a jury trial, the court conducts a three-prong analysis. *See Granfinanciera v. Nordberg*, 492 U.S. 33 (1989). First, the court compares the action "to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Granfinanciera*, 492 U.S. at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417-418 (1987)). In the instance case, the cause of action is a fraudulent conveyance under 11. U.S.C. § 548. Plaintiff incorrectly asserts that the second claim for relief is not a fraudulent transfer claim simply because the relief sought is "the inverse of a recovery of a fraudulent transfer pursuant to § 548." (MUFG Opposition at pp. 9-10). The first *Granfinanciera* factor examines whether the action is a traditional action at law. *Granfinanciera*, 492 U.S. at 42. The common law actions most analogous to the instant action are actions for fraudulent transfer or replevin, which were entitled to jury trials at common law. *Id.* at 43-44. Plaintiff's opposition addresses the recovery sought, which is irrelevant to the analysis for the first prong of *Granfinanciera* determining whether an action is a traditional action at law. The cause of action in this matter is pursuant to 11 U.S.C. § 548. Because this action is a traditional action at law, Defendants are entitled to a jury trial under the Seventh Amendment.

Case: 17-05044    Doc# 62    Filed: 01/03/18    Entered: 01/03/18 13:12:17    Page 2 of 6

## B. Defendants have a right to jury trial under the Seventh Amendment because the declaratory relief sought is a legal remedy.

In order to determine whether an action is a "suit at common law," the court next examines whether the remedy sought is "legal or equitable in nature." *Granfinanciera*, 492 U.S. at 42 (citing *Tull v. United States*, 481 U.S. 412, 417-418 (1987)). Because declaratory relief is not inherently legal or equitable, the court must examine the "basic nature of the underlying issues." *United States v. New Mexico*, 642 F.2d at 400. An action "for the recovery and possession of specific, real, or personal property…is one at law." *Eberhard v. Marcu*, 530 F.3d 122, 136 (2nd Cir. 2008) (citing *Pernell v. Southall Realty*, 416 U.S. 363, 370 (1974)) (quoting *Whitehead v. Shattuck*, 138 U.S. 146, 151 (1891)).

In *Eberhard v. Marcu*, the court held "[A] party claiming the right to the possession of the property as against the receiver or any one else is entitled to a jury trial." *Eberhard*, 530 F.3d at 136 (quoting *Keyser v. Erickson*, 211 P. 698, 701 (1922)). In *Eberhard*, the Securities and Exchange Commission filed a civil enforcement action against Todd Eberhard ("Eberhard"). *Eberhard*, 530 F.3d at 126. The court subsequently appointed a receiver who sought to sell the Eberhard's assets allegedly subject to the receivership. *Id.* at 127. However, a third party, Eberhard's mother, disputed ownership of stock allegedly subject to the receivership and asserted that Eberhard had previously transferred the corporation to her. *Id.* at 126-128. The Receiver argued the stock was an asset of the receivership "because the conveyance to his mother did not occur, and even if it had, it should be set aside as fraudulent." *Id.* at 127. The court found that the third party sought "an order directing the receiver to turn over [the] property." *Id.* at 136. The court stated the third party sought "recovery and possession of stock," which was historically a remedy at law entitled to a jury trial. *Id.*

SAMINI SCHEINBERG, PC
2801 West Coast Highway, Suite 200
Newport Beach, California 92663

- 3 -
DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES'S REPLY
ADVERSARY NO.: 17-05044 MEH

SAMINI SCHEINBERG, PC
2801 West Coast Highway, Suite 200
Newport Beach, California 92663

Just as the receiver in *Eberhard* argued the conveyance of the corporation from Eberhard to his mother did not occur, Plaintiff argues that the conveyance of shares of Coastal California from Debtor to Defendants did not occur. *See*, Amended Complaint, ¶¶ 22-29. Moreover, the parties in the instant action dispute possession of the Coastal California stock, just as the parties in *Eberhard* disputed possession of the Borderline NS stock. Similarly, in *Mills v. Bank of America, N.A.*, the court reviewed whether Plaintiffs were entitled to a jury trial on a declaratory relief claim. *Mills v. Bank of America, N.A.*, 2:13-cv-02203-RFB-CWH, 2016 WL 3636920 (D. Nev. July 7, 2016). The court cited *Kam-Ko Bio-Pharm Trading Co. Ltd.-Australasia v. Mayne Pharma (USA) Inc.* as asserting "an absolute right to a jury trial" and held "Plaintiffs [were] entitled to a jury trial on their declaratory relief claim." *Mills*, 2:13-cv-02203-RFB-CWH, 2016 WL 3636920, *2 (quoting *Kam-Ko Bio-Pharm Trading Co. Ltd.-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 942 (9th Cir. 2009). Thus, Defendants are entitled to a jury trial because the parties dispute possession of the Coastal California stock and the declaratory relief sought provides a right to a jury trial.

## II. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this motion be GRANTED.

SAMINI SCHEINBERG, PC

Date: January 3, 2018

By: /s/ Babak Samini
Babak Samini, Esq.
Attorney for Defendants,
RICHARD BABCOCK and
ANTHONY NOBLES

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 2801 West Coast Highway, Suite 200, Newport Beach, California 92663.

On the date set forth below, I caused the following document(s) entitled:

**DEFENDANTS RICHARD BABCOCK'S AND ANTHONY NOBLES'S REPLY TO PLAINTIFF MUFG UNION BANK, N.A.'S OPPOSITION TO MOTION FOR TRIAL BY JURY** was caused to have been e-filed with the Court and served on all counsel of record on **PACER:**

STEVEN B. SACKS ssacks@sheppardmullin.com **LEAD ATTORNEY**
MICHAEL M. LAUTER mlauther@sheppardmullin.com
ISAIAH Z. WEEDN iweedn@sheppardmullin.com
**SHEPPARD,MULLIN,RICHTER & HAMPTON LLP**
4 Embarcadero Center, 17th Floor
San Francisco, California 94111
415-434-9100
Attorneys for Creditor and Plaintiff, **MUFG UNION BANK,N.A.**

RYAN A. STUBBE ryan@jlglawyers.com
**JAURIGUE LAW GROUP**
300 West Glenoaks Blvd., Suite 300
Glendale, California 91202
818-630-7280
Attorneys for Defendant **ROBERT BROWER, SR.**

DAVID W. BALCH david@lg-attorneys.com
L+G, LLP
318 Cayuga Street
Salinas, California 93901
831-754-2444
Attorneys for Defendant **COASTAL CYPRESS CORPORATION, a California Corporation, COASTAL CYPRESS CORPORATION, a Delaware Corporation, and WILFRED "BUTCH" LINDLEY**

R. Stephen McNeill
**POTTER ANDERSON CORROON LLP**
Hercules Plaza
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, Delaware 19801
302-984-6171
Attorneys for Defendants **Patricia Brower, Patricia Brower Trust, and American Commercial Properties, Inc.**

[X] **(TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF))**. Pursuant to the Controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 3rd day of January, 2018, at Newport Beach, California.

SAMINI SCHEINBERG, PC
2801 West Coast Highway, Suite 200
Newport Beach, California 92663



Case: 17-05044 Doc# 62 Filed: 01/03/18 Entered: 01/03/18 13:12:17 Page 6 of 6