JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Ryan A. Stubbe (SBN 289074)
  ryan@jlglawyers.com
300 W. Glenoaks Blvd., Suite 300
Glendale, California 91202
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*[Proposed] Attorneys for Robert S. Brower, Sr., Defendant*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT S. BROWER, SR.,<br><br>    Debtor.<br><hr><br>MUFG UNION BANK, N.A.,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>    Defendants | Case No. 15-50801<br><br>Chapter 11<br><br>Adv. Proc. No. 17-05044 MEH<br><br>**DEFENDANT ROBERT S. BROWER, SR.'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF RIGHT TO JURY TRIAL**<br><br>[BANKR. LOCAL R. 9015-2(a)]<br><br>Date: January 9, 2017<br>Time: 11:00 a.m.<br>Place: 280 South First Street<br>       Courtroom 3020<br>       San Jose, CA 95113-3099<br><br>Assigned to: Hon. M. Elaine Hammond |

## I. INTRODUCTION

Defendant Robert S. Brower, Sr. ("Brower") hereby replies to Plaintiff MUFG Union Bank, N.A.'s Opposition to Defendants' Jury Trial Motions.

Brower is entitled to a jury trial on Plaintiff's first and second claims for relief, which seek to recover disputed shares in Coastal Cypress Corporation ("Coastal Cypress") and American Commercial Properties, Inc. ("ACP"). Plaintiff maintains that Brower is not entitled to a jury trial because the first and second claims are analogous to equitable actions, such as "simple quiet title actions" or alter ego actions. Plaintiff's analogies miss the point. The constitutional right to a jury trial is not necessarily determined by the form of Plaintiff's complaint. Where an adequate legal remedy exists, the right to a jury trial attaches.

Here, Plaintiff has an adequate remedy at law in the form of a replevin action to recover the disputed shares for the benefit of the bankruptcy estate. Plaintiff's opposition fails to establish that such a legal remedy would be inadequate or inapplicable in this case. To the contrary, caselaw makes clear that certificated corporate shares, such as the ones at issue in this case, are considered tangible property and may be replevied.

For the reasons discussed in greater detail below, Brower respectfully requests that the Court grant his Motion and rule that he is entitled to a jury trial with respect to the first and second claims for relief.

## II. ARGUMENT

The parties agree on the applicable legal standard: The right to trial by jury exists in legal actions, as opposed to equitable actions. In making this determination, courts first compare the action to 18th-century England prior to the merger of the courts of law and equity. Second, courts examine the remedy sought and determine whether it is legal or equitable in nature.

### A. BROWER IS ENTITLED TO A JURY TRIAL ON THE FIRST AND SECOND CLAIMS BECAUSE PLAINTIFF HAS AN ADEQUATE REMEDY AT LAW TO RECOVER THE DISPUTED SHARES

Plaintiff argues that the first and second claims are most analogous to "simple quiet title actions." (Opp'n at 3:13-8.) Plaintiff acknowledges caselaw providing for a right to jury trial in a quiet title

actions brought by a plaintiff out of possession. (Opp'n at 3:19-22.) However, Plaintiff argues that those cases do not apply because Plaintiff "does not seek to recover possession of anything" and instead seeks only declaratory relief. (Opp'n at 4:1-8.)

Plaintiff's argument is misguided. The constitutional right to a jury trial does not depend solely on the choice of words used in a complaint. *Dairy Queen v. Wood*, 369 U.S. 469, 477-78 (1962). Where an adequate legal remedy exists, a defendant is entitled to a jury trial. *Bugher v. Feightner*, 722 F.2d 1356, 1359-60 (7th Cir. 1983).

This is principal is just as true in quiet title actions as it is in any other equitable action. Where a plaintiff can recover property through a legal action, such as ejectment for real property or replevin for personal property, plaintiff cannot maintain an equitable action to quiet title. *See, e.g. Fort Mojave Trive v. Lafollette*, 478 F.2d 1016, 1018 n. 3 (9th Cir. 1973) (where complaint lacked allegation that plaintiff was presently in possession of real property, action to quiet title did not lie and plaintiff had an adequate remedy at law in ejectment); *see also Navajo Tribe of Indians v. New Mexico,* 809 F.2d 1455, 1462 n. 15 (10th Cir. 1987) ("since there is no allegation that the [plaintiff] is currently in possession of the lands that are the subject of this controversy, the [plaintiff] has an adequate remedy at law in ejectment, and an action to quiet title will not lie.").

