SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
ssacks@sheppardmullin.com
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Plaintiff,
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>        Debtor. | Case No. 15-50801<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>        Plaintiff,<br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>        Defendants. | Adv. Proc. No. 17-05044<br><br>***EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**<br><br>Place: United States Bankruptcy Court<br>       280 South First Street<br>       San Jose, CA 95113-3099<br>Judge: Hon. Elaine Hammond<br>Crtrm: 3020 |

Plaintiff MUFG Union Bank, N.A. ("Union Bank") files this *Ex Parte Application for Temporary Restraining Order and Order To Show Cause Why Preliminary Injunction Should Not Be Issued* (the "Application") and moves the Court on an emergency basis for a temporary restraining order and an order to show cause why a preliminary injunction should not be entered against Defendants American Commercial Properties, Inc. ("ACP"), Coastal Cypress Corporation ("Coastal")[1], Patricia Brower, and Robert Brower, Sr..

This Application is made pursuant to Section 105 of the Bankruptcy Code, Fed.R.Civ.P. 65 made applicable by Fed.R.Bankr.P. 7065, Bankruptcy Local Rules 1001-2(a)(65-1), 7007-1 and 9013-1 and Northern District Local Rule 65-1.

The Application is based on the discussion below, the accompanying memorandum of points and authorities (the "Memorandum"), the concurrently filed declaration of Isaiah Weedn, the Plaintiff's complaint against the defendants in this action, and such other matters as may be called to the attention of the Court at or before the *ex parte* hearing.

## DISCUSSION

This Application implicates the Second and Fourth Claims for Relief set forth in Union Bank's first amended complaint in this adversary proceeding (Dkt. No. 3) (the "Complaint"). These claims for relief both relate to the sole asset of ACP – a residence in Carmel, CA with a mailing address of 28088 Barn Court that was formerly inhabited by defendants Robert Brower, Sr. and Patricia Brower (the "Barn Court Residence"). In the Second Claim for Relief, Union Bank requests declaratory relief finding that all of the equity interests in ACP are either Robert Brower, Sr.'s separate property or are community property available to creditors in this bankruptcy rather than Patricia Brower's sole and separate property. The Fourth Claim for Relief notes that the

---

[1] All references to Coastal Cypress Corporation herein are to both the Delaware corporation and the California corporation by that name.

Barn Court Residence has been listed for sale and requests that requiring that the net proceeds of any sale, transfer, or encumbrance of the Barn Court Residence shall be deposited into a blocked account and remain there pending resolution of the Second Claim for Relief.

Union Bank has now learned, for the first time on January 22, 2018, that ACP has gone in contract with a buyer for the sale of the Barn Court Residence. Also on January 22, 2018, Union Bank learned for the first time that two deeds of trust encumbering alleged obligations to Coastal in the aggregate stated amount of $495,000 were recorded against the Barn Court Residence in 2017 (collectively, the "Coastal Deeds of Trust"). Immediately upon learning of the sale contract and the Coastal Deeds of Trust, Union Bank requested a stipulation for the relief sought in this Application and demanded information regarding the status of the Barn Court Residence and any pending sale of the same. Coastal and ACP refused the requested stipulation and did not provide any of the requested information, necessitating the filing of this Application on an emergency basis.

In the absence of the relief requested in the Application, Mr. Brower, Mrs. Brower, ACP, and Coastal could dissipate the funds of ACP and Coastal, irreparably harming the Plaintiff's rights in this action. Indeed, given how adept Mr. Brower has proven to be adept in moving assets among his various entities he controls, the absence of a TRO and injunction may preclude recovery altogether.

By this Application, Union Bank seeks on an emergency basis a temporary restraining order, pending the hearing on Union Bank's application for preliminary injunction, and an order to show cause why a preliminary injunction should not be entered against ACP, Coastal, Patricia Brower, and Robert Brower, Sr. restraining and enjoining them from transferring, encumbering, dissipating or otherwise disposing in any manner or by any means the net proceeds of the sale of the Barn Court Residence, and requiring the net proceeds of any sale, transfer, or encumbrance of the Barn Court Residence to be deposited into a blocked account and remain there pending resolution of the Second Claim for Relief. For the purposes of the Application, "net proceeds" shall include the sale price

less any payments made out of escrow for ordinary closing costs, broker commissions of six percent or less, and the release of liens other than the liens of the two Coastal Deeds of Trust, or any other lien held by Robert Brower, Sr., Patricia Brower, or any of the other defendants in this lawsuit. In other words, all funds to be paid to either ACP or Coastal from the sale of the Barn Court Residence should be deposited into a blocked account and remain there pending resolution of the Second Claim for Relief.

Such relief is sought on the basis that (a) the relief is justified under Section 105 of the Bankruptcy Code and traditional equitable principles, (b) Union Bank has a reasonable likelihood of reorganization – indeed, it has a confirmed a plan already – and a reasonable likelihood of prevailing on the Second Claim for Relief, (c) absent immediate injunctive relief, Defendants ACP, Coastal, Robert Brower, Sr., Patricia Brower, and those acting in concert with them have both the opportunity and the incentive to further transfer or conceal the assets, which will cause Union Bank and Mr. Brower's bankruptcy estate to suffer irreparable harm and severe hardship, (d) the balance of hardships tips strongly in favor of the granting a temporary restraining order and a preliminary injunction, and (e) granting relief under these circumstances is consistent with the public interest. Each of these points is discussed in detail in the concurrently filed Memorandum and the other supporting papers.

