SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
ssacks@sheppardmullin.com
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Plaintiff,
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | Adv. Proc. No. 17-05044<br><br>**DECLARATION OF ISAIAH WEEDN IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**<br><br>Place: United States Bankruptcy Court<br>280 South First Street<br>San Jose, CA 95113-3099<br>Judge: Hon. Elaine Hammond<br>Crtrm: 3020 |

DECLARATION OF ISAIAH Z. WEEDN

I, Isaiah Z. Weedn, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with Sheppard, Mullin, Richter & Hampton, LLP, attorneys of record for plaintiff MUFG Union Bank, N.A. ("Plaintiff" or "Union Bank").

2. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3. This declaration is submitted in support of Plaintiff's *Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Issued* (the "Application").

4. On January 22, 2018, I sent an e-mail to David Balch ("Balch"), counsel for the defendants in this adversary proceeding (the "Defendants"), requesting further information regarding the pending sale of the property located at 28088 Barn Court, Carmel, CA 93923 (the "Barn Court Residence"). I also asked Mr. Balch to stipulate that all sale proceeds from any sale of the Barn Court Residence be maintained in segregated, blocked accounts by the recipients of those funds pending the outcome of the adversary proceeding. Given the urgency of the matter, I requested that Mr. Balch respond by 5pm the following day. Mr. Balch sent a response immediately indicating that he would talk to his client in the morning, but I never received any further response to my email. True and correct copies of my January 22, 2018 email to Mr. Balch and his sole response thereto are attached to this declaration as Exhibit A.

5. Also on January 22, 2018, I checked the web-based real estate database, Redfin.com, which listed the Barn Court Residence as being under contract and pending sale. A true and correct copy of printout of the listing for the Barn Court Residence obtained from Redfin.com on January 24, 2018 is attached hereto as Exhibit B.

6. Attached hereto as Exhibit C are true and correct copies of two deeds of trust recorded against the Barn Court Residence in 2017, which were provided to me by Chicago

Title Company on January 22, 2018. I was not aware of these deeds of trust prior to January 22, 2018.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 24th day of January, 2018, at Costa Mesa, California.

*/s/ Isaiah Z. Weedn*
Isaiah Z. Weedn

Case: 17-05044 Doc# 69 Filed: 01/24/18 Entered: 01/24/18 15:07:48 Page 3 of 22

# Exhibit A

**From:** David Balch <david@lg-attorneys.com>
**Sent:** Monday, January 22, 2018 4:22 PM
**To:** Isaiah Weedn
**Cc:** Steven Sacks; Michael Lauter; 'Nicole C. Prado'; Lisa Austin; Bobby Samini; Ryan Stubbe; Michael Jaurigue
**Subject:** RE: MUFG Union Bank, N.A. v. Brower et al. - Injunction re ACP Property Sale Proceeds

Thx for the heads up. I forwarded this to my client and I will speak with him first thing in the morning about it.

David Balch
**L+G, LLP**
318 Cayuga Street
Salinas, CA 93901
Direct: 831-269-7086
Cell: 831-809-5262
Email: david@lg-attorneys.com

---

**From:** Isaiah Weedn [mailto:IWeedn@sheppardmullin.com]
**Sent:** Monday, January 22, 2018 4:21 PM
**To:** David Balch <david@lg-attorneys.com>
**Cc:** Steven Sacks <SSacks@sheppardmullin.com>; Michael Lauter <mlauter@sheppardmullin.com>; 'Nicole C. Prado' <nprado@SaminiLaw.com>; Lisa Austin <laustin@SaminiLaw.com>; Bobby Samini <bsamini@SaminiLaw.com>; Ryan Stubbe <Ryan@jlglawyers.com>; Michael Jaurigue <Michael@jlglawyers.com>
**Subject:** MUFG Union Bank, N.A. v. Brower et al. - Injunction re ACP Property Sale Proceeds

