SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
ssacks@sheppardmullin.com
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Plaintiff,
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>        Debtor. | Case No. 15-50801<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>        Plaintiff,<br>   v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>        Defendants. | Adv. Proc. No. 17-05044<br><br>**DECLARATION OF STEVEN B. SACKS IN SUPPORT OF REPLY REGARDING ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**<br><br>Date: February 15, 2018<br>Time: 10:30 a.m.<br>Place: United States Bankruptcy Court<br>       280 South First Street<br>       San Jose, CA 95113-3099<br>Judge: Hon. Elaine Hammond<br>Crtrm: 3020 |

I, Steven B. Sacks, declare:

1. I am an attorney licensed to practice law in the State of California and am admitted before this Court. I am a partner with the law firm Sheppard Mullin Richter & Hampton LLP, counsel to MUFG Union Bank, N.A. ("Union Bank"), the plaintiff in this adversary proceeding. I have been counsel of record for Union Bank throughout Robert Brower, Sr.'s bankruptcy proceedings. I make this declaration in that capacity. Except for those statements made upon information and belief, the following facts are based upon my personal knowledge and if called to testify, I could and would competently testify to such facts. As to those statements made upon information and belief, I believe them to be true.

2. I make this declaration in support of Union Bank's *Reply Regarding Order to Show Cause Why Preliminary Injunction Should Not Be Issued* (the "Reply") filed concurrently herewith. Capitalized terms not defined in this declaration have the meanings given to them in the Application.

3. I have reviewed the Declaration of Robert Brower, Sr. and attendant exhibits (Doc. 75) (the "Brower Declaration") filed in support of defendants Patricia Brower, Patricia Brower Trust, American Commercial Properties, Inc. ("ACP"), Coastal Cypress Corporation (Delaware and California), and Wilfred "Butch" Lindley's Opposition to Motion for Preliminary Injunction. Based on mine and my Sheppard Mullin colleagues review of documents produced thus far in Mr. Brower's bankruptcy proceedings (inclusive of the underlying bankruptcy and all adversary proceedings), at least the following exhibits to the Brower Declaration were not previously produced by any of the Defendants in this action, including Mr. Brower himself: (1) the first page of Exhibit C, Mr. Brower's letter to Mrs. Brower dated November 8, 2000; (2) Exhibit D, the hand-written "Happy Anniversary" note dated November 8, 2000; and (3) Exhibit H and p. 7-9 of Exhibit J, the Waiver of Notice and Consent to Holding of a Shareholders Meeting of ACP and Minutes of Special Meeting of the Shareholders of ACP dated November 20, 2000.

4. The authenticity of the documents listed in the foregoing paragraph is very much in question and Union Bank intends to take appropriate steps to determine whether

-1-

SMRH:485433315.2

SACKS DECL. I/S/O REPLY REGARDING OSC WHY PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED

Case: 17-05044   Doc# 83   Filed: 02/13/18   Entered: 02/13/18 21:52:10   Page 2 of 4

these documents were in fact created at the dates indicated on them because, among other things and as further detailed below, these documents were not produced in response to Union Bank's previous document requests or claimed to exist in Mr. Brower's previous testimony. Despite extensive discovery having been conducted in the underlying bankruptcy proceeding and related adversary cases, the Bank's counsel did not obtain these documents or even hear of their purported existence prior to reviewing the Brower Declaration.

5. Attached hereto as Exhibit 1 is a true and correct copy of Union Bank's Ex Parte Application for Order Under Bankruptcy Rule 2004 Compelling Examination of and Production of Documents by the Debtor (*i.e.*, Robert Brower, Sr.) in the underlying bankruptcy proceeding (Doc. 42), filed on June 25, 2015. The first two requests for production therein (see p. 7) are as follows:

> 1. Any and all Documents Concerning your assertion that You and Patricia Brower hold no assets as community property, including copies of any agreements between You and Patricia Brower delineating specific assets to be separate property.
>
> 2. Any and all Documents Concerning the ownership interests in American Commercial Properties, including without limitation records of shareholdings, transfers, assignments, and pledges.

6. Attached hereto as Exhibit 2 is a true and correct copy of the Court's Order Approving Union Bank's Application for Rule 2004 Examination and Compelling Production of Documents entered on July 1, 2015 (Doc. 45).

7. Attached hereto as Exhibit 3 is a true and correct copy of Mr. Brower's Objection to Request for Production of Documents attached to the Ex Parte Application for 2004 Examination wherein, in response to Union Bank's request for production Nos. 1 and 2 (see pp. 2-3), Mr. Brower states that he "will produce non-privileged, responsive documents within its custody and control…"

8. Attached hereto as Exhibit 5 is a true and correct copy of an e-mail and pdf attachment thereto, which I received on or about July 28, 2015 from Mr. Brower's

bankruptcy counsel at that time, William Healy. The pdf attachment consisted of Mr. Brower's document production pursuant to the 2004 Examination document requests. Though they would have clearly been responsive to request for production Nos. 1 and 2, the documents identified in paragraph 3 herein, were not included in Mr. Brower's document production.

9. Attached hereto as Exhibit 5 is a true and correct copy of a portion of the transcript of the examination of Robert Brower, Sr. completed pursuant to the Court's Rule 2004 order on July 31, 2015.

10. Attached hereto as Exhibits 6-8 are Union Bank's Requests for Production – Set One served on Mr. Brower, Mrs. Brower, and ACP, respectively, in the instant adversary proceeding. These Requests for Production were served on the corresponding defendants over two months ago, on December 8, 2017. Each of the Requests for Production include a request seeking "All DOCUMENTS concerning any transfers of ACP stock." (*See* Exh. 5, RFP 31; Exh. 6, RFP 31; and Exh. 7, RFP 35.)

11. Attached hereto as Exhibits 9-11 are Responses to Union Bank's Requests for Production – Set One from Mr. Brower, Mrs. Brower, and ACP, respectively, in the instant adversary proceeding. In response to Union Bank's requests for "All DOCUMENTS concerning any transfers of ACP stock" each responding defendant states that they will produce all responsive, non-privileged documents. (*See* Exh. 8, Rsp. to RFP 31; Exh. 6, Rsp. to RFP 31; and Exh. 7, Rsp. to RFP 35.) But the documents identified in paragraph 3 herein were not produced in response to these requests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 13, 2018, at San Francisco, California.

*/s/ Steven B. Sacks*
STEVEN B. SACKS