| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>A Limited Liability Partnership<br>Including Professional Corporations<br>STEVEN B. SACKS, Cal. Bar No. 98875<br>ssacks@sheppardmullin.com<br>MICHAEL M. LAUTER, Cal. Bar No. 246048<br>mlauter@sheppardmullin.com<br>ISAIAH Z. WEEDN, Cal. Bar No. 229111<br>iweedn@sheppardmullin.com<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4109<br>Telephone: 415-434-9100<br>Facsimile: 415-434-3947<br><br>Attorneys for Plaintiff,<br>MUFG UNION BANK, N.A. | |

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>            Debtor. | Case No. 15-50801<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>            Plaintiff,<br>  v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>            Defendants. | Adv. Proc. No. 17-05044<br><br>**STIPULATION REGARDING SALE OF 28088 BARN COURT, CARMEL, CA**<br><br>Place: United States Bankruptcy Court<br>        280 South First Street<br>        San Jose, CA 95113-3099<br>Judge: Hon. Elaine Hammond<br>Crtrm: 3020 |

WHEREAS, on January 24, 2018, the Plaintiff in this adversary proceeding, MUFG Union Bank, N.A. ("Union Bank"), filed an ex parte application (the "Application") seeking a temporary restraining order and order to show cause why a preliminary injunction should not be issued against defendants Robert Brower, Sr., Patricia Brower, Coastal Cypress Corporation, a California corporation, Coastal Cypress Corporation, a Delaware corporation, American Commercial Properties, Inc., a Nevada corporation, and those acting in concert with them (collectively, the "TRO Defendants") against transferring, encumbering, dissipating, or otherwise disposing of the net proceeds of the sale of the residence owned by American Commercial Properties, Inc. with an address of 28088 Barn Court, Carmel, CA (the "Barn Court Residence");

WHEREAS, on January 25, 2018, this Court granted the Application in its Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Issued (the "TRO");

WHEREAS, pursuant to the parties' agreement, the Court extended the terms of the TRO in an order entered February 8, 2018;

WHEREAS, the hearing on the order to show cause in the TRO took place in the above-captioned Court on February 15, 2018 at 10:30 a.m. (the "OSC Hearing");

WHEREAS, Union Bank and the TRO Defendants met and conferred during a recess at the OSC Hearing and reached the agreement set forth below regarding the sale of the Barn Court Residence;

NOW, THEREFORE, Union Bank and the TRO Defendants, by through their counsel of record, hereby STIPULATE as follows:

1. The TRO Defendants may market the Barn Court Residence for sale and may enter into a contract for the sale of the Barn Court Residence without prior approval of Union Bank or the Court.

2. The TRO Defendants must give thirty (30) days' advance written notice of the closing of any sale of the Barn Court Residence. The notice shall include a breakdown of how the sale proceeds will be distributed at closing, identifying the amounts

to be paid and the recipients to receive them, including an estimate of balances of all secured liens to be paid.

3. The TRO Defendants will request the escrow officer in charge of the sale to prepare an estimated closing statement at their earliest opportunity upon entering into a contract for sale. The TRO Defendants shall provide Union Bank with a copy of said closing statement immediately upon receipt, and shall provide Union Bank with a copy of any further estimated and final closing statements that are prepared in connection with the sale of the Barn Court Residence.

4. Upon receiving the notice described in paragraphs 2 and 3 above, Union Bank may, at any time before the noticed closing date, bring an application for a temporary restraining order and order to show cause regarding preliminary injunction in order to prevent the distribution of the proceeds of the sale of the Barn Court Residence, including but not limited to a temporary restraining order and injunction sought in the Application and approved in the TRO.

5. Notwithstanding anything above, no proceeds of the sale of the Barn Court Residence shall be paid to any TRO Defendant, or any other person or entity related to or affiliated with any TRO Defendant, on account of any mortgage or deed of trust recorded against the Barn Court Residence for the benefit of any such party as a mortgagee or beneficiary. Without limiting the foregoing, no payments from the proceeds of the Barn Court Residence shall be made to Coastal Cypress Corporation, a Delaware corporation, or any assignee of Coastal Cypress Corporation, on account of the deeds of trust recorded in the Official Records of Monterey County, California against the Barn Court Residence on May 25, 2017 as Document No. 2017027868 and on November 12, 2017 as Document No. 2017062869. Any proceeds of the sale of the Barn Court Residence that would have been paid on account of any such mortgage or deed of trust shall be placed into a blocked account where such proceeds shall remain until the resolution of the Second Claim for Relief in the first amended adversary complaint filed by Union Bank in this action. The

provisions of this paragraph 5 shall apply whether or not Union Bank seeks a temporary restraining order and injunctive relief pursuant to paragraphs 2, 3, and 4 of this Stipulation.

6. Without limiting the foregoing, in the absence of any further relief requested and obtained by Union Bank pursuant to paragraphs 2, 3, and 4 of this Stipulation, the net sale proceeds of the Barn Court Residence may be distributed to American Commercial Properties, Inc., on account of its ownership interest in the Barn Court Residence.

WHEREFORE, Union Bank and the TRO Defendants request that the Court approve this Stipulation by entering an order in the form attached hereto as Exhibit A.

Dated: February 21, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____
MICHAEL LAUTER

Counsel for the Plaintiff,
MUFG UNION BANK, N.A.

Dated: February 21, 2018

L+G, LLP

By _____ *by Michael Lauter with permission of David Balch by email 2/21/18*
DAVID W. BALCH

Attorneys for COASTAL CYPRESS CORPORATION, a California corporation, and COASTAL CYPRESS CORPORATION, a Delaware corporation

Dated: February 20, 2018

JAURIGUE LAW GROUP

By _____
MICHAEL J. JAURIGUE
RYAN A. STUBBE

Attorneys for ROBERT BROWER, SR.