SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
ssacks@sheppardmullin.com
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
Four Embarcadero Center 17th Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Plaintiff,
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801 MEH<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | Adv. Proc. No. 17-05044 MEH<br><br>**STIPULATION RE CHAIN OF CUSTODY, PRESERVATION, AND TESTING OF ORIGINAL DOCUMENTS** |

Plaintiff MUFG Union Bank, N.A. ("Plaintiff") and defendants Patricia Brower, American Commercial Properties, Inc., Coastal Cypress Corporation (Delaware), and Coastal Cypress Corporation (California) (collectively, "Defendants") hereby stipulate to the production and testing of certain original documents currently in Defendants' possession pursuant to the following facts:

WHEREAS, on July 12, 2018, Plaintiff's counsel informed Defendants' counsel that Plaintiff had retained an ink chemist – later identified as Dr. Valery Aginsky – to analyze the originals of certain documents previously produced by Defendants;

WHEREAS, Plaintiff requested that Defendants state whether they had in their respective possession, custody, or control originals of the following documents (identified by bates number): (1) ACP / Patty Brower 0031-0039 and 0044-0123; and (2) CCC 001-4, 116-119, 000221-222, 000224-265, 000289-312, 000317-391, and 000419-517;

WHEREAS, Plaintiff further requested that Defendants state whether any of the specified documents were duplicates of one another;

WHEREAS, Defendants have stated that they have in their possession and will produce for analysis by Dr. Aginsky the originals of the documents bates stamped ACP / Patty Brower 0031, 0034-0036, and 0044-0123. In addition, Defendants have located what may be the original of the document bates stamped as ACP/Patty Brower 0038-0039. The documents identified in this recital are hereinafter referred to collectively as the "Original Production";

WHEREAS, Defendants have stated that they have been unable to locate the originals of the documents bates stamped as follows: (1) ACP / Patty Brower 0032-0033, and 0037; and (2) CCC 001-4, 116-119, 000221-222, 000224-265, 000289-312, 000317-391, and 000419-517;

NOW, THEREFORE, the parties, by through their counsel of record, hereby STIPULATE that the documents comprising the Original Production shall be produced to Dr. Aginsky for analysis pursuant to the following terms and protocols:

1. Defendants shall prepare a list briefly describing each document included in the Original Production, including the number of pages comprising each listed document (the "Original Document List"). The documents shall be listed in the Original Document List in the same order that the documents are shipped to Dr. Aginsky. Furthermore, to the extent that any document is comprised of multiple pages, the pages shall be fastened together in their proper order for shipping.

2. A copy of the Original Document List and the documents comprising the Original Production shall be e-mailed to Plaintiff's counsel prior to shipping.

3. The documents comprising the Original Production shall be sealed in an envelope large enough to accommodate the documents without folding or otherwise altering them and the Original Document List shall be fastened to the exterior of the envelope (the "Production Package").

4. No more than seven (7) business days after the filing of this Stipulation, the Production Package shall be shipped by Defendants in a rigid (*i.e.,* cardboard) shipping container via Federal Express to Dr. Valery Aginsky, AGINSKY FORENSIC DOCUMENT DATING LABORATORY, INC., 6280 Heathfield Drive, East Lansing, Michigan 48823. A copy of the corresponding shipping receipt with tracking information shall be e-mailed to Plaintiff's counsel the same day that the Production Package is shipped.

5. Upon receipt of the Production Package, Dr. Aginsky shall review it and verify that the documents purported to be identified in the Original Document List appear to be included in the Production Package. To the extent Dr. Aginsky (a) believes documents identified in the Original Document List have been omitted from the Production Package or (b) identifies some other problem with Original Production or any of the documents included therein, he shall inform Plaintiffs' counsel and Plaintiffs' counsel will raise the issue with Defendants' counsel within four (4) business days of Dr. Aginsky's receipt of the Production Package and counsel shall confer in good faith to resolve any such issues. To the extent counsel are unable to informally resolve any issues, they may submit the matter to the Court for resolution.

6. Dr. Aginsky shall analyze those documents/portions of documents comprising the Original Production that Plaintiff may direct him to analyze. Such analysis shall consist of taking tiny plugs of ink on paper (0.5 mm in diameter) punched out, using a syringe needle, from each entry (*e.g.*, handwritten notation, signature, etc.) that is to be examined.

7. Upon completion of Dr. Aginsky's analysis and in any event no more than sixty (60) calendar days after Dr. Aginsky's receipt of the Production Package, the Original Document List and the documents comprising the Original Production (in the order specified in the Original Document List) (the "Return Package") shall be shipped via Federal Express to Defendants' counsel, David Balch, L+G, LLP, 318 Cayuga St., Salinas, CA 93901. A copy of the corresponding shipping receipt with tracking information shall be e-mailed to Defendants' counsel the same day that the package is shipped.

8. Upon receipt of the Return Package, Defendants' counsel shall review it and verify that the documents identified in the Original Document List are included in the Return Package. To the extent Defendants' counsel (a) believes documents identified in the Original Document List have been omitted from the Return Package or (b) identifies some other problem with Return Package or any of the documents included therein, he shall raise the issue with Plaintiffs' counsel within four (4) business days of Defendants' counsel's receipt of the Return Package. To the extent counsel are unable to informally resolve any issues, they may submit the matter to the Court for resolution.

9. Defendants' counsel shall maintain the Return Package and all documents included therein in its possession through trial of this matter and shall, upon request, produce such documents at trial.

10. Defendants' counsel shall receive a copy of any final report(s) generated by Dr. Aginsky concerning the results of his analysis of any documents included in the Original Production.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

SMRH:487739236.3

-3-

STIPULATION RE CHAIN OF CUSTODY, PRESERVATION, AND TESTING OF ORIGINAL DOCUMENTS

Case: 17-05044    Doc# 98    Filed: 10/24/18    Entered: 10/24/18 14:11:52    Page 4 of 5

Dated: October 22, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Isaiah Z. Weedn
ISAIAH Z. WEEDN
STEVEN B. SACKS
MICHAEL M. LAUTER

Counsel for the Plaintiff,
MUFG UNION BANK, N.A.

Dated: October 22, 2018

L+G, LLP

By: /s/ David W. Balch
DAVID W. BALCH

Attorneys for COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, PATRICIA BROWER, AMERICAN COMMERCIAL PROPERTIES, INC., WILFRED "BUTCH" LINDLEY, and the PATRICIA BROWER TRUST