SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:    415-434-9100
Facsimile:     415-434-3947

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
Telephone:    714-513-5100
Facsimile:     714-513-5130

Attorneys for Plaintiff and Creditor
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor.<br>_____<br><br>MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | Case No. 15-50801 MEH<br>Chapter 11<br><br>Adv. Proc. No. 17-05044 MEH<br><br>**INDEX OF COMPILED EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[*Motion and Memorandum of Points and Authorities; Supporting Declaration of Isaiah Z. Weedn filed concurrently herewith*]<br><br>Hearing Information:<br>Date:   August 26, 2019<br>Time:   11:00 a.m.<br>Judge: Hon. M. Elaine Hammond<br>Place:  United States Bankruptcy Court<br>          280 South First Street<br>          Courtroom: 3020<br>          San Jose, CA 95113-3099 |

SMRH:4835-5129-2062.1                                                      INDEX OF COMPILED EXHIBITS ISO MSJ

Plaintiff MUFG Union Bank, N.A. (the "Bank") hereby submits the exhibits listed below in support of its Motion For Summary Judgment or, in the alternative, Partial Summary Judgment.

| Exhibit No. | Description |
| --- | --- |
| 1. | Order dated February 6, 2019 [Doc No. 104]. |
| 2. | Declaration of Steven B. Sacks in Support of Reply Regarding Order to Show Cause Why Preliminary Injunction Should Not Be Issued filed in this Adversary Proceeding on February 13, 2018 [Doc No. 83]. |
| 3. | Alleged Pre-Nuptial Agreement between Debtor and Mrs. Brower |
| 4. | Mrs. Brower's first supplemental response to the Bank's Interrogatories |
| 5. | Subpoena to Merrill Lynch and Response thereto along with copy of one of the statements from Debtor's Merrill Lynch account ultimately produced pursuant to the subpoena |
| 6. | Subpoena to Fremont Bank and Response reflecting accounts for which corresponding documents were produced |
| 7. | Relevant portions of Robert Brower, Sr. Deposition Transcript, Vol. I |
| 8. | Minutes of Coastal's first board meeting dated March 30, 1982 |
| 9. | Court's March 22, 2017 Memorandum Decision (Doc No. 47 in MUFG Union Bank, N.A. v. Brower (Adv. No. 15-05119) |
| 10. | Relevant portions of Wilfred "Butch" Lindley's Deposition Transcript |
| 11. | Seller's Final Settlement Statement for Coastal's sale of the real property commonly referred to as 8890 & 8940 Carmel Valley Road in Carmel, California (the "Wine Estate Property") |
| 12. | Coastal's purported Register of Original and Re-Issued Stock Certificates |
| 13. | Debtor's Trial Brief (Doc No. 47 in MUFG Union Bank, N.A. v. Brower |

| | | |
|---|---|---|
| | | (Adv. No. 15-05119)) |
| | 14. | Relevant portions of Richard Babcock's Deposition Transcript |
| | 15. | Relevant portions of Anthony Nobles' Deposition Transcript |
| | 16. | Coastal Series A Preferred Stock Purchase Agreement dated February 21, 2011 |
| | 17. | $200,000 Wire Transfer Record |
| | 18. | February 11, 2011 Fremont Bank statement for Debtor and Mrs. Brower's personal bank account reflecting receipt of Exhibit 17 wire transfer |
| | 19. | $40,000 Wire Transfer Record |
| | 20. | April 12, 2011 Fremont Bank statement for Debtor and Mrs. Brower's personal bank account reflecting receipt of Exhibit 19 wire transfer |
| | 21. | Portion of redacted Babcock Bank Statement |
| | 22. | Citibank's record pertaining to Mr. Babcock's March 15, 2011 wire transfer reflected in Exhibit 21 |
| | 23. | Coastal's Fremont Bank statements from January 2011 through April 2011 |
| | 24. | Certificate of Merger Coastal Cypress Corporation, A California Corporation, with and into Coastal Cypress Corporation, A Delaware Corporation |
| | 25. | ACP/Patty Brower 0033 |
| | 26. | ACP/Patty Brower 0031 |
| | 27. | Stipulation re Chain of Custody, Preservation, and Testing of Original Documents |
| | 28. | Report on Forensic Examination of Document prepared by Dr. Valery Aginsky, Ph.D |
| | 29. | Declaration of Trust by Patricia A. Brower of the Brower Trust (2015) dated June 30, 2015 |

