**EXHIBIT A**

**DEFINITIONS**

For purposes of these requests for document production, the following words shall have the meaning indicated below, unless otherwise stated:

1.  "You," "your" or "Debtor" means Robert S. Brower, debtor and debtor-in-possession in the above-captioned bankruptcy case.

2.  "American Commercial Properties" means American Commercial Properties, Inc., a Nevada corporation. and its officers, directors, partners, agents, employees, representatives, investigators, accountants and attorneys, and any merged, consolidated or acquired corporation and its predecessor, parent, subsidiary, division or affiliate, and any person acting on its behalf.

3.  "Chateau Julien" means Chateau Julien Inc., a California corporation. and its officers, directors, partners, agents, employees, representatives, investigators, accountants and attorneys, and any merged, consolidated or acquired corporation and its predecessor, parent, subsidiary, division or affiliate, and any person acting on its behalf.

4.  "Coastal Cypress" means Coastal Cypress Corporation, a California corporation. and its officers, directors, partners, agents, employees, representatives, investigators, accountants and attorneys, and any merged, consolidated or acquired corporation and its predecessor, parent, subsidiary, division or affiliate, and any person acting on its behalf.

5.  "Patricia Brower" means Your wife, Patricia Brower.

6.  "Bank" means MUFG Union Bank, N.A. and any predecessor in interest, assignor, or transferor with regard to the loan and guaranty presently held by MUFG Union Bank, N.A. from Chateau Julien and You, including without limitation Santa Barbara Bank & Trust, N.A. f/k/a Pacific Capital Bank, N.A.

7.  "Transfer" is used as that term is defined under 11 U.S.C. § 101(54) – *i.e.*, "'transfer' means the creation of a lien; the retention of title as a security interest; the foreclosure of a debtor's equity of redemption; or each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property; or an interest in property."

8.  "Document" or "Record' means any document or record in your custody, possession or control, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or uncanceled checks or drafts, vouchers, charge slips, invoices, billings, purchase orders, hotel charges, accountant's reports, financial statements, checks, ledgers, deposit records, bank statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any

documents. The term "Document" also means any and all computer records, data and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files. The Term ""document" and "documents" includes, without limitation, any electronically stored information ("ESI"), including metadata, by which, on which, or through which information of any type is communicated, transmitted, recorded or preserved.

9.    "Concerning" means: with respect to, relating to, referring to, regarding, supporting, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, supporting, contradicting, or explaining, whether in who or in part.

10.    "Person" means any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, governmental body, commission or other such entity, and shall include its persons, agents and employees.

11.    The term "Control" means having the right or ability to secure information or documents or a copy thereof, including, without limitation, from another person, or public or private entity having access to or possession thereof.

12.    "Identify" or "Identity" means: (i) as to an individual, the full name, present or last known business and residence addresses, telephone number, occupation, job title and dates so employed, and, if not an individual, the type of entity and the address of its principal place of business; (ii) as to a document, the type of document (letter, memo, etc.), the identity of the author or originator, the date authored or originated, the identity of each person whose name appears on the document and to whom the original or copy was addressed or delivered, the identity of each person you believe has present possession, custody, or control of the document and a description of the subject matter with sufficient particularity to identify and describe its production; and (iii) as to an event, occurrence or other fact, including oral conversations, the time, date, and location of such event, the persons present, a detailed description of the occurrences and surrounding circumstances and the substance of any conversations or other communications.

13.    "Including" means "including but not limited to."

14.    "And" and "or" each mean "and/or."

15.    The singular includes the plural number and vice versa and the masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

## INSTRUCTIONS

1.    Any document as to which a claim of privilege is or will be asserted should be identified by author, signatory, description (e.g., letter, memorandum, telecopy, recording, computer image etc.), title (if any), dates, addressees (if any), general subject matter, characteristics substantiating the claim of privilege, present depository and present custodian and a complete statement of the ground for the claim of privilege should be set forth. If it is maintained that any document which is requested has been destroyed, set forth the contents of the documents, the date of such destruction and the name of the person who authorized or directed such destruction.

1    2.    If any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

2

3    3.    If any of the documents requested by a request for production of documents are not within your possession, identify each person who has possession of the Documents.

4    4.    Electronically Stored Information ("ESI") shall be produced as follows.

