and financial condition of the Company. The foregoing, however, does not limit or modify the representations and warranties of the Company in Section 2 of this Agreement or the right of the Investors to rely thereon.

3.4    Investment Experience.  Such Investor is able to fend for itself, can bear the economic risk of its investment, and has such knowledge and experience in financial or business matters that it is capable of evaluating the merits and risks of the investment in the Series A Preferred Stock.  If other than an individual, such Investor also represents it has not been organized for the purpose of acquiring the Series A Preferred Stock.

3.5    Accredited Investor.  Such Investor is an "accredited investor" within the meaning of Securities and Exchange Commission ("SEC") Rule 501 of Regulation D, as presently in effect.

3.6    Restricted Securities.  Such Investor understands that the Securities it is purchasing are characterized as "restricted securities" under the federal securities laws inasmuch as they are being acquired from the Company in a transaction not involving a public offering and that under such laws and applicable regulations such Securities may be resold without registration under the Act only in certain limited circumstances.  In the absence of an effective registration statement covering the Securities or an available exemption from registration under the Act, the Series A Preferred Stock must be held indefinitely.

3.7    Legends.  It is understood that the certificates evidencing the Securities may bear one or all of the following legends:

"THESE SECURITIES HAVE NOT BEEN REGISTERED OR QUALIFIED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR THE SECURITIES LAWS OF ANY STATE.  THEY MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED OR HYPOTHECATED UNLESS (A) THERE IS AN EFFECTIVE REGISTRATION STATEMENT UNDER SUCH ACT AND APPLICABLE STATE SECURITIES LAWS, COVERING ANY SUCH TRANSACTION INVOLVING SAID SECURITIES, (B) THE COMPANY RECEIVES AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY STATING THAT SUCH TRANSACTION IS EXEMPT FROM REGISTRATION, OR (C) THE COMPANY OTHERWISE SATISFIES ITSELF THAT SUCH TRANSACTION IS EXEMPT FROM REGISTRATION."

Any legend required by the laws of the State of California, including any legend required by the California Department of Corporations and Sections 417 and 418 of the California Corporations Code.

4.    California Commissioner of Corporations Corporate Securities Law.  THE SALE OF THE SECURITIES THAT ARE THE SUBJECT OF THIS AGREEMENT HAS NOT BEEN QUALIFIED WITH THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA AND THE ISSUANCE OF SUCH SECURITIES OR THE PAYMENT OR RECEIPT OF ANY PART OF THE CONSIDERATION FOR SUCH SECURITIES PRIOR TO SUCH QUALIFICATION IS UNLAWFUL, UNLESS THE SALE OF SECURITIES IS

BABC00040

EXEMPT FROM QUALIFICATION BY SECTION 25100, 25102 OR 25105 OF THE CALIFORNIA CORPORATIONS CODE. THE RIGHTS OF ALL PARTIES TO THIS AGREEMENT ARE EXPRESSLY CONDITIONED UPON SUCH QUALIFICATION BEING OBTAINED, UNLESS THE SALE IS SO EXEMPT.

5.    Conditions of Investor's Obligations at Closing.  The obligations of each Investor under Section 1.1 of this Agreement are subject to the fulfillment on or before the applicable Closing of each of the following conditions, the waiver of which shall not be effective against any Investor who does not consent in writing thereto:

5.1    Representations and Warranties.  The representations and warranties of the Company contained in Section 2 shall be true on and as of the Closing with the same effect as though such representations and warranties had been made on and as of the date of such Closing.

5.2    Performance.  The Company shall have performed and complied with all agreements, obligations and conditions contained in this Agreement that are required to be performed or complied with by it on or before the Closing.

5.3    Qualifications.  All authorizations, approvals or permits, if any, of any governmental authority or regulatory body of the United States or of any state that are required in connection with the lawful issuance and sale of the Securities pursuant to this Agreement shall be duly obtained and effective as of the Closing (except for any filings required under federal or state securities laws that are not required to be filed at the Closing, and which filings shall be made within the required statutory period).

5.4    Proceedings and Documents.  All corporate and other proceedings in connection with the transactions contemplated at the Closing and all documents incident thereto shall be reasonably satisfactory in form and substance to the Investors, and they shall have received all such counterpart original and certified or other copies of such documents as they may reasonably request.

5.5    Sale of Preferred Stock to Each Investor.  The Company shall have simultaneously sold to each Investor the Series A Preferred Stock to be purchased by such Investor hereunder at the Closing and shall have received payment therefor in full.