Here, Plaintiff has an adequate remedy at law. As recognized by the Ninth Circuit in *Gelinas v. Buffum,* 52 F.2d 598, 599 (9th Cir. 1931), a common-law replevin action affords an adequate legal remedy to recover the disputed shares in Coastal Cypress and ACP. Plaintiff's attempt to distinguish *Gelinas* is unpersuasive. Plaintiff argues that the trustee/plaintiff in *Gelinas* "sought money damages, which are not sought here." (Opp'n at 24-25.) Although the plaintiff in *Gelinas* did request monetary relief in addition to the return of the contested corporate share, the Ninth Circuit specifically held that the request for the return of the single share by itself (i.e., without considering the request for money damages) could be accomplished through a common law action. *Id.* ("True, the return of the single share of [company] stock is asked for; but such return could be decreed by a court of law, in an appropriate common-law action.") (citation and quotations omitted).

Similarly, Plaintiff's suggestion that this Court should disregard *Gelinas* because it has not been cited since the 1950s. *Gelinas* remains binding law in the Ninth Circuit and the legal principles which

Brower relies on remain just as applicable today. For example, it remains true that where an adequate legal remedy exists, a plaintiff may not maintain an equitable action. Plaintiff does not dispute this fundamental legal principal.

It also remains true that certificated corporate shares, such as the ones at issue in this case, are considered tangible property and may be replevied, notwithstanding Plaintiff's arguments to the contrary. *See Kelleher v. Kelleher*, No. 13-CV-05450-MEJ, 2014 WL 94197, at *7 (N.D. Cal. Jan. 9, 2014) (denying motion to dismiss cause of action for replevin of corporate shares); *see also Englert v. IVAC Corp.*, 92 Cal. App. 3d 178, 184, 154 Cal. Rptr. 804, 807 (Ct. App. 1979) (holding that action for possession of corporate shares was proper). Indeed, delivery and possession of a share certificate is generally required to transfer title for a corporate security. *See* Cal. Comm. C. §§ 8-104(a), 8-301(a); *see also* Marsh's Cal. Corp. L § 8.02 (4th Ed. 2018) ("The [ownership] interest evidenced by the certificate was finally embodied in the certificate for most legal purposes [by the California Commercial Code]. As a result of fusing the share interest into the certificate, the certificate possessed the characteristics of a negotiable instrument.").

Caselaw makes clear that Plaintiff has an adequate remedy at law in the form of a replevin action to recover the disputed shares in Coastal Cypress and ACP. Accordingly, Brower is entitled to a jury trial.

### B. THE PRESENT ACTION IS NOT A SECTION 542 ACTION AND DOES NOT INVOLVE A STATUTORY RIGHT TO AN EQUITABLE ACCOUNTING REMEDY

Plaintiff also argues that replevin is "not necessary vis-à-vis property of the bankruptcy estate – any recovery of possession is obtained via Section 542, which is an equitable action." (Opp'n at 4:20-21.) Plaintiff cites *Braunstein v. McCabe*, 571 F.3d 108, 115 (1st Cir. 2009) for the proposition that a Section 542 action is equitable. (Opp'n at 4:15-16.)

First, Plaintiff's suggestion that a replevin action "is not necessary" misses the point. As is explained above, the test is whether an adequate legal remedy is *available. Dairy Queen, Inc.*, 369 U.S. at 477 (the "necessary prerequisite" to the right to maintain an equitable action is the "*unavailability* of an adequate remedy at law") (emphasis added). Thus, a jury trial right attaches so long as a legal action

such as replevin is *available*, even if an alternative equitable action would render the legal action "unnecessary."

Second, *Braunstein* is non-binding and is distinguishable from the present case. Unlike *Braunstein,* the present action is not a Section 542 action. Plaintiff's first and second claims for declaratory relief are predicated on 28 U.S.C. §§ 2201, 2202 and 11 U.S.C. § 541. In contrast to those statutes, Section 542 includes an express accounting remedy, which is equitable in nature. *See* 11 U.S.C. 542(a) (an entity holding property of the estate shall "*account* for such property or *the value of such property*…"). *Braunstein* held that the express accounting remedy in Section 542 was "enough to establish that the plaintiff would not, at common law, have had an adequate legal remedy and would have proceeded in equity." *Braunstein*, *571* F.3d at 121-122.