Pursuant to Federal Rule of Bankruptcy Procedure 7065, Union Bank requests that such a temporary restraining order be issued without compliance with Federal Rule of Civil Procedure 65(c).

A proposed order (the "Proposed Order") granting the relief requested in this Application, including the requested temporary restraining order is attached to this Application as <u>Exhibit A</u>.

## CONCLUSION

WHEREFORE, Plaintiff Union Bank requests that the Court: (a) grant the relief requested in this Application and enter a temporary restraining order and an order to

show cause why a preliminary injunction should not be entered as requested, and (b) grant such other relief as the Court deems necessary and appropriate.

Dated: January 24, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _/s/ Michael Lauter_
MICHAEL LAUTER

Counsel for the Plaintiff,
MUFG UNION BANK, N.A.

**EXHIBIT A**

**(Proposed Order)**

| | |
|---|---|
| In re | Case No. 15-50801 |
| ROBERT BROWER, SR., | Chapter 11 |
| Debtor. | |
| MUFG UNION BANK, N.A., | Adv. Proc. No. 17-05044 |
| Plaintiff, | **[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED** |
| v. | |
| ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50, | Place: United States Bankruptcy Court<br>280 South First Street<br>San Jose, CA 95113-3099<br>Judge: Hon. Elaine Hammond<br>Crtrm: 3020 |
| Defendants. | |

The Court, having considered the *ex parte* application (the "Application") of Plaintiff MUFG Union Bank, N.A. ("Union Bank") filed on January 24, 2018 for a temporary restraining order against all Defendants American Commercial Properties, Inc. ("ACP"), Coastal Cypress Corporation, a Delaware corporation ("Coastal Delaware"), Coastal Cypress Corporation, a California corporation ("Coastal California," and together with Coastal Delaware, "Coastal"), Patricia Brower, and Robert Brower, Sr., the evidence and record submitted in support of the Application, and finding good cause for the relief requested in the Application,

1    **HEREBY ORDERS THAT** ACP, Coastal, and their officers, directors, agents,
2    affiliates, servants, employees, and attorneys, and all persons in active concert or
3    participation with any or all of them (including but not limited to Patricia Brower and
4    Robert Brower, Sr.), who receive notice of this order as set forth below, from transferring,
5    encumbering, dissipating or otherwise disposing in any manner or by any means the net
6    proceeds of the sale of the residence owned by ACP with a mailing address of 28088 Barn
7    Court, Carmel, CA (the "Barn Court Residence"). Coastal and ACP shall place the net
8    proceeds of the Barn Court Residence in a blocked account where such proceeds shall
9    remain until the resolution of the Second Claim for Relief in the first amended adversary
10   complaint filed by Union Bank in this action. For the purposes of this Order, "net
11   proceeds" shall include the sale price less any payments made out of escrow for ordinary
12   closing costs, broker commissions of six percent or less, and the release of liens other than
13   the liens of the two Coastal Deeds of Trust (as defined in the Application), or any other
14   lien held by Robert Brower, Sr., Patricia Brower, or any of the other defendants in this
15   lawsuit. In other words, all funds to be paid to either ACP or Coastal from the sale of the
16   Barn Court Residence should be deposited into a blocked account and remain there
17   pending resolution of the Second Claim for Relief.

18   **FURTHER, THE DEFENDANTS ARE HEREBY ORDERED TO SHOW**
19   **CAUSE,** at __:__ _.m. on February __, 2018, or as soon as soon thereafter as counsel may
20   be heard in the courtroom of the Honorable M. Elaine Hammond, located at 280 South
21   First Street, San Jose, CA 95113-3099, Courtroom 3020, why the Court should not issue a
22   preliminary injunction that shall remain in effect pending further order of this Court or
23   entry of final judgment herein.

24   **IT IS ALSO HEREBY ORDERED THAT** this Order (the "Order To Show
25   Cause") shall be served upon all defendants in this adversary proceeding by personal
26   service, overnight mail, email or facsimile within two (2) business days of the issuance
27   hereof. Union Bank, and any other party in interest, shall file and serve all pleadings and
28   papers in connection with the hearing on the Order to Show Cause on all defendants and

-2-

the United States Trustee's representative by personal service, overnight mail, email or facsimile by no later than _____ \_\_, 2018, and proof of service thereof shall be filed no later than \_\_\_\_\_ \_\_, 2018. Any response or opposition to this Order To Show Cause must be filed and served by personal service, overnight mail, email or facsimile on Union Bank's counsel and the United States Trustee's representative no later than _____ \_\_\_, 2018, and proof of service shall be filed no later than _____ \_\_\_, 2018. Any reply by any party in interest shall be filed by _____ \_\_\_, 2018, and proof of service shall be filed no later than _____ \_\_\_, 2018.

**\*\* END OF ORDER \*\***