Dear David,

As you are presumably aware, the Brower residence located at 28088 Barn Court, Carmel, CA 93923 (the "Property") has been listed for sale for some time. However, we learned today that a sale of the Property is now pending. In addition, we have also learned today that two deeds of trust were recorded against the Property in the past 9 months in favor of Coastal Cypress Corporation in the total amount of $495,000 (see attached). To the extent the pending transfer of the Property is a bona-fide, arms'-length transaction to a third party for fair market value, we have no objection to the sale itself. However, in the interest of preserving and preventing the dissipation of assets that we contend belong to Mr. Brower's bankruptcy estate, any and all sale proceeds transferred from escrow to American Commercial Properties, Coastal Cypress Corporation, or any other defendant in the pending adversary action should be maintained in segregated, blocked accounts by the recipients of those funds pending the outcome of the adversary proceeding.

Please provide copies of the sale contract and the most recent closing statement (preliminary or otherwise) for the pending transaction and advise by no later than 5:00 p.m. tomorrow whether your clients will stipulate to maintain the sale proceeds in trust as outlined above. If so, we will provide a written stipulation for your immediate execution. If not, we will proceed with an immediate application for a temporary restraining order and order to show cause re preliminary injunction.

Sincerely,

Isaiah Weedn
714.424.2828 | direct

714.428.5989 | direct fax
IWeedn@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
714.513.5100 | main
www.sheppardmullin.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# Exhibit B

 Sign In

**28088 Barn Way**
Carmel-by-the-Sea, CA 93923

| $385,000 | 3 | 3.5 | 2,412 Sq. Ft. |
|---|---|---|---|
| Last Sold Price | Beds | Baths | $405 / Sq. Ft. |

Redfin Estimate: $976,109
Status: Sold Source: Public Records

**Sale Pending**

The seller has accepted an offer, and the property is now pending or under contract.

County **Monterey**

Source: Public Records

Redfin last checked: over 7 days ago

Redfin has the best data. Why?

Map Nearby Homes For Sale

Expand Map | Street View | Directions

## Nearby Similar Homes

| | | | |
|---|---|---|---|
| 7.0 mi. | | CONTINGENT | 9.2 mi. |

$795,000 — 2 Beds, 2 Baths, 1,372 Sq. Ft.
24520 Outlook Dr #28
CARMEL, CA 93923

$1,069,000 — 3 Beds, 2.5 Baths, 2,062 Sq. Ft.
2914 Ransford Ave
PACIFIC GROVE, CA 93950

Case: 17-05044 Doc# 69 Filed: 01/24/18 Entered: 01/24/18 15:07:48 Page 8 of 22

# Property Details for 28088 Barn Way

**Interior Features**

**Unit Information**
- # of Units: 1

**Room Information**
- # of Rooms: 8

**Fireplace Information**
- Fireplace Type: Yes

**Bathroom Information**
- # of Baths (Total): 4
- # of Half Baths: 1
- # of Full Baths: 3

**Bedroom Information**
- # of Bedrooms: 3

**Parking / Garage, Exterior Features, Taxes / Assessments**

**Parking / Garage Information**
- Primary Garage Type: Yes
- Primary Garage Sq. Ft.: 620
- Parking Type: Garage

**Exterior Information**
- Structural Style: Other
- Framework Structure Material: Wood Frame
- Construction Quality (1-Lowest, 10-Highest): 6
- Building Type: Miscellaneous
- Building Shape: 'L' Shaped

**Assessor Information**
- Year of Last Land Appraisal: 2017

**Property / Lot Details**

**Lot Information**
- Primary Lot Number: 52

**Property Information**
- Property Legal Description: RANCH HOUSE PLACE TRACT NO 918 LOT 52
- Building/Structure Sq.Ft.: 3,032
- Total number of Stories: 2
- Total Sq. Ft. of All Structures: 2,412
- Total Sq. Ft. of All Structures Description: Living Area
- Total Finished Sq. Ft. of All Buildings on Property: 2,412
- Total Assessor Sq. Ft. of Buildings: 2,412
- Permitted Remodel Year: 1981
- # of Structures on Property: 1

# Redfin Tour Insights for 28088 Barn Way

**No Tour Insights on This Listing**

We haven't left any insights about this home yet, but as soon as we do, we'll leave our thoughts here.