| | | |
|---|---|---|
| 30. | Letter agreement dated January 15, 2011 between Coastal and Chateau Julien, Inc. ("CJ"), on the one hand, and Med-Venture Investments, LLC, on the other hand |
| 31. | Letter agreement dated August 8, 2014 between Coastal and CJ, on the one hand, and Aurora Capital Advisors, on the other hand |
| 32. | Letter agreement between Global Wine Partners ("GWP") and "Chateau Julien" dated August 5, 2011 and GWP Declaration of Compliance with Subpoena |
| 33. | October 14, 2011 e-mail (with attachment) from Jennifer Childs of GWP to, among others, Debtor and Messrs. Babcock and Nobles |
| 34. | Relevant portions of Robert Brower, Sr. Deposition Transcript, Vol. II |

Dated: July 29, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                   */s/ Isaiah Z. Weedn*
                   ISAIAH Z. WEEDN

Attorneys for Plaintiff and Creditor
MUFG UNION BANK, N.A.

# EXHIBIT 1



The following constitutes the order of the Court.
Signed: February 6, 2019

*M. Elaine Hammond*

M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 15-50801 MEH |
| Robert S. Brower, Sr., | ) Chapter 11 |
| | ) |
| Debtor(s). | ) |
| | ) |
| | ) Adv. No. 17-05044 |
| MUFG Union Bank, N.A., | ) |
| Plaintiff, | ) |
| v. | ) |
| Robert Brower, Sr. et al. | ) |
| Defendant. | ) |
| | ) |

## ORDER AFTER DISCOVERY CONFERENCE

The court held a Federal Rule of Civil Procedure 26(f)[1] discovery conference in this matter on February 5, 2019, to determine whether Patricia Brower ("Patricia") may be required to testify by deposition on her own behalf, and as the FRCP 30(b)(6) representative

---

[1] Made applicable by Federal Rule of Bankruptcy Procedure 7026.

1

Case: 17-05044   Doc# 104   Filed: 02/06/19   Entered: 02/06/19 15:19:47   Page 1 of 4
Case: 17-05044   Doc# 109   Filed: 07/29/19   Entered: 07/29/19 21:25:52   Page 6 of 26

of American Commercial Properties, Inc. ("ACP"), and the Patricia Brower Trust (the "Trust"). Appearances were as stated on the record. Good cause appearing; it is hereby

ORDERED as follows:

1. MUFG Union Bank, N.A. is authorized to depose Patricia, individually, and as the FRCP 30(b)(6) representative of ACP and the Trust.

2. If, prior to Patricia's scheduled depositions, Robert Brower, Sr. ("Robert"), testifies to the best of his knowledge and in his capacity as the former president of ACP, as to the events and transactions of ACP during the period that he was president, and to the best of his knowledge as to any events and transactions involving ACP after he resigned as president, and to the best of his knowledge as to any events and transactions involving the Trust, *then*, Patricia may be excused from testifying by deposition.

3. The depositions of Robert shall be scheduled prior to the depositions of Patricia.

4. The court will be available to hear and resolve by telephone any disputes that arise during Robert's depositions on the following schedule:

   a. February 20, 2019, at 9:30 a.m. and 4:30 p.m. Pacific Time,

   b. February 21, 2019, at 8 a.m. and 4:30 p.m. Pacific Time,

   c. Additional dates may be set to accommodate the parties' schedule.

5. If the parties require a telephone conference with the court during depositions, a request shall be emailed to Anna Rosales (anna_rosales@canb.uscourts.gov) and Ron Rombawa (ronald_rombawa@canb.uscourts.gov) no later than 30 minutes prior to the available time provided above. Mr. Rombawa may also be reached at (408) 278-7558.

6. Following Robert's depositions, if there is a dispute as to whether the testimony was sufficiently forthcoming to warrant Patricia being excused from her depositions, then the court will resolve the dispute by telephonic hearing on the afternoon of February 21, 2019.

7. If Patricia is excused from testifying at her depositions, then she will be precluded from offering any testimony at trial, directly or indirectly through discovery responses or by an expert's reliance upon her testimony; and any declaration filed by her in this adversary proceeding shall be stricken from the record.