5    (a)    ESI should be produced in its native format, with all metadata intact, on compact discs, DVDs, zip drives, or hard drives and in the following format: (a) databases are to be produced in a computer searchable and reasonably usable form; (b) emails are to be produced in Personal Storage Table ("PST") or Extensible Markup Language ("XML") format; (c) word processing documents are to be produced in Microsoft Word or Word Perfect format, unless such documents to not exist in the native format, in which case such documents should be produced in searchable Portable Document Format ("PDF"), if they are maintained in this format in the ordinary course of business, or in Tagged Image File Format ("TIFF"), if they are maintained in any other format, consistent with the instructions below; (d) spreadsheets are to be produced in Microsoft Excel format; and (e) audio files are to be produced in MPEG-1 Audio Layer 3 ("MP3") format.

6

7

8

9

10

11    (b)    To the extent no native data exists for a particular document, the document should be produced in TIFF, single page, black and white, dithered (if appropriate), Group 4 TIFF at 300 x300 dpi resolution and 8 1/2 x 11 inch page size, except for documents requiring different resolution or page size. Each TIFF formatted file shall be produced with a unitization/load file in standard format (i.e., Opticon (.opt), Summation (.dii), IPRO (.lfp), Concordance (.opt, .dat) or the like) showing the Bates number of each page and the appropriate unitization of the documents. The TIFF images shall also be accompanied by extracted data or Optical Character Recognition data (OCR) in single page format.

12

13

14

15

16    (c)    To the extent TIFF images are produced, the producing party shall provide a declaration by the custodian of records, or other party responsible for the collection and production of the subject documents, setting forth the reason/s why it is producing data in this format and, if appropriate, the nature of the due diligence in attempting to confirm whether data exists in native format.

17

18

19    (d)    For electronic documents produced in TIFF or native format, the producing party should produce the following metadata, to the extent such metadata exists: (a) for all electronic documents: starting Bates Number, ending Bates Number, number of pages in a document, starting attachment Bates Number and ending Bates Number; (b) for non-email electronic documents: file name (including extension), creation date, modified date, title, subject, author, company, last saved, file path (for files located on a shared space or server only), custodian of the record (for files located on the hard drive of a personal computer only) and MD-5 Hash values; (c) for emails: sent date, received date, to name, to address, from name, from address, cc name(s), cc address(es), bcc name(s), bcc address(es), subject, "re" or "fwd", replies sent to, attachment count and MD5 Hash values. Both paths and file names of images must exactly match their text files (except for the file extensions), including case sensitivity. A chart setting forth the appropriate load files for this metadata is attached as Exhibit B.

20

21

22

23

24

25    (e)    Paper production of ESI is permissible only in the following circumstances:

26    (i)    The document was originally created and maintained as a paper document, i.e., handwritten notes.

27

28

(ii)    The document was originally created electronically, but upon reasonable due diligence, the producing party has determined that it no longer exists in that format and only exists as a paper file.

(iii)   The responsive data includes pleadings and orders filed with any court and letters between counsel.

(iv)    In circumstances where such a production would be unreasonably burdensome or otherwise not permissible under the Federal Rules of Civil Procedure, and where the producing party has raised the issue with the other party.

(v)     By separate stipulation.

(vi)    To the extent paper files are produced, the producing party shall provide a declaration by the custodian of records, or other party responsible for the collection and production of the subject documents, setting forth the reason/s why it is producing data in paper form and, if appropriate, the nature of the due diligence in attempting to confirm whether data exists electronically.

(f)     The producing party should maintain the inherent integrity of all ESI such that it will not separate documents attached to one another. Said another way, it will preserve the "parent-child" relationship between the primary document and any attachments. The producing party should produce all documents in their entirety and without deletion, redaction or excision, except as set forth below, regardless of whether the producing party considers the entire document or only part of it to be relevant or responsive.

(g)     Should any portion of a document need to be redacted, the producing party should these documents as TIFF images as set forth above. If any portion of the documents is redacted, the producing party should stamp the word "REDACTED" beside the redacted information on each page of the document that is redacted and to provide a log detailing the nature of the redaction.

5.      This request is a continuing one to the extent required by applicable law.

## REQUESTS FOR DOCUMENTS

1.  Any and all Documents Concerning your assertion that You and Patricia Brower hold no assets as community property, including copies of any agreements between You and Patricia Brower delineating specific assets to be separate property.