5.6    Restated Articles Effective.  The Restated Articles shall have been duly adopted by the Company by all necessary corporate action of its board of directors and shareholders, and shall have been duly filed with and accepted by the Secretary of State of the State of California.

5.22    Approval of Transactions.  All necessary approvals and actions required by the Investors in order to consummate the transaction contemplated by this Agreement shall be have been obtained.

6.    Conditions of the Company's Obligations at Each Closing.  The obligations of the Company to each Investor under this Agreement are subject to the fulfillment on or before the applicable Closing of each of the following conditions by that Investor:

7.

**BABC00041**

6.1    Representations and Warranties. The representations and warranties of the Investors contained in Section 3 shall be true on and as of the Closing with the same effect as though such representations and warranties had been made on and as of the Closing.

6.2    Payment of Purchase Price. The Investors shall have delivered the purchase price specified in Section 1.1.

6.3    Qualifications. All authorizations, approvals or permits, if any, of any governmental authority or regulatory body of the United States or of any state that are required in connection with the lawful issuance and sale of the Securities pursuant to this Agreement shall be duly obtained and effective as of the Closing (except for any filings required under federal or state securities laws that are not required to be filed at the Closing, and which filings shall be made within the required time period).

7.    Miscellaneous.

7.1    Survival.

The warranties, representations and covenants of the Company and Investors contained in or made pursuant to this Agreement shall survive the execution and delivery of this Agreement and the Closing and shall in no way be affected by any investigation of the subject matter thereof made by or on behalf of the Investors or the Company.

7.2    Successors and Assigns.

Except as otherwise provided herein, the terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective successors and assigns of the parties. Nothing in this Agreement, express or implied, is intended to confer upon any party, other than the parties hereto or their respective successors and assigns, any rights, remedies, obligations or liabilities under or by reason of this Agreement, except as expressly provided in this Agreement.

7.3    Governing Law.

This Agreement shall be governed by and construed under the laws of the State of California as applied to agreements among California residents entered into and to be performed entirely within California.

7.4    Titles and Subtitles.

The titles and subtitles used in this Agreement are used for convenience only and are not to be considered in construing or interpreting this Agreement.

7.5    Notices.

All notices required or permitted hereunder shall be in writing and shall be deemed effectively given: (i) upon personal delivery to the party to be notified, (ii) when sent by confirmed electronic mail or facsimile if sent during normal business hours of the recipient, if

8.

BABC00042

Case: 17-05044    Doc# 109-10    Filed: 07/29/19    Entered: 07/29/19 21:25:52    Page 3 of 22

not, then on the next business day; (iii) five days after having been sent by registered or certified mail, return receipt requested, postage prepaid or (iv) one day after deposit with a nationally recognized overnight courier, specifying next day delivery, with written verification of receipt. All communications shall be sent to the address as set forth on the signature page hereof or at such other address as such party may designate by ten days advance written notice to the other parties hereto.

### 7.6 Finder's Fee.

Each party represents that it neither is nor will be obligated for any finders' fee or commission in connection with this transaction. Each Investor agrees to indemnify and to hold harmless the Company from any liability for any commission or compensation in the nature of a finders' fee (and the costs and expenses of defending against such liability or asserted liability) for which such Investor or any of its officers, partners, employees or representatives is responsible. The Company agrees to indemnify and hold harmless each Investor from any liability for any commission or compensation in the nature of a finders' fee (and the costs and expenses of defending against such liability or asserted liability) for which the Company or any of its officers, employees or representatives is responsible.

### 7.7 Expenses.

Irrespective of whether the Closing is effected, the Company shall pay all costs and expenses that it incurs with respect to the negotiation, execution, delivery and performance of this Agreement. If the Closing is effected, the Company shall, at the Closing, reimburse the reasonable fees and out-of-pocket costs of special counsel to the Investors, not to exceed $15,000 in connection with the Closing. If any action at law or in equity is necessary to enforce or interpret the terms of the Transaction Agreements or the Restated Articles, the prevailing party shall be entitled to reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled.

### 7.8 Amendments and Waivers.

Any term of this Agreement may be amended and the observance of any term of this Agreement may be waived (either generally or in a particular instance and either retroactively or prospectively), only with the written consent of the Company and each of the Investors hereto. Any amendment or waiver effected in accordance with this paragraph shall be binding upon each holder of any securities purchased under this Agreement at the time outstanding (including securities into which such securities are convertible), each future holder of all such securities and the Company. .

### 7.9 Severability.

If one or more provisions of this Agreement are held to be unenforceable under applicable law, such provision shall be excluded from this Agreement and the balance of the Agreement shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms.