Here, the equitable accounting remedy expressly provided for by Section 542 is not sought by Plaintiff and is not at issue. Instead, the gravamen of the Plaintiff's first and second claims is to recover the disputed corporate shares of Coastal Cypress and ACP for the benefit of the bankruptcy estate. As explained above, that can be accomplished through a common law replevin action. Indeed, the Supreme Court has stated that the "theoretical basis" for the bankruptcy turnover remedy is found in the *common law* actions of detinue and replevin. *See Maggio v. Zeitz*, 333 U.S. 56, 63 (1948); *see also In re Borchert*, 143 B.R. 917, 919 (Bankr. N.D. 1992) ("Section 542, however is more than a mere provision for turnover. Turnover is in essence a replevin type proceeding…").

The present action is not based on Section 542 and does not involve a statutory accounting remedy. Instead, Plaintiff's first and second claims seek to recover the disputed shares for the benefit of the bankruptcy estate. This can be accomplished through a common law replevin action and accordingly, the right to a jury trial attaches.

### C. PLAINTIFF'S RELIANCE ON THE ALTER EGO DOCTRINE IS INCONSISTENT WITH CALIFORNIA AND NINTH CIRCUIT PRECEDENT AND DOES NOT DEFEAT BROWER'S RIGHT TO A JURY TRIAL

Plaintiff also analogizes the present case to an alter ego action and argues that "it is black letter law that this is an equitable remedy as to which no jury trial right exists." (Opp'n at 14:7-8.) Plaintiff is incorrect.

First, several cases, including circuit-level cases, have held that veil piercing issues are properly submitted to the jury. *See Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 136 (2d Cir. 1991) (discussing origin of veil piercing as the second part of the historical "creditor's bill" which was an action at common law against shareholders individually to collect debts owed by a corporate debtor."); *see also Logtale, Ltd. v. IKOR, Inc.*, No. 11-CV-05452-EDL, 2015 WL 12942493, at *1 (N.D. Cal. Dec. 1, 2015) (*citing Wm. Passalacqua Builders, Inc.* for the proposition that "it is proper for the jury to consider alter ego liability"); *American Protein Corp. v. AB Volvo*, 844 F.2d 56, 59 (2d Cir.), *cert. denied*, 488 U.S. 852 (1988) ("the issue of corporate disregard is generally submitted to the jury"); *FMC Fin. Corp. v. Murphree*, 632 F.2d 413, 421 n. 5 (5th Cir. 1980) ("the issue of corporate disregard is one for the jury").

Second, Plaintiff misconstrues the alter ego doctrine. The doctrine is not an independent cause of action. Instead, it merely imposes personal liability on shareholders for a claim against a corporation. *See Local 159 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir. 1999) ("A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself."); *Rachford v. Air Line Pilots Ass'n, Int'l*, No. C 03-3618PJH, 2006 WL 1699578, at *5 (N.D. Cal. June 16, 2006) ("the alter ego doctrine does not create an independent cause of action … it merely serves to identify which parties may be held liable for the misconduct at issue... Put another way, a claim against a defendant based on the alter ego theory is derivative of the substantive cause of action against the corporate defendant.").

The alter ego doctrine is inapplicable to the present case. Here, Plaintiff is not trying to hold Brower personally liable for a claim against Coastal Cypress and/or ACP. Rather, Plaintiff is trying to do the opposite: imposing liability on Coastal Cypress and/or ACP (and their assets) for Plaintiff's claim against Brower. Thus, Plaintiff's alter ego allegations are more accurately described as "reverse veil piercing," whereby a judgment creditor of a shareholder attempts to impose personal liability on the corporation.[1] The doctrine of reverse piercing of the corporate veil was rejected by the California Court of Appeal in *Postal Instant Press v. Kaswa Corp.*, 162 Cal.App.4th 1510 (2008). The Ninth Circuit

---

[1] For the avoidance of doubt, Brower maintains that he is not a shareholder of ACP and that he is a 24% shareholder of Coastal Cypress.

applies the law of the forum state in determining whether alter ego liability applies and, quoting *Postal Instant Press* has stated that "a third party creditor may not pierce the corporate veil to reach corporate assets to satisfy a shareholder's personal liability." *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010).