# Redfin Estimate for 28088 Barn Way

## $976,109

Last Sold Price Unknown
Estimate based on these recent sales.

A SOLD 12/18/17
$1,180,000
11740 Camino Escondi...
CARMEL VALLEY, CA 93924
3 Beds
2.5 Baths
2,340 Sq. Ft.
B SOLD 6/14/17
$1,080,000
27535 Loma Del Rey
CARMEL VALLEY, CA 93923
4 Beds
3 Baths
2,023 Sq. Ft.

Does something look off? Send Feedback

## Property History for 28088 Barn Way

| Date | Event & Source | Price |
|---|---|---|
| Jan 24, 1992 | Sold (Public Records) | $385,000 |
| Feb 1, 1991 | Sold (Public Records) | $241,500 |
| May 15, 1984 | Sold (Public Records) | $405,000 |

For completeness, Redfin often displays two records for one sale: the MLS record and the public record. Learn More.

## Public Facts for 28088 Barn Way

### Taxable Value

| | |
|---|---|
| Land | $152,363 |
| Additions | $462,736 |
| Total | $615,099 |

Taxes (2017)

**$6,587**

### Home Facts

| | |
|---|---|
| Beds | 3 |
| Baths | 3.5 |
| Finished Sq. Ft. | 2,412 |
| Unfinished Sq. Ft. | — |
| Total Sq. Ft. | 2,412 |
| Floors | 2 |
| Lot Size | — |
| Style | Townhouse |
| Year Built | 1981 |
| Year Renovated | 1981 |
| County | Monterey County |
| APN | 416541052000 |

Home facts updated by county records on Aug 10, 2017.

## Activity for 28088 Barn Way

| 676 Views | 16 Favorites | 7 X-Outs |
|---|---|---|

## Schools

Serving This Home | Elementary | Middle | High

| School Name & GreatSchools Rating | Distance |
|---|---|
| 8 Tularcitos Elementary School | 4.0 mi |
| 9 Carmel Middle School | 5.9 mi |
| NR Carmel Valley High School | 2.1 mi |
| 10 Carmel High School | 6.8 mi |

School data provided by GreatSchools. School service boundaries are intended to be used as reference only. To verify enrollment eligibility for a property, contact the school directly.

## Neighborhood Info for 28088 Barn Way

California > Carmel-by-the-Sea > 93923

### Transportation in 93923

Case: 17-05044 Doc# 69 Filed: 01/24/18 Entered: 01/24/18 15:07:48 Page 10 of 22



Walk Score®

4

This area is car dependent — almost all errands require a car.

### 93923 Real Estate Sales (Last 30 days)

| | | | |
|---|---|---|---|
| Median List Price | **$1,999,000** | Avg. # Offers | — |
| Median $ / Sq. Ft. | **$716** | Avg. Down Payment | — |
| Median Sale / List | **93%** | # Sold Homes | **13** |

### Median Real Estate Values

| Location | List Price | $ / Sq. Ft. | Sale / List |
|---|---|---|---|
| Ranch House Place | $1,195,000 | $464 | — |
| Carmel | $1,195,000 | $464 | — |
| 93923 | $1,195,000 | $464 | — |
| Monterey County | $769,000 | $464 | 98.2% |

## Similar Homes to 28088 Barn Way

**Nearby Homes for Sale**

7.0 mi.

$795,000
24520 Outlook Dr #28
CARMEL, CA 93923

2 Beds 2 Baths 1,372 Sq. Ft.

Case: 17-05044 Doc# 69 Filed: 01/24/18 Entered: 01/24/18 15:07:48 Page 11 of 22

CONTINGENT

9.2 mi.