***END OF ORDER***

3

1

## COURT SERVICE LIST

2   All ECF Recipients

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**EXHIBIT 2**

1    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
     STEVEN B. SACKS, Cal. Bar No. 98875
3    ssacks@sheppardmullin.com
     MICHAEL M. LAUTER, Cal. Bar No. 246048
4    mlauter@sheppardmullin.com
     ISAIAH Z. WEEDN, Cal. Bar No. 229111
5    iweedn@sheppardmullin.com
     Four Embarcadero Center, 17th Floor
6    San Francisco, CA 94111-4109
     Telephone:   415-434-9100
7    Facsimile:   415-434-3947

8    Attorneys for Plaintiff,
     MUFG UNION BANK, N.A.

9

10                UNITED STATES BANKRUPTCY COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

| | |
|---|---|
| In re | Case No. 15-50801 |
| ROBERT BROWER, SR., | Chapter 11 |
| Debtor. | |
| MUFG UNION BANK, N.A., | Adv. Proc. No. 17-05044 |
| Plaintiff, | **DECLARATION OF STEVEN B. SACKS IN SUPPORT OF REPLY REGARDING ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED** |
| v. | |
| ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50, | Date:   February 15, 2018<br>Time:   10:30 a.m.<br>Place:   United States Bankruptcy Court<br>          280 South First Street<br>          San Jose, CA 95113-3099<br>Judge:   Hon. Elaine Hammond<br>Crtrm:   3020 |
| Defendants. | |

I, Steven B. Sacks, declare:

1.    I am an attorney licensed to practice law in the State of California and am admitted before this Court. I am a partner with the law firm Sheppard Mullin Richter & Hampton LLP, counsel to MUFG Union Bank, N.A. ("Union Bank"), the plaintiff in this adversary proceeding. I have been counsel of record for Union Bank throughout Robert Brower, Sr.'s bankruptcy proceedings. I make this declaration in that capacity. Except for those statements made upon information and belief, the following facts are based upon my personal knowledge and if called to testify, I could and would competently testify to such facts. As to those statements made upon information and belief, I believe them to be true.

2.    I make this declaration in support of Union Bank's *Reply Regarding Order to Show Cause Why Preliminary Injunction Should Not Be Issued* (the "Reply") filed concurrently herewith. Capitalized terms not defined in this declaration have the meanings given to them in the Application.

3.    I have reviewed the Declaration of Robert Brower, Sr. and attendant exhibits (Doc. 75) (the "Brower Declaration") filed in support of defendants Patricia Brower, Patricia Brower Trust, American Commercial Properties, Inc. ("ACP"), Coastal Cypress Corporation (Delaware and California), and Wilfred "Butch" Lindley's Opposition to Motion for Preliminary Injunction. Based on mine and my Sheppard Mullin colleagues review of documents produced thus far in Mr. Brower's bankruptcy proceedings (inclusive of the underlying bankruptcy and all adversary proceedings), at least the following exhibits to the Brower Declaration were not previously produced by any of the Defendants in this action, including Mr. Brower himself: (1) the first page of Exhibit C, Mr. Brower's letter to Mrs. Brower dated November 8, 2000; (2) Exhibit D, the hand-written "Happy Anniversary" note dated November 8, 2000; and (3) Exhibit H and p. 7-9 of Exhibit J, the Waiver of Notice and Consent to Holding of a Shareholders Meeting of ACP and Minutes of Special Meeting of the Shareholders of ACP dated November 20, 2000.

4.    The authenticity of the documents listed in the foregoing paragraph is very much in question and Union Bank intends to take appropriate steps to determine whether

-1-

1  these documents were in fact created at the dates indicated on them because, among other

2  things and as further detailed below, these documents were not produced in response to

3  Union Bank's previous document requests or claimed to exist in Mr. Brower's previous

4  testimony.  Despite extensive discovery having been conducted in the underlying

5  bankruptcy proceeding and related adversary cases, the Bank's counsel did not obtain

6  these documents or even hear of their purported existence prior to reviewing the Brower

7  Declaration.

8      5.      Attached hereto as Exhibit 1 is a true and correct copy of Union Bank's Ex

9  Parte Application for Order Under Bankruptcy Rule 2004 Compelling Examination of and

10  Production of Documents by the Debtor (*i.e.*, Robert Brower, Sr.) in the underlying

11  bankruptcy proceeding (Doc. 42), filed on June 25, 2015.  The first two requests for

12  production therein (see p. 7) are as follows:

13          1.      Any and all Documents Concerning your assertion that
           You and Patricia Brower hold no assets as community
14          property, including copies of any agreements between You and
           Patricia Brower delineating specific assets to be separate
15          property.