2.  Any and all Documents Concerning the ownership interests in American Commercial Properties, including without limitation records of shareholdings, transfers, assignments, and pledges.

3.  Any and all Documents Concerning your assertion that Patricia Brower owns 13% of the outstanding stock of Coastal Cypress as her sole and separate property.

4.  Any and all Documents Concerning your assertion that Patricia Brower owns 50% of the outstanding stock of Chateau Julien as her sole and separate property.

5.  Any and all Documents Concerning any Transfers within the four year period prior to Your bankruptcy filing between You and Patricia Brower.

6. Any and all Documents Concerning any Transfers within the four year period prior to Your bankruptcy filing between You and American Commercial Properties.

7. Any and all Documents Concerning any Transfers within the four year period prior to Your bankruptcy filing between You and Chateau Julien.

8. Any and all Documents Concerning any Transfers within the four year period prior to Your bankruptcy filing between You and Coastal Cypress.

9. Any and all Documents Concerning the value of Your shares in Coastal Cypress, including without limitation a copy of the closing statement for the April 2015 sale of the real property owned by Coastal Cypress.

10. Any and all Documents provided by You to the Bank regarding Your assets, liabilities, financial status or financial condition, including without limitation financial statements, loan or extension applications, budgets, asset and liability lists.

11. Any and all Documents constituting communications with the Bank.

12. Any and all Documents within the four year period prior to Your bankruptcy filing Concerning monies or other obligations owed to you by Chateau Julien, Coastal Cypress, Patricia Brower, and/or American Commercial Properties.

13. Any and all Documents within the four year period prior to Your bankruptcy filing Concerning monies or other obligations owed by you to Chateau Julien, Coastal Cypress, Patricia Brower, and/or American Commercial Properties.

14. Any and all Documents concerning the ownership interests in Coastal Cypress, including without limitation records of shareholdings, transfers, assignments, and pledges.

15. Any and all Documents concerning the ownership interests in Chateau Julien, including without limitation records of shareholdings, transfers, assignments, and pledges..

**\*\*END OF ORDER\*\***

# EXHIBIT 2

The following constitutes
the order of the court. Signed June 30, 2015

*M. Elaine Hammond*

M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 15-50801 MEH |
| Robert S. Brower, Sr., | Chapter 11 |
| Debtor(s). | |

## ORDER APPROVING APPLICATION FOR RULE 2004
## EXAMINATION AND COMPELLING PRODUCTION OF DOCUMENTS

The court has reviewed Creditor MUFG Union Bank, N.A.'s ("Creditor") ex parte application for an order compelling the examination of and production of documents by Robert S. Brower ("Debtor") and Debtor's opposition to the application. Good cause appearing, it is hereby

ORDERED that:

1) The application is approved.

2) Creditor is authorized to conduct an examination of Debtor pursuant to Fed. R. Bankr. P. 2004 at a date and time mutually agreeable to the parties.

3) Debtor is required to produce the documents specified in Exhibit A to the application in advance of the examination, at a date mutually agreeable to the parties. The requirement to respond to the request for production of documents is

1

1    without prejudice to Debtor's right to object to any specific requests and the

2    parties' obligations to meet and confer regarding such objections.

3    4) If the parties are unable to agree on dates and times or resolve objections to

4        specific requests for production of documents, the parties should review Judge

5        Hammond's Practices and Procedures regarding discovery disputes and contact

6        Judge Hammond's Courtroom Deputy Millie McGowan at (408) 278-7578 or

7        millie_mcgowan@canb.uscourts.gov to schedule a telephonic hearing. Judge

8        Hammond's Practices and Procedures are available on the court's website at

9        http://www.canb.uscourts.gov/procedure/hammond/judge-hammonds-practices-

10       and-procedures.