9.

BABC00043

7.10 Entire Agreement. This Agreement and the documents referred to herein constitute the entire agreement among the parties and no party shall be liable or bound to any other party in any manner by any warranties, representations or covenants except as specifically set forth herein or therein.

7.11 Counterparts. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

7.12 Counsel to Aurora.

The Company acknowledges and agrees that this Agreement has been prepared by Babcock & Associates, counsel to Aurora Capital Advisors, LLC and its affiliates, which counsel has represented the interests of such Investors and not those of the Company with respect to the transaction or transactions contemplated by this Agreement. The Company acknowledges that it has consulted with its own counsel, accountant and/or business advisor as to the legal, tax, investment and related matters with respect to the transaction or transactions contemplated by this Agreement as it deemed necessary.

7.13 Delays or Omissions.

No delay or omission to exercise any right, power or remedy accruing to any Investor upon any breach or default of the Company under this Agreement, shall impair any such right, power, or remedy, nor shall it be construed to be a waiver of any such breach or default, or any acquiescence therein, or of or in any similar breach or default thereafter occurring; nor shall any waiver of any single breach or default be deemed a waiver of any other breach or default theretofore or thereafter occurring. It is further agreed that any waiver, permit, consent or approval of any kind of character on an Investor's part of any breach or default under this Agreement, or any waiver on an Investor's part of any provisions or conditions of this Agreement must be in writing and shall be effective only to the extent specifically set forth in such writing and that all remedies, either under this Agreement, or by law or otherwise afforded to a Purchaser, shall be cumulative and not alternative.

7.14 Facsimile Transmission.

The facsimile transmission by one party hereto of a signed copy of the signature page of this Agreement to the other party hereto or such party's agent, followed by an acknowledgement of receipt thereof, shall constitute the delivery of this Agreement.

10.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

COASTAL CYPRESS CORPORATION, a
California corporation

By: _____
Robert Brower
President

Address: 8940 Carmel Valley Road
Carmel, CA 93923
Fax No: (831) 624-6138
email: rbrower136@gmail.com



Anthony A. Nobles, PhD.

Address: 17080 Newhope Street
Fountain Valley, CA 92708

Fax No: (714) 427-0399
email: anobles@noblesmedical.com

_____
Richard J. Babcock

Address: 18101 Von Karman Avenue
Suite 230
Irvine, CA 92612

Fax No: (714) 209-7678
email: rich@babcockassociates.com

[SIGNATURE PAGE TO SERIES A PREFERRED
STOCK PURCHASE AGREEMENT]

11.

BABC00045

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

COASTAL CYPRESS CORPORATION, a California corporation

By: _____

    Robert Brower
    President

Address:  8940 Carmel Valley Road
          Carmel, CA 93923
Fax No:  (831) 624-6138
email:     rbrower136@gmail.com


_____

Anthony A. Nobles, PhD.

Address:  17080 Newhope Street
          Fountain Valley, CA 92708

Fax No:  (714) 427-0399
email:     anobles@noblesmedical.com


_____

Richard J. Babcock

Address:  18101 Von Karman Avenue
          Suite 230
          Irvine, CA 92612

Fax No:  (714) 209-7678
email:     rich@babcockassociates.com


[SIGNATURE PAGE TO SERIES A PREFERRED
STOCK PURCHASE AGREEMENT]

11.

BABC00046

## SCHEDULE A

### List of Investors

| Name | Number of Shares | Purchase Price |
|------|------------------|----------------|
| Anthony A. Nobles | 240,000 | $240,000 |
| Richard J. Babcock | 10,000 | $10,000 |

12.

**BABC00047**

## Schedule of Exceptions

This Schedule B, or Schedule of Exceptions, modifies, amends, supplements and discloses, and states exceptions to, the representations and warranties of SiliconSystems, Inc., a California corporation (the "Company"), set forth in Section 2 of the Series A Preferred Stock Purchase Agreement (the "Agreement") between the Company and the investors listed on Schedule B thereto. Each exception or disclosure therein, is made for the sake of convenience as to all sections of this Agreement, even if such disclosure is specified for a single section of this Agreement, without the need for identification of specific additional sections or repetition, but only to the extent that the disclosure is reasonably apparent on its face as being applicable to such other section. Any terms not defined herein which are defined in the Agreement shall have the meaning set forth in the Agreement. Where any representation or warranty contained in the Agreement is limited or qualified by the materiality of the matters to which the representation or warranty is given, the inclusion of any matter in this Schedule of Exceptions does not constitute a determination by the Company that such matters are material.