For these reasons, Plaintiff's discussion of the alter ego doctrine is a red herring. Plaintiff may not use the alter ego doctrine to reach the assets of Coastal Cypress and/or ACP in order to satisfy Brower's personal liability. Accordingly, the alter ego doctrine has no bearing on Brower's right to a jury trial.

### D. BROWER DID NOT WAIVE HIS RIGHT TO A JURY TRIAL

Plaintiff argues that Brower waived his right to a jury trial by filing this bankruptcy case. Plaintiff argues that the Ninth Circuit's test to determine whether a debtor waived the right to trial by jury depends on a determination of whether the matter is "core" vs. "non-core" – i.e., whether the matter can be finally adjudicated by a bankruptcy court. (Opp'n at 14:10-12.) Plaintiff argues that the first and second claims are core and therefore the Debtor waived his right to a jury trial.

First, Plaintiff's argument is disingenuous in light of the fact that the parties have stipulated that Fed. R. Bankr. Proc. 9033 and Local Bankr. R. 9033-1, which govern proposed findings of fact and conclusions of law in non-core matters, are applicable to Plaintiff's first and second claims for relief. (Docket No. 51). Plaintiff cannot now argue that the first and second claims for relief are core proceedings, contrary to the parties' stipulation, for purposes of arguing that the Debtor waived his right to a jury trial.

Second, Plaintiff is wrong on the merits. Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered non-core. *See Dunmore v. United States*, 358 F.3d 1107, 1116 (9th Cir. 2004). Plaintiff argues that the present adversary proceeding is core because it seeks a determination of what property belongs to the bankruptcy estate. However, whatever rights the bankruptcy estate may have against the defendants in this case with respect to the disputed shares in Coastal Cypress and ACP does not depend on Title 11 for its existence. The relevant events at issue in the Complaint (such as the alleged issuance or transfer of shares to the defendants other than Brower, Brower's premarital agreement, and the gifting of ACP shares to Patricia Brower)

preceded the bankruptcy action by several years. The parties' respective rights will be governed by non-bankruptcy California law, including whether the defendants other than Brower are legal titleholders to the disputed Coastal Cypress shares under the California Commercial Code and Corporations Code, and whether the ACP shares are community property under the California Family Code. An action for declaratory relief regarding ownership of the disputed shares easily could have been brought in another forum. *See, e.g., In re Temecula Valley Bancorp.*, 523 B.R. 210, 222-223 (C.D. Cal. 2014) (chapter 7 trustee's adversary proceeding for declaratory judgment that tax refund was property of bankruptcy estate was non-core).

Because Plaintiff's first and second claims for relief are non-core, Brower did not waive his right to a jury trial by filing for bankruptcy.

## III. CONCLUSION

For the foregoing reasons, Defendant Robert S. Brower, Sr. respectfully requests that the Court grant Brower's motion and rule that Brower is entitled to a jury trial with respect to the First and Second Claims.

Dated: January 3, 2018                                JAURIGUE LAW GROUP


                                                      /s/ *Ryan A. Stubbe*
                                                      Michael J. Jaurigue
                                                      Ryan A. Stubbe
                                                      *[Proposed] Attorneys for*
                                                      *Robert S. Brower, Sr.,*
                                                      *Defendant*

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles; I am over the age of eighteen years and am not a party to the within action; and my business address is 300 W. Glenoaks Blvd., Suite 300, Glendale, California 91202.

On **January 3, 2018**, I served the document(s) described as **DEFENDANT ROBERT S. BROWER, SR.'S REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF RIGHT TO JURY TRIAL** as follows:

☐ **BY U.S. MAIL:** I enclosed the document(s) in sealed envelopes and/or packages addressed to the persons at the addresses listed on the Service List and placed the envelopes for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, the envelope(s) and/or package(s) containing the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Glendale, California in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal-cancellation date or postage-meter date is more than one day after the date of deposit for mailing.

☐ **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope (or envelopes) or package (or packages) provided by an overnight-delivery carrier and addressed to the person(s) at the address(es) above. I placed the envelope(s) or package(s) for collection and overnight delivery at an office or a regularly utilized drop-box of the overnight-delivery carrier.

☐ **BY HAND-DELIVERY:** I caused an envelope (or envelopes) containing the document(s) to be delivered by hand to in open court to the individual(s) listed above.

XXX **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on **January 3, 2018**, at Glendale, California.

/s/ Ryan A. Stubbe
Ryan A. Stubbe