$1,069,000
2914 Ransford Ave
PACIFIC GROVE, CA 93950

3 Beds 2.5 Baths 2,062 Sq. Ft.

33.5 mi.

$459,000
3003 Corte Cabrillo
APTOS, CA 95003

2 Beds 2 Baths 918 Sq. Ft.

CONTINGENT

0.7 mi.

$1,290,000
9581 Redwood Ct
CARMEL, CA 93923

| 3 | 3.5 | 2,333 |
|---|---|---|
| Beds | Baths | Sq. Ft. |

CONTINGENT

11.9 mi.

$410,500
345 Coleridge Dr #68
SALINAS, CA 93901

| 3 | 1.5 | 1,536 |
|---|---|---|
| Beds | Baths | Sq. Ft. |

Case: 17-05044 Doc# 69 Filed: 01/24/18 Entered: 01/24/18 15:07:48 Page 13 of 22

# Exhibit C

Recording requested by:
Coastal Cypress Corporation
P.O. Box 1627
Ocean View, DE 19970

And when recorded, mail to:
Coastal Cypress Corporation
P.O. Box 1627
Ocean View, DE 19970

Stephen L. Vagnini
Monterey County Recorder
Recorded at the request of
**Filer**

CRDAWN
5/25/2017
10:31:04

DOCUMENT: 2017027868

Titles: 2/ Pages: 4

| | |
|---|---|
| Fees.... | 51.00 |
| Taxes... | |
| Other... | 8.00 |
| AMT PAID | $59.00 |

For recorder's use

# DEED OF TRUST AND ASSIGNMENT OF RENTS SECURING A PROMISSORY NOTE

This Deed of Trust, made April 7, 2017, between American Commercial Properties, Inc., whose address is 28088 Barn Court, Carmel, California 93923, as the Trustor, and Coastal Cypress Corporation, a Delaware Corporation, as the Trustee, whose address is P.O. Box 1627, Ocean View, Delaware 19970, as the Beneficiary.

1. Trustor hereby **IRREVOCABLY GRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE,**
   1.1 the real property in the City of Carmel, County of Monterey, California, referred to as:
   28088 Barn Court, Carmel, California 93923
   Assessment #416-541-052-000

   APN: 416-541-052-000
   1.2 TOGETHER WITH the rents, issues and profits of the real property, subject to the provisions of §3.4, herein to collect and apply the rents, issues and profits,
   1.3 **For the purpose of securing payment of:**
      a) the indebtedness evidenced by a promissory note of the same date executed by Trustor, in the sum of $245,000.00;
      b) Any additional sums and interest hereafter loaned by Beneficiary to the then record Owner of the real property, evidenced by a promissory note or notes, referencing this Deed of Trust as security for payment;
      c) The Beneficiary's charge for a statement regarding the secured obligations requested by or for Trustor; and
      d) The performance of each agreement contained in this Deed of Trust.
2. **To protect the security of this Deed of Trust, Trustor agrees:**
   **2.1 CONDITION OF PROPERTY** – To keep the property in good condition and repair; not to remove or demolish any building; to complete and restore any building which may be constructed, damaged or destroyed; to comply with all laws affecting the property or requiring any alterations or improvements to be made; not to commit or permit waste; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of the property may be reasonably necessary.
   **2.2 HAZARD INSURANCE** – Trustor will continuously maintain hazard insurance against loss by fire, hazards included within the term "extended coverage," and any other hazards for which Beneficiary requires insurance. The insurance will be maintained in the amounts and for the periods Beneficiary requires. The insurance carrier providing the insurance will be chosen by

Trustor, subject to Beneficiary's approval, which will not be unreasonably withheld. All insurance policies will be acceptable to Beneficiary, and contain loss payable clauses acceptable to Beneficiary. Beneficiary will have the right to hold policies and renewals.