16
           2.      Any and all Documents Concerning the ownership
17          interests in American Commercial Properties, including
           without limitation records of shareholdings, transfers,
18          assignments, and pledges.

19      6.      Attached hereto as Exhibit 2 is a true and correct copy of the Court's Order

20  Approving Union Bank's Application for Rule 2004 Examination and Compelling

21  Production of Documents entered on July 1, 2015 (Doc. 45).

22      7.      Attached hereto as Exhibit 3 is a true and correct copy of Mr. Brower's

23  Objection to Request for Production of Documents attached to the Ex Parte Application for

24  2004 Examination wherein, in response to Union Bank's request for production Nos. 1 and

25  2 (see pp. 2-3), Mr. Brower states that he "will produce non-privileged, responsive

26  documents within its custody and control…"

27      8.      Attached hereto as Exhibit 5 is a true and correct copy of an e-mail and pdf

28  attachment thereto, which I received on or about July 28, 2015 from Mr. Brower's

-2-

1 | bankruptcy counsel at that time, William Healy.  The pdf attachment consisted of Mr.
2 | Brower's document production pursuant to the 2004 Examination document requests.
3 | Though they would have clearly been responsive to request for production Nos. 1 and 2,
4 | the documents identified in paragraph 3 herein, were not included in Mr. Brower's
5 | document production.

9.      Attached hereto as Exhibit 5 is a true and correct copy of a portion of the transcript of the examination of Robert Brower, Sr. completed pursuant to the Court's Rule 2004 order on July 31, 2015.

10.      Attached hereto as Exhibits 6-8 are Union Bank's Requests for Production – Set One served on Mr. Brower, Mrs. Brower, and ACP, respectively, in the instant adversary proceeding.  These Requests for Production were served on the corresponding defendants over two months ago, on December 8, 2017.  Each of the Requests for Production include a request seeking "All DOCUMENTS concerning any transfers of ACP stock."  (See Exh. 5, RFP 31; Exh. 6, RFP 31; and Exh. 7, RFP 35.)

11.      Attached hereto as Exhibits 9-11 are Responses to Union Bank's Requests for Production – Set One from Mr. Brower, Mrs. Brower, and ACP, respectively, in the instant adversary proceeding.  In response to Union Bank's requests for "All DOCUMENTS concerning any transfers of ACP stock" each responding defendant states that they will produce all responsive, non-privileged documents. (See Exh. 8, Rsp. to RFP 31; Exh. 6, Rsp. to RFP 31; and Exh. 7, Rsp. to RFP 35.)  But the documents identified in paragraph 3 herein were not produced in response to these requests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 13, 2018, at San Francisco, California.

/s/ Steven B. Sacks
STEVEN B. SACKS

-3-

# EXHIBIT 1

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   STEVEN B. SACKS, Cal. Bar No. 98875
3  ssacks@sheppardmullin.com
   MICHAEL M. LAUTER, Cal. Bar No. 246048
4  mlauter@sheppardmullin.com
   JACQUELINE A. GOTTLIEB, Cal. Bar No. 271844
5  jgottlieb@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
6  San Francisco, CA 94111-4109
   Telephone:   415-434-9100
7  Facsimile:   415-434-3947

8  Attorneys for Creditor
   MUFG UNION BANK, N.A.
9

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14                                    Bk. No. 15-50801

15  In re                             Chapter 11

16  ROBERT BROWER, SR.,

17              Debtor.               **EX PARTE APPLICATION FOR
                                      ORDER UNDER BANKRUPTCY
18                                    RULE 2004 COMPELLING
                                      EXAMINATION OF AND
19                                    PRODUCTION OF DOCUMENTS BY
                                      THE DEBTOR**