11                          ***END OF ORDER***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 15-50801    Doc# 45   Filed: 06/30/15   Entered: 07/01/15 10:39:20   Page 2 of 3
Case: 17-05044    Doc# 83-2   Filed: 02/13/18   Entered: 02/13/18 21:52:10   Page 9 of
Case: 17-05044    Doc# 109-1    Filed: 07/29/19    Entered: 07/29/19 21:25:52    Page 8
of 23

## COURT SERVICE LIST

Via ECF:

Stephen B. Sacks, Creditor's counsel
ssacks@sheppardmullin.com

Michael Lauter, Creditor's counsel
mlauter@sheppardmullin.com

Scott L. Goodsell, Debtor's counsel
sgoodsell@campeaulaw.com

William J. Healy, Debtor's counsel
whealy@campeaulaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

3

# EXHIBIT 3

1  CAMPEAU GOODSELL SMITH, L.C.
   SCOTT L. GOODSELL, #122223
2  WILLIAM J. HEALY, #146158
   440 N. 1st Street, Suite 100
3  San Jose, California   95112
   Telephone:  (408) 295-9555
4  Facsimile:  (408) 295-6606

5  ATTORNEYS FOR Debtor

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 In re:                        )   Case No. 15-50801
                                 )
12 ROBERT S. BROWER, Sr.,        )   CHAPTER 11
                                 )
13                 Debtor.        )   **OBJECTION TO REQUEST FOR
                                 )   PRODUCTION OF DOCUMENTS**
14                                )
                                 )
15                                )
                                 )
16                                )
                                 )
17                                )
                                 )
18 ──────────────────────────── )

19      COMES NOW, Debtor Robert S. Brower, Sr. ("Debtor" or "Responding Party") Debtor

20 objects to the Request For Production of Documents attached to the Ex Parte Application For

21 2004 Examination of MUFG Union Bank, N.A. ("Union Bank" or "Creditor" or

22 "Propounding Party") ("Request") as follows:

   **A. General Objections:**
23
        The Request is defective to the extent it is over broad and abusively drafted for
24
   improper purposes (FRCP 45 (d)(2)(B)(iv), violates the right of privacy of third parties not
25
   provided notice of the Request, seeks privileged information, including information protected
26
   by the attorney client and work product privileges, in violation of and contrary to FRCP 26,
27
   and seeks information not relevant or not reasonably calculated to lead to the discovery of
28
   admissible evidence in violation of and contrary to FRCP 26. To the extent the Request

   ─────────────────────────────────────────────
              OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS

1  improperly seeks information subject to these objections then Responding Party specifically

2  asserts them herein as it stated in response to each and every related request.

3        Responding Party does not believe that this Request asks or requires Responding Party

4  to identify or produce copies of Debtor's various bankruptcy schedules and related

5  bankruptcy filings to the extent such are considered responsive documents because such are

6  equally available to Propounding Party.

7  **B. Response To Request For Production:**

8        Without waiving the General Objections stated hereinabove and by incorporating them

9  hereinafter into each response by incorporating them into each of the following responses as

10  though stated fully therein, Responding Party responds to the requests as set forth hereinafter.

11  **Request For Production of Documents No.: 1**

12        Subject to the General Objections stated hereinabove and incorporated herein by

13  reference, Responding Party will produce non-privileged, responsive documents within its

14  custody and control on a date and time as agreed to by Propounding Party and Requesting

15  Party. At this time Responding Party anticipates producing the following documents:

16  Chateau Julien Articles of Incorporation and Chateau Julien stock certificates for Patricia

17  Brower, Coastal Cypress Articles of Incorporation, Coastal Cypress stock certificates for

18  Robert Brower, Coastal Cypress stock certificates for Patricia Brower; and American

19  Commercial Properties ("ACP") stock certificate from Robert Brower to Patricia Brower

20  dated November 8, 2000, and various financial statements provided to Propounding Party

21  relative to a state court matter entitled MUFG Union Bank, N.A. v. Chateau Julien, Inc., et

22  al, Monterey County Superior Court Case No. GNM129403. Responding Party's search for

23  additional, non-privileged, responsive documents, if any, continues. Additional responsive

24  documents may be within the custody and control of Propounding Party and/or equally

25  available to Propounding Party.