NONE

**BABC00048**

**EXHIBIT A**

[See attached form of Restated Articles]

14.

**BABC00049**

# EXHIBIT 17

From: wire
Subject: [Cust Out Wire Advice - eMail] Message ID:110131095805MS20 Advice Code:OTCSADEM
Date: January 31, 2011 at 10:21 AM
To: Kglassman@technosdevelopment.com
-------------------------------------------------------------------------



From: F & M BANK Wire Transfer Dept.

In accordance with your instructions, we have DEBITED your account:
**********3978
for $200,000.00. If you have any questions, please contact the wire department
at (562) 499-4812.

Date: 2011-01-31 00:00:00

Fed Reference #: 20110131L2LFFM1C000037

Sender Bank Information:
     ABA #: 122201198
     Bank Name: F & M BANK

Receiving Bank Information:
     ABA #: 121107882
     Bank Name: FRE BK FRE

                    * * *

Originator Information:
     Name: Technos Development LLC

Beneficiary Information:
     Name: Robert S. Brower
     Acct #: **********0423

                    * * *

Beneficiary Bank:

Originator to Beneficiary Info:

Bank to Bank Information:

~ ~ ~ ~   END Incoming Wire Transfer Information   ~ ~ ~ ~ ~

DO NOT RESPOND TO THIS EMAIL. If you have any questions regarding this email, please contact your branch. This communication is privileged and confidential. If you are not the intended recipient, please destroy the message.

The information in this email (and any attachments) is confidential. If you are not the intended recipient, you must not read, use or disseminate the information. Although this email (and any attachment) is believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Farmers & Merchants Bank of Long Beach for any loss or damage arising in any way from its use. No contracts may be concluded on behalf of the sender by means of electronic communications unless expressly stated to the contrary.

Before printing this e-mail think if it is necessary. Think Green!

NOB0005

**EXHIBIT 18**

```
*********AUTO**ALL FOR AADC 950
3587 1.1790 AB 0.485     15 1 8
ROBERT S BROWER SR
PATRICIA A BROWER
PO BOX 222422                                    12-0
CARMEL CA  93922-2422                               3
                                                   29
```

```
===============================================================
           CALIFORNIA LIFESTYLE CHECKING ACCOUNT 14000423
===============================================================
```

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT .............................. | | | 01/12/11 | 80,142.95 |
| CHECK # 8930 | 201.43 | | 01/13/11 | 79,941.52 |
| CHECK # 8931 | 358.60 | | 01/14/11 | 79,582.92 |
| CHECK # 8937 | 1,215.22 | | 01/14/11 | 78,367.70 |
| DEPOSIT | | 719.72 | 01/18/11 | 79,087.42 |
| CHECK # 8936 | 23.91 | | 01/18/11 | 79,063.51 |
| CHECK # 9152 | 250.00 | | 01/18/11 | 78,813.51 |
| CHECK # 9186 | 100.00 | | 01/18/11 | 78,713.51 |
| CHECK # 9189 - MACYS PAYMENT CHECK PYMT 9189 | | | | |
| | 50.00 | | 01/19/11 | 78,663.51 |
| CHECK # 9190 - RETAIL SERVICES1 CHECKPAYMT 9190 | | | | |
| | 100.00 | | 01/19/11 | 78,563.51 |
| CHECK # 8939 - CHASE CHECK PYMT 8939 | | | | |
| | 190.40 | | 01/20/11 | 78,373.11 |
| CHECK # 8940 - AT&T SERVICES LA CHECK PYMT 8940 | | | | |
| | 121.36 | | 01/20/11 | 78,251.75 |
| CHECK # 8942 | 443.34 | | 01/20/11 | 77,808.41 |
| CHECK # 8941 | 142.60 | | 01/21/11 | 77,665.81 |
| CHECK # 9167 | 25.00 | | 01/21/11 | 77,640.81 |
| CHECK # 9184 | 10.00 | | 01/21/11 | 77,630.81 |
| CHECK # 9185 | 10.00 | | 01/21/11 | 77,620.81 |
| CHECK # 9187 | 15.00 | | 01/21/11 | 77,605.81 |
| CHECK # 9191 | 20.00 | | 01/21/11 | 77,585.81 |
| CHECK # 9194 - FIA CardServices CHECK PYMT 9194 | | | | |
| | 200.00 | | 01/24/11 | 77,385.81 |
| CHECK # 8938 | 42.85 | | 01/24/11 | 77,342.96 |
| CHECK # 9188 | 42.00 | | 01/24/11 | 77,300.96 |
| CHECK # 9192 | 100.00 | | 01/24/11 | 77,200.96 |
| CHECK # 9193 | 37.00 | | 01/26/11 | 77,163.96 |
| WIRE:IN-201103100118;ORG TECHNOS DEVELOPMENT LLC;REF | | | | |
| 20-12450 | | 200,000.00 | 01/31/11 | 277,163.96 |
| CHECK # 9195 - Nordstrom Visa CHECK PYMT 9195 | | | | |
| | 422.00 | | 01/31/11 | 276,741.96 |

```
                    * * *  C O N T I N U E D  * * *
```