In the event of loss, Trustor will give prompt notice to the insurance carrier and Beneficiary. Beneficiary may make proof of loss if not made promptly by Trustor. Beneficiary may place the proceeds in a non-interest bearing account to be used for the cost of reconstruction of the damaged improvements. If Trustor fails to reconstruct, Beneficiary may receive and apply the loan proceeds to the principal debt hereby secured, without a showing of impairment.

**2.3 ATTORNEY FEES** – To appear in and defend any action or proceeding purporting to affect the security, or the rights and powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidencing title and attorney fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear.

**2.4 TAXES AND SENIOR ENCUMBERANCES** – To pay at least 10 days before delinquency: all taxes and assessments affecting the property, including water stock assessments when due, all encumbrances, charges and liens, with interest, on the property which are or appear to be senior to this Deed of Trust; and all expenses of this Deed of Trust.

**2.5 ACTS AND ADVANCES TO PROTECT THE SECURITY** – If Trustor fails to make any payment or to perform any act provided for in this Deed of Trust, then Beneficiary or Trustee may, without obligation to do so, and with or without notice or demand upon Trustor, and without releasing Trustor from any obligation under this Deed of Trust:

   a) Make or do the same to the extent either deems necessary to protect the security, Beneficiary or Trustee being authorized to enter upon the property to do so;

   b) Appear in or commence any action or proceeding purporting to affect the security, or the rights or powers of Beneficiary or Trustee;

   c) Pay, purchase, contest or settle any encumbrance, charge or lien that appears to be senior to this Deed of Trust.

   In exercising the power of this provision, Beneficiary or Trustee may incur necessary expenses, including reasonable attorney fees.

Trustor to immediately pay all sums expended by Beneficiary or Trustee provided for in this Deed of Trust, with interest from date of expenditure at the same rate as the principal debt hereby secured.

**3. It is further mutually agreed that:**

**3.1 ASSIGNMENT OF DAMAGES** –Any award of damages made in connection with:

   a) Condemnation for use of or injury to the property by the public, or conveyance in lieu of condemnation; or

   b) Injury to the property by any third party;

   is assigned to Beneficiary, who may apply or release the proceeds of such an award in the same manner and with the same effect as above provided for the disposition of hazard insurance proceeds.

**3.2 WAIVER** – By accepting payment of any sum due after its due date, Beneficiary does not waive Beneficiary's right to either require prompt payment when due of all other sums or to declare a default for failure to pay. Beneficiary may waive a default of any agreement of this Deed of Trust, by consent or acquiescence, without waiving any prior or subsequent default.

**3.3 DUE-ON-SALE** – If Trustor decides to sell, transfer or convey any interest in the property, legal or equitable, either voluntarily or by operation of law, then Beneficiary may, at Beneficiary's option, declare all sums secured by this Deed of Trust immediately due and payable.

**3.4 ASSIGNMENT OF RENTS** – Trustor hereby assigns and transfers to Beneficiary all right, title and interest in rents generated by the property, including rents now due, past due, or to become due under any use of the property, to be applied to the obligations secured by this Deed of Trust.

  a) Prior to a default on this Deed of Trust by Trustor, Trustor will collect and retain the rents
b) On default by Trustor, Beneficiary will immediately be entitled to possession of all unpaid rents.

**3.5 ACCELERATION** – If payment of any indebtedness or performance of any agreement secured by this Deed of Trust is in default, Beneficiary may at Beneficiary's option, with or without notice to Trustor, declare all sums secured immediately due and payable by:

a) Commencing suit for their recovery or for foreclosure of this Deed of Trust
b) Delivering to Trustee a written notice declaring a default with demand for sale; a written Notice of Default and election to sell to be recorded by Trustee.

**3.6 TRUSTEE'S SALE** – On default of any obligation secured by this Deed of Trust and acceleration of all sums due, Beneficiary may instruct Trustee to proceed with a sale of the secured property under the power of sale granted herein, noticed and held in accordance with California Civil Code §2924 et seq.