20

21

22

23

24

25

26

27

28

1     **TO: THE UNITED STATES BANKRUPTCY COURT:**

2     Creditor MUFG Union Bank, N.A. (the "Bank") hereby makes this Ex Parte Application

3     ("Application") to the Court pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure

4     and Local Rule 2004-1 for an order in the form attached hereto as <u>Exhibit B</u>: (i) requiring the

5     above-captioned debtor, Robert S. Brower (the "Debtor"), to appear for examination at the offices

6     Eller and River's counsel, Sheppard Mullin Richter & Hampton LLP, Four Embarcadero Center,

7     17th Floor, San Francisco, CA 94111 on July 27, 2015 at 9:00 a.m.; and (ii) requiring the Debtor to

8     produce certain documents specified in <u>Exhibit A</u> hereto to the Bank's counsel on or before

9     July 16, 2015.  In support of this Application, the Bank represents as follows:

10     Federal Rule of Bankruptcy Procedure 2004 permits the Court to order the "examination of

11     any entity" with respect to the "property," "liabilities" and "financial condition" of the debtor and

12     with respect to "any matter which may affect the administration of the debtor's estate, or the

13     debtor's right to discharge."  Fed. R. Bankr. P. 2004.

14     As reflected in the Bank's proof of claim filed as Claim No. 7, the Debtor is indebted to

15     the Bank in the amount of approximately $5,091,299.30 pursuant to an unsecured guaranty.  The

16     Debtor's schedules of assets and liabilities reflect assets of $412,856.00, and liabilities of over

17     $11 million, though approximately $6 million of those liabilities related to a guaranty by Brower

18     of another loan by the Bank which has since been repaid in full.  Thus, the Bank's roughly $5

19     million claim makes up the large majority of the Debtor's creditor body, and the Debtor's asserted

20     assets would repay only a very small portion of that debt.

21     As stated at the Debtor's 341 meeting, the Debtor asserts that he and his wife hold no

22     community property, and that each of them instead holds all of their assets as separate property.

23     The Debtor asserts a number of assets listed on financial statements provided to the Bank to be the

24     separate property of his wife.  The Bank wishes to examine Mr. Brower regarding the basis of that

25     assertion, and also to determine whether there were any transfers of estate property that may be

26     recovered as avoidance actions for the benefit of the estate.

27

28

1    In addition, the primary admitted asset of Brower's estate is his partial interest in Coastal

2    Cypress Corporation, which recently closed a sale of its sole asset, real property in Carmel, CA.

3    The Bank requests documentation of the value of Brower's interest, including without limitation a

4    copy of the closing statement from the recent sale.

5

6       **WHEREFORE,** the Bank respectfully requests that an order be entered in the form

7    attached hereto as Exhibit B compelling:

8       1.    The Debtor to appear for examination at the offices of the Bank's counsel,

9    Sheppard Mullin Richter & Hampton LLP, Four Embarcadero Center, 17th Floor, San Francisco,

10   CA 94111 on July 27, 2015 at 9:00 a.m.;

11      2.    The Debtor to produce the documents described and specified in Exhibit A attached

12   hereto to the Bank's counsel at the law offices of Sheppard Mullin Richter & Hampton LLP, Four

13   Embarcadero Center, 17th Floor, San Francisco, CA 94111 on or before July 16, 2015; and

14      3.    The Debtor to provide a custodian of records declaration authenticating all

15   documents so produced.

16

17   Dated: June 25, 2015

18                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

19

20                          By      _/s/ Michael M. Lauter_
                                        MICHAEL M. LAUTER
21
                                 Attorneys for MUFG UNION BANK, N.A.
22

23

24

25

26

27

28

# EXHIBIT A

## DEFINITIONS

For purposes of these requests for document production, the following words shall have the meaning indicated below, unless otherwise stated:

1.      "You," "your" or "Debtor" means Robert S. Brower, debtor and debtor-in-possession in the above-captioned bankruptcy case.

2.      "American Commercial Properties" means American Commercial Properties, Inc., a Nevada corporation. and its officers, directors, partners, agents, employees, representatives, investigators, accountants and attorneys, and any merged, consolidated or acquired corporation and its predecessor, parent, subsidiary, division or affiliate, and any person acting on its behalf.