26  **Request For Production of Documents No.: 2**

27        Subject to the General Objections stated hereinabove and incorporated herein by

28  reference, Responding Party will produce non-privileged, responsive documents within its

---

OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS

1  custody and control on a date and time as agreed to by Propounding Party and Requesting
2  Party. At this time Responding Party anticipates producing the following documents:
3  Chateau Julien Articles of Incorporation and Chateau Julien stock certificates for Patricia
4  Brower, Coastal Cypress Articles of Incorporation, Coastal Cypress stock certificates for
5  Robert Brower, Coastal Cypress stock certificates for Patricia Brower; and American
6  Commercial Properties ("ACP") stock certificate from Robert Brower to Patricia Brower
7  dated November 8, 2000, and various financial statements provided to Propounding Party
8  relative to a state court matter entitled MUFG Union Bank, N.A. v. Chateau Julien, Inc., et
9  al, Monterey County Superior Court Case No. GNM129403.  Responding Party's search for
10 additional, non-privileged, responsive documents, if any, continues. Additional responsive
11 documents may be within the custody and control of Propounding Party and/or equally
12 available to Propounding Party.
13 **Request For Production of Documents No.: 3**
14       Subject to the General Objections stated hereinabove and incorporated herein by
15 reference, Responding Party will produce non-privileged, responsive documents within its
16 custody and control on a date and time as agreed to by Propounding Party and Requesting
17 Party. At this time Responding Party anticipates producing the following documents:
18 Chateau Julien Articles of Incorporation and Chateau Julien stock certificates for Patricia
19 Brower, Coastal Cypress Articles of Incorporation, Coastal Cypress stock certificates for
20 Robert Brower, Coastal Cypress stock certificates for Patricia Brower; and American
21 Commercial Properties ("ACP") stock certificate from Robert Brower to Patricia Brower
22 dated November 8, 2000, and various financial statements provided to Propounding Party
23 relative to a state court matter entitled MUFG Union Bank, N.A. v. Chateau Julien, Inc., et
24 al, Monterey County Superior Court Case No. GNM129403.  Responding Party's search for
25 additional, non-privileged, responsive documents, if any, continues. Additional responsive
26 documents may be within the custody and control of Propounding Party and/or equally
27 available to Propounding Party.
28 **Request For Production of Documents No.: 4**

OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS

8

1       Subject to the General Objections stated hereinabove and incorporated herein by

2 reference, Responding Party will produce non-privileged, responsive documents within its

3 custody and control on a date and time as agreed to by Propounding Party and Requesting

4 Party. At this time Responding Party anticipates producing the following documents:

5 Chateau Julien Articles of Incorporation and Chateau Julien stock certificates for Patricia

6 Brower, Coastal Cypress Articles of Incorporation, Coastal Cypress stock certificates for

7 Robert Brower, Coastal Cypress stock certificates for Patricia Brower; and American

8 Commercial Properties ("ACP") stock certificate from Robert Brower to Patricia Brower

9 dated November 8, 2000, and various financial statements provided to Propounding Party

10 relative to a state court matter entitled MUFG Union Bank, N.A. v. Chateau Julien, Inc., et

11 al, Monterey County Superior Court Case No. GNM129403. Responding Party's search for

12 additional, non-privileged, responsive documents, if any, continues. Additional responsive

13 documents may be within the custody and control of Propounding Party and/or equally

14 available to Propounding Party.

15 **Request For Production of Documents No.: 5**

16       Subject to the General Objections stated hereinabove and incorporated herein by

17 reference, Responding Party will produce non-privileged, responsive documents within its

18 custody and control on a date and time as agreed to by Propounding Party and Requesting

19 Party. At this time Responding Party anticipates producing no non-privileged, responsive

20 documents.

21 **Request For Production of Documents No.: 6**

22       Subject to the General Objections stated hereinabove and incorporated herein by

23 reference, Responding Party will produce non-privileged, responsive documents within its

24 custody and control on a date and time as agreed to by Propounding Party and Requesting

25 Party. At this time Responding Party anticipates producing no non-privileged, responsive

26 documents.

27 **Request For Production of Documents No.: 7**

28       Subject to the General Objections stated hereinabove and incorporated herein by

---

OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS

1 reference, Responding Party will produce non-privileged, responsive documents within its
2 custody and control on a date and time as agreed to by Propounding Party and Requesting
3 Party. At this time Responding Party anticipates producing a promissory note between
4 Chateau Julien, Inc. and Robert S. Brower and related documents.

5 **Request For Production of Documents No.: 8**

6     Subject to the General Objections stated hereinabove and incorporated herein by
7 reference, Responding Party will produce non-privileged, responsive documents within its
8 custody and control on a date and time as agreed to by Propounding Party and Requesting
9 Party. At this time Responding Party anticipates producing a promissory note between
10 Coastal Cypress Corporation and Robert S. Brower and related documents.