Δ π EXHIBIT 51
Deponent: Nobles
Date: 1·25·19  Rptr AA
WWW.DEPOBOOK.COM

ROBERT S BROWER SR
PATRICIA A BROWER

```
===============================================================================
                CALIFORNIA LIFESTYLE CHECKING ACCOUNT 14000423
===============================================================================
        DESCRIPTION          DEBITS      CREDITS     DATE        BALANCE
```

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| CHECK # 9196 - BLOOMINGDALESPAY CHECK PYMT 9196 | | | | |
| | 22.00 | | 01/31/11 | 276,719.96 |
| CHECK # 9199 | 215.00 | | 01/31/11 | 276,504.96 |
| WIRE:IN-201103100118;Incoming Wire Fee | | | | |
| | 15.00 | | 01/31/11 | 276,489.96 |
| CHECK # 8945 - AT&T TELCO WEST 000PAYMENT 8945 | | | | |
| | 280.04 | | 02/01/11 | 276,209.92 |
| CHECK # 8947 - AMERICAN EXPRESS ARC PMT 8947 | | | | |
| | 272.00 | | 02/01/11 | 275,937.92 |
| CHECK # 9200 - CHASE CHECK PYMT 9200 | | | | |
| | 280.00 | | 02/01/11 | 275,657.92 |
| WIRE:OUT-201103300002;BNF CHATEAU JULIEN INC | | | | |
| | 150,000.00 | | 02/02/11 | 125,657.92 |
| CHECK # 8943 | 286.01 | | 02/02/11 | 125,371.91 |
| CHECK # 9175 | 500.00 | | 02/02/11 | 124,871.91 |
| WIRE:OUT-201103300002;14-Outgoing Wire Fee-Domestic | | | | |
| | 30.00 | | 02/02/11 | 124,841.91 |
| CHECK # 8944 | 201.43 | | 02/02/11 | 124,640.48 |
| DEPOSIT | | 1,617.60 | 02/04/11 | 126,258.08 |
| CHECK # 8948 | 50,000.00 | | 02/04/11 | 76,258.08 |
| CHECK # 9202 | 120.00 | | 02/04/11 | 76,138.08 |
| CHECK # 8946 - CHASE CHECK PYMT 8946 | | | | |
| | 930.38 | | 02/07/11 | 75,207.70 |
| DEPOSIT | | 1,276.23 | 02/08/11 | 76,483.93 |
| CHECK # 8955 - AMERICAN EXPRESS ARC PMT 8955 | | | | |
| | 3,922.74 | | 02/08/11 | 72,561.19 |
| CHECK # 9203 | 80.00 | | 02/09/11 | 72,481.19 |
| CHECK # 8952 | 203.83 | | 02/10/11 | 72,277.36 |
| CHECK # 8954 | 500.00 | | 02/10/11 | 71,777.36 |
| CHECK # 8949 | 175.00 | | 02/11/11 | 71,602.36 |
| CHECK # 9204 | 20.00 | | 02/11/11 | 71,582.36 |
| CHECK # 9205 | 53.04 | | 02/11/11 | 71,529.32 |
| INTEREST | | 8.74 | 02/11/11 | 71,538.06 |
| BALANCE THIS STATEMENT ............................ | | | 02/11/11 | 71,538.06 |

```
TOTAL CREDITS      (5)     203,622.29   MINIMUM BALANCE          71,529.32
TOTAL DEBITS      (44)     212,227.18   AVG AVAILABLE BALANCE    92,948.72
                                        AVERAGE BALANCE          93,169.27
                    * * * C O N T I N U E D * * *
```