**3.7 TRUSTOR'S OFFSET STATEMENT** - Within 10 days of Trustor's receipt of a written request by Beneficiary, Trustor will execute a written estoppel affidavit identifying for the benefit of any assignee or successor in interest of Beneficiary: the then owner of the secured property; the terms of the secured note, including its remaining principal balance; any taxes or assessments due on the secured property; that the secured note is valid and the Trustor received full and valid consideration for it; and that Trustor understands the note and this Deed of Trust are being assigned.

4. **ADDENDA** – If any of the following addenda are executed by Trustor and recorded together with this Deed of Trust, the covenants and agreements of each will incorporate, amend and supplement the agreements of this Deed of Trust (check applicable boxes by hand): ☐ owner-occupancy rider; ☐ all-inclusive trust deed addendum; ☐ impounds for taxes and insurance addendum ☐ Private Mortgage Insurance (PMI) rider ☐ other:
5. **RECONVEYANCE** – Upon written request from Beneficiary stating that all sums secured by this Deed of Trust have been paid, surrender of this Deed of Trust and the note to Trustee for cancellation, and payment of Trustee's fees, Trustee will reconvey the property held under this Deed of Trust.
6. **SUCCESSORS, ASSIGNS AND PLEDGEES** – This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary will mean the holders and owner of the secured note, or, if the note has been pledged, the pledgee.
7. **TRUSTEE'S FORECLOSURE NOTICES** – The undersigned Trustor(s) requests a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to Trustor at the address herein set forth.

American Commercial Properties, Inc.

Date: 5-9-2017 By Trustor: [signature] President
*(signature)*
Patricia Ann Brower, President

Date: ____________ Trustor: ______________________________
*(signature)*

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of Delaware
County of SUSSEX

On 9th OF MAY 2017 before me, PATRICIA ANN BROWN, personally appeared ____________________, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**NOTARY SEAL**

WITNESS my hand and official seal.

Signature of Notary

FLEMMING HANSEN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires November 9, 2017

**END OF DOCUMENT**

Recording requested by:
Coastal Cypress Corporation
P.O. Box 1627
Ocean View, DE 19970

And when recorded, mail to:
Coastal Cypress Corporation
P.O. Box 1627
Ocean View, DE 19970

2017062869
Stephen L. Vagnini
Monterey County Clerk-Recorder
11/13/2017 10:02 AM
Recorded at the request of:
COASTAL CYPRESS CORPORATION
Titles: 1 Pages: 4
Fees: $42.00
Taxes: $0.00
AMT PAID: $42.00

For recorder's use

# DEED OF TRUST

This Deed of Trust, made November 10, 2017, between American Commercial Properties, Inc., whose address is 28088 Barn Court, Carmel, California 93923, as the Trustor, and Coastal Cypress Corporation, a California Corporation, as the Trustee, whose address is P.O..Box 1627, Ocean View, Delaware 19970, as the Beneficiary.

1. Trustor hereby **IRREVOCABLY GRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE,**
   1.1 the real property in the City of Carmel, County of Monterey, California, referred to as:
   28088 Barn Court, Carmel, California 93923
   Assessment #416-541-052-000