3.      "Chateau Julien" means Chateau Julien Inc., a California corporation. and its officers, directors, partners, agents, employees, representatives, investigators, accountants and attorneys, and any merged, consolidated or acquired corporation and its predecessor, parent, subsidiary, division or affiliate, and any person acting on its behalf.

4.      "Coastal Cypress" means Coastal Cypress Corporation, a California corporation. and its officers, directors, partners, agents, employees, representatives, investigators, accountants and attorneys, and any merged, consolidated or acquired corporation and its predecessor, parent, subsidiary, division or affiliate, and any person acting on its behalf.

5.      "Patricia Brower" means Your wife, Patricia Brower.

6.      "Bank" means MUFG Union Bank, N.A. and any predecessor in interest, assignor, or transferor with regard to the loan and guaranty presently held by MUFG Union Bank, N.A. from Chateau Julien and You, including without limitation Santa Barbara Bank & Trust, N.A. f/k/a Pacific Capital Bank, N.A.

7.      "Transfer" is used as that term is defined under 11 U.S.C. § 101(54) – *i.e.,* "'transfer' means the creation of a lien; the retention of title as a security interest; the foreclosure of a debtor's equity of redemption; or each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property; or an interest in property."

8.      "Document" or "Record' means any document or record in your custody, possession or control, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or uncanceled checks or drafts, vouchers, charge slips, invoices, billings, purchase orders, hotel charges, accountant's reports, financial statements, checks, ledgers, deposit records, bank statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any

documents. The term "Document" also means any and all computer records, data and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files. The Term ""document" and "documents" includes, without limitation, any electronically stored information ("ESI"), including metadata, by which, on which, or through which information of any type is communicated, transmitted, recorded or preserved.

9. "Concerning" means: with respect to, relating to, referring to, regarding, supporting, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, supporting, contradicting, or explaining, whether in who or in part.

10. "Person" means any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, governmental body, commission or other such entity, and shall include its persons, agents and employees.

11. The term "Control" means having the right or ability to secure information or documents or a copy thereof, including, without limitation, from another person, or public or private entity having access to or possession thereof.

12. "Identify" or "Identity" means: (i) as to an individual, the full name, present or last known business and residence addresses, telephone number, occupation, job title and dates so employed, and, if not an individual, the type of entity and the address of its principal place of business; (ii) as to a document, the type of document (letter, memo, etc.), the identity of the author or originator, the date authored or originated, the identity of each person whose name appears on the document and to whom the original or copy was addressed or delivered, the identity of each person you believe has present possession, custody, or control of the document and a description of the subject matter with sufficient particularity to identify and describe its production; and (iii) as to an event, occurrence or other fact, including oral conversations, the time, date, and location of such event, the persons present, a detailed description of the occurrences and surrounding circumstances and the substance of any conversations or other communications.

13. "Including" means "including but not limited to."

14. "And" and "or" each mean "and/or."

15. The singular includes the plural number and vice versa and the masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

## INSTRUCTIONS

1. Any document as to which a claim of privilege is or will be asserted should be identified by author, signatory, description (e.g., letter, memorandum, telecopy, recording, computer image etc.), title (if any), dates, addressees (if any), general subject matter, characteristics substantiating the claim of privilege, present depository and present custodian and a complete statement of the ground for the claim of privilege should be set forth. If it is maintained that any document which is requested has been destroyed, set forth the contents of the documents, the date of such destruction and the name of the person who authorized or directed such destruction.

2.	If any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

3.	If any of the documents requested by a request for production of documents are not within your possession, identify each person who has possession of the Documents.

4.	Electronically Stored Information ("ESI") shall be produced as follows.

(a)	ESI should be produced in its native format, with all metadata intact, on compact discs, DVDs, zip drives, or hard drives and in the following format: (a) databases are to be produced in a computer searchable and reasonably usable form; (b) emails are to be produced in Personal Storage Table ("PST") or Extensible Markup Language ("XML") format; (c) word processing documents are to be produced in Microsoft Word or Word Perfect format, unless such documents to not exist in the native format, in which case such documents should be produced in searchable Portable Document Format ("PDF"), if they are maintained in this format in the ordinary course of business, or in Tagged Image File Format ("TIFF"), if they are maintained in any other format, consistent with the instructions below; (d) spreadsheets are to be produced in Microsoft Excel format; and (e) audio files are to be produced in MPEG-1 Audio Layer 3 ("MP3") format.