11 **Request For Production of Documents No.: 9**

12     Subject to the General Objections stated hereinabove and incorporated herein by
13 reference, Responding Party will produce non-privileged, responsive documents within its
14 custody and control on a date and time as agreed to by Propounding Party and Requesting
15 Party. At this time Responding Party anticipates producing an email correspondence from
16 counsel for Responding Party to Read Ambler, counsel for Propounding Party, and others
17 dated May 22, 2015.

18 **Request For Production of Documents No.: 10**

19     Subject to the General Objections stated hereinabove and incorporated herein by
20 reference, Responding Party will produce non-privileged, responsive documents within its
21 custody and control on a date and time as agreed to by Propounding Party and Requesting
22 Party. At this time Responding Party anticipates producing the following documents:
23 Chateau Julien Articles of Incorporation and Chateau Julien stock certificates for Patricia
24 Brower, Coastal Cypress Articles of Incorporation, Coastal Cypress stock certificates for
25 Robert Brower, Coastal Cypress stock certificates for Patricia Brower; and American
26 Commercial Properties ("ACP") stock certificate from Robert Brower to Patricia Brower
27 dated November 8, 2000, and various financial statements provided to Propounding Party
28 relative to a state court matter entitled MUFG Union Bank, N.A. v. Chateau Julien, Inc., et

OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS
5

Case 17-05044    Doc# 83-3    Filed: 02/13/18    Entered: 02/13/18 21:52:10    Page 6 of
8
Case: 17-05044    Doc# 109-1    Filed: 07/29/19    Entered: 07/29/19 21:25:52    Page 15
of 23

1    al, Monterey County Superior Court Case No. GNM129403. Responding Party also

2    anticipates producing an email correspondence from counsel for Responding Party to Read

3    Ambler, counsel for Propounding Party, and others dated May 22, 2015. Responding Party's

4    search for additional, non-privileged, responsive documents, if any, continues. Additional

5    responsive documents may be within the custody and control of Propounding Party and/or

6    equally available to Propounding Party.

7    **Request For Production of Documents No.: 11**

8       Subject to the General Objections stated hereinabove and incorporated herein by

9    reference, see response to Request For Production of Documents Nos. 7, 8, 9, and 10.

10    **Request For Production of Documents No.: 12**

11       In addition to the General Objections listed hereinabove, which are specifically

12    incorporated herein, Responding Party objects to this request as unintelligible

13    **Request For Production of Documents No.: 13**

14       Subject to the General Objections stated hereinabove and incorporated herein by

15    reference, Responding Party will produce non-privileged, responsive documents within its

16    custody and control on a date and time as agreed to by Propounding Party and Requesting

17    Party. At this time Responding Party anticipates producing no non-privileged, responsive

18    documents.

19    **Request For Production of Documents No.: 14**

20       Subject to the General Objections stated hereinabove and incorporated herein by

21    reference, see response to Request For Production of Documents Nos. 8 and 9,.

22    **Request For Production of Documents No.: 15**

23       Subject to the General Objections stated hereinabove and incorporated herein by

24    reference, see response to Request For Production of Documents Nos. 4 and 7.

25    Dated: July 15, 2015               CAMPEAU GOODSELL SMITH
                               /s/ William J. Healy

26                                  William J. Healy

27

28

OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS

Case: 17-05044    Doc# 83-3    Filed: 02/13/18    Entered: 02/13/18 21:52:10    Page 7 of
8
Case: 17-05044    Doc# 109-1    Filed: 07/29/19    Entered: 07/29/19 21:25:52    Page 16
of 23

CAMPEAU GOODSELL SMITH, L.C.          Case Name: In re Robert S. Brower, Sr.
SCOTT L. GOODSELL, #122223            Case No.: 15-50801
WILLIAM J. HEALY #146158
440 North 1ˢᵗ Street, Suite 100
San Jose, CA 95112
TEL. (408) 295-9555
FAX. (408)295-6606

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### CERTIFICATE OF SERVICE

I declare that I am employed in the County of Santa Clara, California; I am over the age of 18 years, and not a party to the within entitled cause; my address is 440 N. 1ˢᵗ Street, Suite 100 San Jose, California 95112.