ROBERT S BROWER SR
PATRICIA A BROWER

==================================================================================
YOUR CHECKS SEQUENCED
==================================================================================

| DATE | CHECK # | AMOUNT | DATE | CHECK # | AMOUNT | DATE | CHECK # | AMOUNT |
|------|---------|--------|------|---------|--------|------|---------|--------|
| 01/13 | 8930 | 201.43 | 02/11 | 8949* | 175.00 | 01/24 | 9188* | 42.00 |
| 01/14 | 8931* | 358.60 | 02/10 | 8952* | 203.83 | 01/21 | 9191 | 20.00 |
| 01/18 | 8936 | 23.91 | 02/10 | 8954* | 500.00 | 01/24 | 9192 | 100.00 |
| 01/14 | 8937 | 1,215.22 | 01/18 | 9152* | 250.00 | 01/26 | 9193* | 37.00 |
| 01/24 | 8938* | 42.85 | 01/21 | 9167* | 25.00 | 01/31 | 9199* | 215.00 |
| 01/21 | 8941 | 142.60 | 02/02 | 9175* | 500.00 | 02/04 | 9202 | 120.00 |
| 01/20 | 8942 | 443.34 | 01/21 | 9184 | 10.00 | 02/09 | 9203 | 80.00 |
| 02/02 | 8943 | 286.01 | 01/21 | 9185 | 10.00 | 02/11 | 9204 | 20.00 |
| 02/03 | 8944* | 201.43 | 01/18 | 9186 | 100.00 | 02/11 | 9205 | 53.04 |
| 02/04 | 8948 | 50,000.00 | 01/21 | 9187 | 15.00 | | | |

(*) INDICATES A GAP IN CHECK NUMBER SEQUENCE

- - - - - - - - - I N T E R E S T - - - - - - - - - -

| | | | |
|---|---|---|---|
| AVERAGE LEDGER BALANCE: | 93,169.27 | INTEREST EARNED: | 8.74 |
| AVERAGE AVAILABLE BALANCE: | 92,948.72 | DAYS IN PERIOD: | 30 |
| INTEREST PAID THIS PERIOD: | 8.74 | ANNUAL PERCENTAGE YIELD EARNED: | .11% |
| INTEREST PAID 2011: | 26.79 | | |
| INTEREST PAID 2010: | 22.19 | | |

- - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

| | TOTAL FOR THIS PERIOD | TOTAL YEAR TO DATE |
|---|---|---|
| TOTAL OVERDRAFT FEES: | .00 | .00 |
| TOTAL RETURNED ITEM FEES: | .00 | .00 |

# EXHIBIT 19

# Outgoing FED Message

## MESSAGE INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| Amount: | $40,000.00 | Message ID: | 110315122314MS20 | PDM: | |
| Currency: | USD | Latest Version: | 0 | Priority: | M |
| Value Date: | 03/15/2011 | Time: | 12:43:06 | URC: | |
| Bank ID: | 001 | Department: | WIR | Status: | COMPLETE |
| Message Type: | 10 | Branch: | 020 | Template: | 20 |
| Message Subtype: | 00 | Charge: | | Purpose of wire: | |
| Fee: | 0.00 | Source: | 020 | | |
| Ref. No.: | 110315122314MS20 | External Ref.: | | Country Code : | US |

## MESSAGE TEXT

| | | | | | |
|---|---|---|---|---|---|
| Sender ABA: | 122201198 | Sender Name: | F & M BANK | Ref. No.: | 110315122314MS20 |
| Receiver ABA: | 121107882 | Receiver Name: | FRE BK FRE | Prod. Code: | CTR |
| Ref. IMAD: | | | | Local Instrument Code: | |
| IMAD: | 20110315L2LFFM1C000087 | | Prep. Code: | | |
| OMAD: | 20110315L1LFB65C00007003151543FT03 | | | Ref. for Buf.: | 20-12469 |

| | | | | | |
|---|---|---|---|---|---|
| As of Reason: | As of Date: | | Disposition: | | |
| Acc Off: | 001 | Account: | 12195871 | Acc. Type: | DDA | Initiator ID: |
| Cr Acc Off: | | Cr Acc No: | | Cr Acc Type: | |
| Db Advice: | | Db Fee: | | Cr Advice: | | Cr Fee: |
| Drawdown Credit Account: | | | | | |

| | |
|---|---|
| Originator: | Originator Option F: |

Beneficiary:
14000423

Anthony A Nobles

Robert S Brower

8688 Tern Ave

Chateau Julien Wine Estate

Fountain Valley 92708-6233

8940 Carmel Valley Road

Carmel CA 93923

Originator Bank:

Beneficiary Bank:

NOB0004

Case: 17-05044    Doc# 109-10    Filed: 07/29/19    Entered: 07/29/19 21:25:52

of 22

# EXHIBIT 20

```
**********AUTO**MIXED AADC 945
2766 1.3730 MB 0.507    11 20 8
ROBERT S BROWER SR
PATRICIA A BROWER
PO BOX 222422                                    12-0
CARMEL CA  93922-2422                               2
                                                  30
```

===============================================================
Fee Change Notice Effective May 01, 2011:
Important Information Regarding Your Checking Account
The following reflects changes to your Deposit Account Agreement.
All other terms and conditions will remain the same.
Monthly Service Charge for a minimum daily balance less than
$10,000 or combined balance with Flex Option less than $25,000
is $24.00, less $4.00 with e-Statements.