   APN: 416-541-052-000
   1.2 TOGETHER WITH the rents, issues and profits of the real property, subject to the provisions of §3.4, herein to collect and apply the rents, issues and profits,
   1.3 **For the purpose of securing payment of:**
   a) the indebtedness evidenced by a promissory note of the same date executed by Trustor, in the sum of $250,000.00;
   b) Any additional sums and interest hereafter loaned by Beneficiary to the then record Owner of the real property, evidenced by a promissory note or notes, referencing this Deed of Trust as security for payment;
   c) The Beneficiary's charge for a statement regarding the secured obligations requested by or for Trustor; and
   d) The performance of each agreement contained in this Deed of Trust.
2. **To protect the security of this Deed of Trust, Trustor agrees:**
   **2.1 CONDITION OF PROPERTY** – To keep the property in good condition and repair; not to remove or demolish any building; to complete and restore any building which may be constructed, damaged or destroyed; to comply with all laws affecting the property or requiring any alterations or improvements to be made; not to commit or permit waste; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of the property may be reasonably necessary.
   **2.2 HAZARD INSURANCE** – Trustor will continuously maintain hazard insurance against loss by fire, hazards included within the term "extended coverage," and any other hazards for which Beneficiary requires insurance. The insurance will be maintained in the amounts and for the periods Beneficiary requires. The insurance carrier providing the insurance will be chosen by

Trustor, subject to Beneficiary's approval, which will not be unreasonably withheld. All insurance policies will be acceptable to Beneficiary, and contain loss payable clauses acceptable to Beneficiary. Beneficiary will have the right to hold policies and renewals.

In the event of loss, Trustor will give prompt notice to the insurance carrier and Beneficiary. Beneficiary may make proof of loss if not made promptly by Trustor. Beneficiary may place the proceeds in a non-interest bearing account to be used for the cost of reconstruction of the damaged improvements. If Trustor fails to reconstruct, Beneficiary may receive and apply the loan proceeds to the principal debt hereby secured, without a showing of impairment.

**2.3 ATTORNEY FEES** – To appear in and defend any action or proceeding purporting to affect the security, or the rights and powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidencing title and attorney fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear.

**2.4 TAXES AND SENIOR ENCUMBERANCES** – To pay at least 10 days before delinquency: all taxes and assessments affecting the property, including water stock assessments when due, all encumbrances, charges and liens, with interest, on the property which are or appear to be senior to this Deed of Trust; and all expenses of this Deed of Trust.

**2.5 ACTS AND ADVANCES TO PROTECT THE SECURITY** – If Trustor fails to make any payment or to perform any act provided for in this Deed of Trust, then Beneficiary or Trustee may, without obligation to do so, and with or without notice or demand upon Trustor, and without releasing Trustor from any obligation under this Deed of Trust:

a) Make or do the same to the extent either deems necessary to protect the security, Beneficiary or Trustee being authorized to enter upon the property to do so;
b) Appear in or commence any action or proceeding purporting to affect the security, or the rights or powers of Beneficiary or Trustee;
c) Pay, purchase, contest or settle any encumbrance, charge or lien that appears to be senior to this Deed of Trust.

In exercising the power of this provision, Beneficiary or Trustee may incur necessary expenses, including reasonable attorney fees.

Trustor to immediately pay all sums expended by Beneficiary or Trustee provided for in this Deed of Trust, with interest from date of expenditure at the same rate as the principal debt hereby secured.

**3. It is further mutually agreed that:**

**3.1 ASSIGNMENT OF DAMAGES** –Any award of damages made in connection with:

a) Condemnation for use of or injury to the property by the public, or conveyance in lieu of condemnation; or
b) Injury to the property by any third party;

is assigned to Beneficiary, who may apply or release the proceeds of such an award in the same manner and with the same effect as above provided for the disposition of hazard insurance proceeds.

**3.2 WAIVER** – By accepting payment of any sum due after its due date, Beneficiary does not waive Beneficiary's right to either require prompt payment when due of all other sums or to declare a default for failure to pay. Beneficiary may waive a default of any agreement of this Deed of Trust, by consent or acquiescence, without waiving any prior or subsequent default.

**3.3 DUE-ON-SALE** – If Trustor decides to sell, transfer or convey any interest in the property, legal or equitable, either voluntarily or by operation of law, then Beneficiary may, at Beneficiary's option, declare all sums secured by this Deed of Trust immediately due and payable.