(b)	To the extent no native data exists for a particular document, the document should be produced in TIFF, single page, black and white, dithered (if appropriate), Group 4 TIFF at 300 x300 dpi resolution and 8 1/2 x 11 inch page size, except for documents requiring different resolution or page size. Each TIFF formatted file shall be produced with a unitization/load file in standard format (i.e., Opticon (.opt), Summation (.dii), IPRO (.lfp), Concordance (.opt, .dat) or the like) showing the Bates number of each page and the appropriate unitization of the documents. The TIFF images shall also be accompanied by extracted data or Optical Character Recognition data (OCR) in single page format.

(c)	To the extent TIFF images are produced, the producing party shall provide a declaration by the custodian of records, or other party responsible for the collection and production of the subject documents, setting forth the reason/s why it is producing data in this format and, if appropriate, the nature of the due diligence in attempting to confirm whether data exists in native format.

(d)	For electronic documents produced in TIFF or native format, the producing party should produce the following metadata, to the extent such metadata exists: (a) for all electronic documents: starting Bates Number, ending Bates Number, number of pages in a document, starting attachment Bates Number and ending Bates Number; (b) for non-email electronic documents: file name (including extension), creation date, modified date, title, subject, author, company, last saved, file path (for files located on a shared space or server only), custodian of the record (for files located on the hard drive of a personal computer only) and MD-5 Hash values; (c) for emails: sent date, received date, to name, to address, from name, from address, cc name(s), cc address(es), bcc name(s), bcc address(es), subject, "re" or "fwd", replies sent to, attachment count and MD5 Hash values. Both paths and file names of images must exactly match their text files (except for the file extensions), including case sensitivity. A chart setting forth the appropriate load files for this metadata is attached as Exhibit B.

(e)	Paper production of ESI is permissible only in the following circumstances:

(i)	The document was originally created and maintained as a paper document, i.e., handwritten notes.

1           (ii)     The document was originally created electronically, but upon reasonable due diligence, the producing party has determined that it no longer exists in that format
2 and only exists as a paper file.

3           (iii)    The responsive data includes pleadings and orders filed with any court and letters between counsel.
4

5           (iv)    In circumstances where such a production would be unreasonably burdensome or otherwise not permissible under the Federal Rules of Civil Procedure, and where
6 the producing party has raised the issue with the other party.

7           (v)     By separate stipulation.

8           (vi)    To the extent paper files are produced, the producing party shall provide a declaration by the custodian of records, or other party responsible for the collection and
9 production of the subject documents, setting forth the reason/s why it is producing data in paper form and, if appropriate, the nature of the due diligence in attempting to confirm whether data
10 exists electronically.

11           (f)     The producing party should maintain the inherent integrity of all ESI such that it will not separate documents attached to one another.  Said another way, it will preserve the
12 "parent-child" relationship between the primary document and any attachments.  The producing party should produce all documents in their entirety and without deletion, redaction or excision,
13 except as set forth below, regardless of whether the producing party considers the entire document or only part of it to be relevant or responsive.

14           (g)    Should any portion of a document need to be redacted, the producing party should these documents as TIFF images as set forth above.  If any portion of the documents is
15 redacted, the producing party should stamp the word "REDACTED" beside the redacted information on each page of the document that is redacted and to provide a log detailing the nature
16 of the redaction.

17      5.     This request is a continuing one to the extent required by applicable law.

18

19                                 **REQUESTS FOR DOCUMENTS**

20 1.    Any and all Documents Concerning your assertion that You and Patricia Brower hold no assets as community property, including copies of any agreements between You and
21     Patricia Brower delineating specific assets to be separate property.

22 2.    Any and all Documents Concerning the ownership interests in American Commercial Properties, including without limitation records of shareholdings, transfers, assignments,
23     and pledges.

24 3.    Any and all Documents Concerning your assertion that Patricia Brower owns 13% of the outstanding stock of Coastal Cypress as her sole and separate property.
25

26 4.    Any and all Documents Concerning your assertion that Patricia Brower owns 50% of the outstanding stock of Chateau Julien as her sole and separate property.