On July 15, 2015, I served a copy of:

**1. OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS**
**2. CERTIFICATE OF SERVICE**

BY MAIL, and ECF OR AS OTHERWISE NOTED, by placing a true copy thereof enclosed in a sealed envelope addressed to:

MUFG Union Bank, N.A.                 VIA U.S. Mail
Steven B. Sacks
Michael M. Lauter
Jacqueline A. Gottlieb
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111

Office of the U.S. Trustee / SJ       VIA U.S. Mail
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

```
All ECF
Recipients
```

I am familiar with the firm's practice for collecting and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Jose, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of California, that the foregoing is true and correct. Executed on July 15, 2015, at San Jose, California.

                                      /s/ William J. Healy
                                      William J. Healy

# EXHIBIT 4

# Michael Lauter

| | |
|---|---|
| **From:** | Steven Sacks |
| **Sent:** | Tuesday, July 28, 2015 5:25 PM |
| **To:** | Judy Nakaso |
| **Subject:** | Fwd: In re Brower-2004 Document Production |
| **Attachments:** | Bill Healy.vcf; ATT00001.htm; Brower.2004.documentproduction.pdf; ATT00002.htm |

Begin forwarded message:

**From:** "whealy@campeaulaw.com" <whealy@campeaulaw.com>
**To:** "Steven Sacks" <SSacks@sheppardmullin.com>, "Michael Lauter" <mlauter@sheppardmullin.com>
**Cc:** "whealy@campeaulaw.com" <whealy@campeaulaw.com>
**Subject: In re Brower-2004 Document Production**

Gentlemen:

Pursuant to our prior email scheduling and our prior response/objection we have attached Debtor's 2004 document production. Please note we have not included any filings with the Bankruptcy Court or Superior Court as such may not be responsive and are well within your custody or control and/or equally available to you.

Please confirm receipt.

1

Case: 17-05044    Doc# 83-4    Filed: 02/13/18    Entered: 02/13/18 21:52:10    Page 2 of
51
Case: 17-05044    Doc# 109-1    Filed: 07/29/19    Entered: 07/29/19 21:25:52    Page 19
of 23

# EXHIBIT 3

AGREEMENT

Between

ROBERT S. BROWER

and

████ CIA ANN HENDRICKSON

Dated: June 11, 1980.

RB000401

THIS AGREEMENT, executed in duplicate this 11th day of June , 1980, between ROBERT S. BROWER, of 8 Hampshire Drive, Mendham, New Jersey, AND PATRICIA ANN HENDRICKSON, residing at 8 Hampshire Drive, Mendham, New Jersey;

W I T N E S S E T H :

WHEREAS, Robert S. Brower is a divorced man, aged 30, with two minor children by a previous marriage, and Patricia Ann Hendrickson is a single woman, aged 24; and

WHEREAS, the said parties have represented to each other that they are free to marry and therefore contemplate marriage to each other, such marriage to be solemnized in the near future; and

WHEREAS, Robert S. Brower presently has property and investments in an amount in excess of $1,000,000.; and

WHEREAS, Patricia Ann Hendrickson presently has property and investments in an amount in excess of $15,000.; and

WHEREAS, each party enters into this Agreement with full knowledge of the extent and approximate present value of all of the property and estate of the other and of

RB000402

all the rights and privileges in and to such property and estate which would be conferred by law upon each in the property and estate of the other by virtue of the consummation of the proposed marriage if this Agreement were not entered into; and

WHEREAS, each party has had the benefit of independent legal advice prior to the execution of this Agreement, has been fully advised as to his or her rights hereunder and in the absence of such an agreement, and with full knowledge of such rights, each is fully satisfied to enter into this Agreement so that the forthcoming marriage, whether or not consummated, should not impair his or her relationship to the other, nor his relationship to his children and his financial responsibilities to them; and

WHEREAS, the parties desire to fix, limit and determine by this Agreement the interest, rights and claims that will accrue to each of them in the property and estate of the other by reason of their marriage to each other, whether or not consummated, and to accept the provisions of this Agreement in lieu and in full discharge, settlement and satisfaction of any and all interest, rights and claims that otherwise each might or could have, under the law, in and to the property and estate of the other, both before and after the other's death.

- 2 -

RB000403