===============================================================
CALIFORNIA LIFESTYLE CHECKING ACCOUNT 14000423
===============================================================

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT ............................. | | | 03/11/11 | 75,583.28 |
| CHECK # 8963 - AMERICAN EXPRESS ARC PMT 8963 | | | | |
| | 5,633.80 | | 03/14/11 | 69,949.48 |
| CHECK # 9225 - CHASE CHECK PYMT 9225 | | | | |
| | 176.00 | | 03/14/11 | 69,773.48 |
| CHECK # 9220 | 25.00 | | 03/14/11 | 69,748.48 |
| CHECK # 9227 | 20.86 | | 03/14/11 | 69,727.62 |
| WIRE:IN-201107400172;ORG ANTHONY A NOBLES;REF 20-12469 | | | | |
| | | 40,000.00 | 03/15/11 | 109,727.62 |
| WIRE:IN-201107400172;Incoming Wire Fee | | | | |
| | 15.00 | | 03/15/11 | 109,712.62 |
| CHECK # 8916 | 40,000.00 | | 03/17/11 | 69,712.62 |
| CHECK # 9230 | 662.00 | | 03/17/11 | 69,050.62 |
| CHECK # 9226 | 200.00 | | 03/18/11 | 68,850.62 |
| CHECK # 9228 | 20.00 | | 03/18/11 | 68,830.62 |
| CHECK # 9229 | 20.00 | | 03/18/11 | 68,810.62 |
| DEPOSIT | | 4,607.74 | 03/21/11 | 73,418.36 |
| CHECK # 9234 - MACYS PAYMENT CHECK PYMT 9234 | | | | |
| | 300.00 | | 03/21/11 | 73,118.36 |
| CHECK # 9231 | 35.00 | | 03/21/11 | 73,083.36 |
| CHECK # 9232 | 100.00 | | 03/21/11 | 72,983.36 |
| CHECK # 9233 - RETAIL SERVICES1 CHECKPAYMT 9233 | | | | |
| | 113.83 | | 03/22/11 | 72,869.53 |
| CHECK # 8970 - AT&T SERVICES LA CHECK PYMT 8970 | | | | |
| | 121.36 | | 03/24/11 | 72,748.17 |

* * * C O N T I N U E D * * *

Case: 17-05044    Doc# 109-10    Filed: 07/29/19    Entered: 07/29/19 21:25:52    Page 20
of 22
UB0027991