**3.4 ASSIGNMENT OF RENTS** – Trustor hereby assigns and transfers to Beneficiary all right, title and interest in rents generated by the property, including rents now due, past due, or to become due under any use of the property, to be applied to the obligations secured by this Deed of Trust.

a) Prior to a default on this Deed of Trust by Trustor, Trustor will collect and retain the rents
b) On default by Trustor, Beneficiary will immediately be entitled to possession of all unpaid rents.

**3.5 ACCELERATION –** If payment of any indebtedness or performance of any agreement secured by this Deed of Trust is in default, Beneficiary may at Beneficiary's option, with or without notice to Trustor, declare all sums secured immediately due and payable by:

a) Commencing suit for their recovery or for foreclosure of this Deed of Trust
b) Delivering to Trustee a written notice declaring a default with demand for sale; a written Notice of Default and election to sell to be recorded by Trustee.

**3.6 TRUSTEE'S SALE** – On default of any obligation secured by this Deed of Trust and acceleration of all sums due, Beneficiary may instruct Trustee to proceed with a sale of the secured property under the power of sale granted herein, noticed and held in accordance with California Civil Code §2924 et seq.

**3.7 TRUSTOR'S OFFSET STATEMENT** - Within 10 days of Trustor's receipt of a written request by Beneficiary, Trustor will execute a written estoppel affidavit identifying for the benefit of any assignee or successor in interest of Beneficiary: the then owner of the secured property; the terms of the secured note, including its remaining principal balance; any taxes or assessments due on the secured property; that the secured note is valid and the Trustor received full and valid consideration for it; and that Trustor understands the note and this Deed of Trust are being assigned.

4. **ADDENDA –** If any of the following addenda are executed by Trustor and recorded together with this Deed of Trust, the covenants and agreements of each will incorporate, amend and supplement the agreements of this Deed of Trust (check applicable boxes by hand): ☐ owner-occupancy rider; ☐ all-inclusive trust deed addendum; ☐ impounds for taxes and insurance addendum ☐ Private Mortgage Insurance (PMI) rider ☐ other:
5. **RECONVEYANCE** – Upon written request from Beneficiary stating that all sums secured by this Deed of Trust have been paid, surrender of this Deed of Trust and the note to Trustee for cancellation, and payment of Trustee's fees, Trustee will reconvey the property held under this Deed of Trust.
6. **SUCCESSORS, ASSIGNS AND PLEDGEES –** This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary will mean the holders and owner of the secured note, or, if the note has been pledged, the pledgee.
7. **TRUSTEE'S FORECLOSURE NOTICES** – The undersigned Trustor(s) requests a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to Trustor at the address herein set forth.

American ~~Commercial~~ Properties, Inc.

Date: 11/10/17 By Trustor: [signature], President
*(signature)*
Patricia Ann Brower, President

Date: ________________ Trustor: ______________________________
*(signature)*

*This certificate is attached to a* 3 *page document dated* 11/10/17 *entitled* DEED OF TRUST 28088 BARN COURT. CARMEL, CA 93923

## ACKNOWLEDGMENT CERTIFICATE

State of DELAWARE
County of SUSSEX

Before me, LYNNE ANNE NICODEMUS, on this
Name of Notary Public
day personally appeared PATRICIA ANN BROWER, PRES. AMERICAN COMMERCIAL PROPERTIES INC
Name of signer(s)

to be the person(s) whose name(s) is/are subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 10TH day of NOVEMBER 2017.
Year

Lynne Anne Nicodemus
Notary Public's Signature

LYNNE ANNE NICODEMUS
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES
SEPTEMBER 12, 2018
(Seal)

***Signer's Identity verified by:***

- ☐ *Personally known to me*
- ☐ *Identity proven on the oath* ______
  Name of credible witness
- ☒ *Identity proven on the basis of* CA DRIVER'S LICENSE
  Description of identity card or other document

Copyright ©2011 American Association of Notaries, Inc. PO Box 630601 Houston, TX 77263 1-800-721-2663 www.usnotaries.com