27 5.    Any and all Documents Concerning any Transfers within the four year period prior to Your bankruptcy filing between You and Patricia Brower.
28

7

Case: 17-05044   Doc# 43-1   Filed: 06/25/13   Entered: 06/25/13 16:33:25   Page 6 of 16
SMRH:437403495.2   AMENDED AND RESTATED APPLICATION OF DEBTOR

Case: 17-05044   Doc# 109   Filed: 07/29/19   Entered: 07/29/19 21:25:52   Page 22 of
26

6.  Any and all Documents Concerning any Transfers within the four year period prior to Your bankruptcy filing between You and American Commercial Properties.

7.  Any and all Documents Concerning any Transfers within the four year period prior to Your bankruptcy filing between You and Chateau Julien.

8.  Any and all Documents Concerning any Transfers within the four year period prior to Your bankruptcy filing between You and Coastal Cypress.

9.  Any and all Documents Concerning the value of Your shares in Coastal Cypress, including without limitation a copy of the closing statement for the April 2015 sale of the real property owned by Coastal Cypress.

10. Any and all Documents provided by You to the Bank regarding Your assets, liabilities, financial status or financial condition, including without limitation financial statements, loan or extension applications, budgets, asset and liability lists.

11. Any and all Documents constituting communications with the Bank.

12. Any and all Documents within the four year period prior to Your bankruptcy filing Concerning monies or other obligations owed to you by Chateau Julien, Coastal Cypress, Patricia Brower, and/or American Commercial Properties.

13. Any and all Documents within the four year period prior to Your bankruptcy filing Concerning monies or other obligations owed by you to Chateau Julien, Coastal Cypress, Patricia Brower, and/or American Commercial Properties.

14. Any and all Documents concerning the ownership interests in Coastal Cypress, including without limitation records of shareholdings, transfers, assignments, and pledges.

15. Any and all Documents concerning the ownership interests in Chateau Julien, including without limitation records of shareholdings, transfers, assignments, and pledges..

# EXHIBIT B

1 | SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2 | A Limited Liability Partnership
Including Professional Corporations
3 | STEVEN B. SACKS,
Cal. Bar No. 98875
4 | ssacks@sheppardmullin.com
MICHAEL M. LAUTER,
5 | Cal. Bar No. 246048
mlauter@sheppardmullin.com
6 | JACQUELINE A. GOTTLIEB,
Cal. Bar No. 271844
7 | jgottlieb@sheppardmullin.com
Four Embarcadero Center, 17th Floor
8 | San Francisco, CA 94111-4109
Telephone:  415-434-9100
9 | Facsimile:  415-434-3947

10 | Attorneys for Creditor
MUFG UNION BANK, N.A.

11

12 UNITED STATES BANKRUPTCY COURT

13 NORTHERN DISTRICT OF CALIFORNIA

14 SAN JOSE DIVISION

15

16 | | Case No. 15-50801

17 | In re | Chapter 11

18 | ROBERT BROWER, SR., | *[PROPOSED]* ORDER UNDER
**BANKRUPTCY RULE 2004**
19 | Debtor. | **COMPELLING EXAMINATION OF
AND PRODUCTION OF**
20 | | **DOCUMENTS BY THE DEBTOR**

21

22

23

24

25

26

27

28

1    The Court having considered the *Ex Parte Application For Order Under Bankruptcy Rule*

2    *2004 Compelling Examination Of And Production Of Documents By the Debtor* (the

3    "Application"), filed on June 25, 2015 by creditor MUFG Union Bank, N.A. (the "Bank"), and

4    good cause appearing therefor,

5

6    **IT IS HEREBY ORDERED** that:

7    1.    Robert S. Brower, the above-captioned debtor (the "Debtor") shall appear for

8    examination at the offices of the Bank's counsel, Sheppard Mullin Richter & Hampton LLP, Four

9    Embarcadero Center, 17th Floor, San Francisco, CA 94111 on July 27, 2015 at 9:00 a.m.;

10    2.    The Debtor shall produce the documents described and specified below to the

11    Bank's counsel at the law offices of Sheppard Mullin Richter & Hampton LLP, Four Embarcadero

12    Center, 17th Floor, San Francisco, CA 94111 on or before July 16, 2015; and

13    3.    The Debtor shall provide a custodian of records declaration authenticating all

14    documents so produced.

15

16

17

18

19

20

21

22

23

24

25

26

27

28