ROBERT S BROWER SR
PATRICIA A BROWER

```
==========================================================================
               CALIFORNIA LIFESTYLE CHECKING ACCOUNT 14000423
==========================================================================
         DESCRIPTION          DEBITS       CREDITS    DATE        BALANCE

CHECK # 8971 - AMERICAN EXPRESS ARC PMT 8971
                              250.00                  03/24/11    72,498.17
CHECK # 8964                   33.43                  03/24/11    72,464.74
CHECK # 8969                  323.31                  03/24/11    72,141.43
CHECK # 8973 - CHASE CHECK PYMT 8973
                            1,472.19                  03/25/11    70,669.24
CHECK # 8975 - CHASE CHECK PYMT 8975
                              798.74                  03/25/11    69,870.50
CHECK # 8966                  843.51                  03/25/11    69,026.99
CHECK # 8968                  206.72                  03/25/11    68,820.27
CHECK # 8972                  146.58                  03/25/11    68,673.69
CHECK # 9235                  270.00                  03/25/11    68,403.69
CHECK # 8965                   50.84                  03/28/11    68,352.85
CHECK # 8967                   58.72                  03/28/11    68,294.13
CHECK # 8974                   19.41                  03/28/11    68,274.72
CHECK # 9236                   34.00                  03/30/11    68,240.72
CHECK # 9237                   85.00                  03/30/11    68,155.72
CHECK # 9240 - FIA CardServices CHECK PYMT 9240
                              300.00                  03/31/11    67,855.72
CHECK # 9242 - Nordstrom Visa CHECK PYMT 9242
                              325.00                  03/31/11    67,530.72
CHECK # 9219                   24.00                  04/01/11    67,506.72
CHECK # 9238                   20.00                  04/01/11    67,486.72
CHECK # 9239                   10.00                  04/01/11    67,476.72
CHECK # 9241 - BLOOMINGDALESPAY CHECK PYMT 9241
                              459.51                  04/04/11    67,017.21
CHECK # 9217                  500.00                  04/04/11    66,517.21
CHECK # 9243                  120.00                  04/04/11    66,397.21
DEPOSIT                                   4,420.42    04/07/11    70,817.63
CHECK # 8977                5,000.00                  04/08/11    65,817.63
CHECK # 8978 - AMERICAN EXPRESS ARC PMT 8978
                            7,038.55                  04/11/11    58,779.08
CHECK # 8980 - DIRECTV CHECK PYMT 8980
                              156.78                  04/11/11    58,622.30
CHECK # 8984 - AMERICAN EXPRESS ARC PMT 8984
                              235.00                  04/11/11    58,387.30
CHECK # 8976                6,783.00                  04/11/11    51,604.30
CHECK # 8987                2,000.00                  04/11/11    49,604.30
CHECK # 8979 - AT&T TELCO WEST 000PAYMENT 8979
                              241.79                  04/12/11    49,362.51
                    * * * C O N T I N U E D * * *
```

```
                        ROBERT S BROWER SR
                        PATRICIA A BROWER
```

======================================================================
### CALIFORNIA LIFESTYLE CHECKING ACCOUNT 14000423
======================================================================

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| CHECK # 8981 - CHASE CHECK PYMT 8981 | | | | |
| | 984.19 | | 04/12/11 | 48,378.32 |
| CHECK # 9247 | 358.00 | | 04/12/11 | 48,020.32 |
| CHECK # 9248 | 125.00 | | 04/12/11 | 47,895.32 |
| INTEREST | | 6.31 | 04/12/11 | 47,901.63 |
| BALANCE THIS STATEMENT ........................... | | | 04/12/11 | 47,901.63 |

```
TOTAL CREDITS     (4)    49,034.47  MINIMUM BALANCE            47,895.32
TOTAL DEBITS     (47)    76,716.12  AVG AVAILABLE BALANCE      70,116.26
                                    AVERAGE BALANCE            70,359.51
```

======================================================================
### YOUR CHECKS SEQUENCED
======================================================================

| DATE | CHECK # | AMOUNT | DATE | CHECK # | AMOUNT | DATE | CHECK # | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 03/17 | 8916* | 40,000.00 | 04/08 | 8977* | 5,000.00 | 03/21 | 9231 | 35.00 |
| 03/24 | 8964 | 33.43 | 04/11 | 8987* | 2,000.00 | 03/21 | 9232* | 100.00 |
| 03/28 | 8965 | 50.84 | 04/04 | 9217* | 500.00 | 03/25 | 9235 | 270.00 |
| 03/25 | 8966 | 843.51 | 04/01 | 9219 | 24.00 | 03/30 | 9236 | 34.00 |
| 03/28 | 8967 | 58.72 | 03/14 | 9220* | 25.00 | 03/30 | 9237 | 85.00 |
| 03/25 | 8968 | 206.72 | 03/18 | 9226 | 200.00 | 04/01 | 9238 | 20.00 |
| 03/24 | 8969* | 323.31 | 03/14 | 9227 | 20.86 | 04/01 | 9239* | 10.00 |
| 03/25 | 8972* | 146.58 | 03/18 | 9228 | 20.00 | 04/04 | 9243* | 120.00 |
| 03/28 | 8974* | 19.41 | 03/18 | 9229 | 20.00 | 04/12 | 9247 | 358.00 |
| 04/11 | 8976 | 6,783.00 | 03/17 | 9230 | 662.00 | 04/12 | 9248 | 125.00 |

(*) INDICATES A GAP IN CHECK NUMBER SEQUENCE

- - - - - - - - - I N T E R E S T - - - - - - - - -

```
AVERAGE LEDGER BALANCE:      70,359.51  INTEREST EARNED:                 6.31
AVERAGE AVAILABLE BALANCE:   70,116.26  DAYS IN PERIOD:                    32
INTEREST PAID THIS PERIOD:        6.31  ANNUAL PERCENTAGE YIELD EARNED:  .10%
INTEREST PAID 2011:              38.54
               * * * C O N T I N U E D * * *
```