David W. Balch, Esq.  (SBN 226519)
L+G, LLP
318 Cayuga Street
Salinas, CA 93901
Tel:  831.754.2444

Attorneys for Coastal Cypress Corporation, Wilfred "Butch" Lindley
Patricia Brower, Patricia Brower Trust, and American Commercial Properties, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Robert Brower, Sr.*<br><br>　　　Debtor. | Case No.:  15-50801 (MEH)<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>　　　Plaintiff,<br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>　　　Defendants. | Adv. Proc. No. 17-05044<br><br>**DECLARATION OF ROBERT BROWER, SR.**<br><br>**VOLUME IV**<br><br>Place:　United States Bankruptcy Court<br>　　　　280 South First Street<br>　　　　San Jose, CA 95113<br>Judge:　Hon. M. Elaine Hammond<br>Crtrm:　3020<br><br>Date:　August 26, 2019<br>Time:　11:00 am<br>Courtrooom:　3020 |

# VOLUME IV
# EXHIBITS M-P

1

Declaration of Robert Brower, Sr.

# EXHIBIT M

# AGREEMENT

Between

ROBERT S. BROWER

and

CIA ANN HENDRICKSON

Dated: June 11, 1980.

RB000401

THIS AGREEMENT, executed in duplicate this 11th

day of JUNE , 1980, between ROBERT S. BROWER, of 8

Hampshire Drive, Mendham, New Jersey, AND PATRICIA ANN

HENDRICKSON, residing at 8 Hampshire Drive, Mendham, New

Jersey;

<u>W I T N E S S E T H</u>:

WHEREAS, Robert S. Brower is a divorced man, aged

30, with two minor children by a previous marriage, and

Patricia Ann Hendrickson is a single woman, aged 24; and

WHEREAS, the said parties have represented to

each other that they are free to marry and therefore contem-

plate marriage to each other, such marriage to be solemnized

in the near future; and

WHEREAS, Robert S. Brower presently has property

and investments in an amount in excess of $1,000,000.; and

WHEREAS, Patricia Ann Hendrickson presently has

property and investments in an amount in excess of $15,000.;

and

WHEREAS, each party enters into this Agreement

with full knowledge of the extent and approximate present

value of all of the property and estate of the other and of

RB000402

all the rights and privileges in and to such property and estate which would be conferred by law upon each in the property and estate of the other by virtue of the consummation of the proposed marriage if this Agreement were not entered into; and

WHEREAS, each party has had the benefit of independent legal advice prior to the execution of this Agreement, has been fully advised as to his or her rights hereunder and in the absence of such an agreement, and with full knowledge of such rights, each is fully satisfied to enter into this Agreement so that the forthcoming marriage, whether or not consummated, should not impair his or her relationship to the other, nor his relationship to his children and his financial responsibilities to them; and

WHEREAS, the parties desire to fix, limit and determine by this Agreement the interest, rights and claims that will accrue to each of them in the property and estate of the other by reason of their marriage to each other, whether or not consummated, and to accept the provisions of this Agreement in lieu and in full discharge, settlement and satisfaction of any and all interest, rights and claims that otherwise each might or could have, under the law, in and to the property and estate of the other, both before and after the other's death.

- 2 -

RB000403

NOW, THEREFORE, in consideration of the foregoing and intending to be legally bound hereby, the parties agree as follows:

1. Each party hereby acknowledges that he and she has had the opportunity to ascertain, has been informed by a full and frank disclosure of the other of, and is fully acquainted with and aware of, all the income, property, net worth and financial circumstances of the other, that each has ascertained and weighed all the facts, conditions and circumstances likely to influence his or her judgment in all matters embodied herein; and that each has given due consideration to all such matters and questions and clearly understands and consents to all the provisions hereof and has had the benefit of the advice of counsel of his and her own choice and is willing to accept the provisions of this Agreement in lieu of all other rights.

2. Each party shall during his or her lifetime keep and retain sole ownership, enjoyment, control and power of disposal of all property of every kind and nature whatsoever now owned or hereafter acquired by such party and all increments thereto, free and clear of any interest, rights or claims of the other (including rights under community property laws). Each party irrevocably authorizes the other

- 3 -

RB000404

to act as his or her attorney-in-fact, to join in the making, execution, acknowledgment and delivery of any deed, conveyance, transfer or assignment of any property of such other party so that thereby the joinder, if necessary, may be made freely and without restraint. Each party shall, upon the request of the other, execute, acknowledge and deliver to the other any and all instruments necessary or appropriate to carry into effect the purpose and intent of this Agreement.

    3. Each party does hereby waive, relinquish and release any and all right, claim or demand of every kind, nature and description he or she might otherwise acquire or have at any time hereafter in any property whatsoever or against the estate of the other by reason of the marriage to each other (including rights under community property laws) or as surviving spouse, whether by way of intestacy, dower or curtesy, or rights in the nature of intestacy, dower or curtesy, or any other right of the surviving spouse to share in the estate of the other or to receive any allowance or exemption from the estate of such other, or any right to elect to take against the will of such other, or the right to act as administrator or as administratrix of the estate of such other.

– 4 –

RB000405

4.  None of the foregoing is intended to limit or relieve the legal obligation of Robert S. Brower to support Patricia Ann Hendrickson as his wife in a reasonable manner and to the extent of her necessities for so long as they continue to be lawfully married to each other; provided, however, the legal obligation to support the said wife shall not be extended or applied so as to permit or require the payment of any alimony or payments in the nature of alimony or to give said wife any rights, interest or claim to any of his property.

5.  In the event of an annulment, a separation, legal or by mutual agreement, or a pending or final divorce between the parties hereto, or in the event that the parties hereto have lived apart for a period in excess of ninety (90) continuous days and one of the parties has no intention of returning, each agrees that there shall be no property settlement or division of property between them, but each shall keep and retain sole ownership, enjoyment, control and power of disposal of all property of every kind and nature whatsoever now owned or hereafter acquired by such party and all increments thereto free and clear of any interest, rights or claims of the other (including rights under community property laws).  Upon the happening of any

- 5 -

RB000406

of the events mentioned in the immediately preceding sentence, each irrevocably waives any right, interest, claim or demand for any property settlement (including rights under community property laws), and each shall retain the sole ownership, enjoyment, control and power of disposal of all property of any kind or nature whatsoever now owned or hereafter acquired and all increments thereto as if such parties had never been married.

6. This Agreement shall be effective in all respects whether or not the contemplated marriage between the parties hereto shall take place.

7. This Agreement contains the entire understanding of the parties. There are no representations, warranties, promises, covenants or undertakings, oral or otherwise, other than those expressly set forth herein.

8. This Agreement shall inure to the benefit of and shall be binding upon the heirs, executors and administrators of the parties.

9. The invalidity or unenforceability of any provision, term or condition of this Agreement shall not affect the validity or enforceability of all the other provisions, terms and conditions of this Agreement.

10. This Agreement is made in New Jersey and

— 6 —

RB000407

shall be construed and given effect in accordance with the laws and decisions of New Jersey.

      IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the day and year first above written.

Signed, Sealed and
Delivered in the
Presence of:

_____ (L.S.)
ROBERT S. BROWER
Dated: _____, 1980

_____
As to Robert S. Brower

_____ (L.S.)
PATRICIA ANN HENDRICKSON
Dated: _____, 1980

_____
As to Patricia Ann Hendrickson

- 7 -

RB000408

STATE OF NEW JERSEY )
                    : SS.:
COUNTY OF MORRIS    )

BE IT REMEMBERED, that on this _13th_ day of

_Jeune_ , 1980, before me, the subscriber, an Attorney at Law

of the State of New Jersey, personally appeared ROBERT S.

BROWER, who, I am satisfied, is the person named in and who

executed the within Agreement, and thereupon he did acknowl-

edge that he signed, sealed and delivered the same as his

voluntary act and deed, for the uses and purposes therein

expressed.

_Cynthia K. Buike_
_an attorney at law of the_
_State of New Jersey_

RB000409

STATE OF NEW JERSEY   )
                      : SS.:
COUNTY OF MORRIS      )

       BE IT REMEMBERED, that on this 11th day of
June , 1980, before me, the subscriber, an _Attorney_
of the State of New Jersey, personally appeared PATRICIA
ANN HENDRICKSON, who, I am satisfied, is the person named
in and who executed the within Agreement, and thereupon she
did acknowledge that she signed, sealed and delivered the
same as her voluntary act and deed, for the uses and pur-
poses therein expressed.

_John C. Powell_
_An attorney at law_
_of New Jersey_

RB000410

# EXHIBIT N



**Certificate No. 3**

For 160 Shares

Issued to

Brower Trust

Dated 6/30 2015

FROM WHOM TRANSFERRED

Patricia A. Brower

Dated 6/30 2015

| No. Original Shares | No. Original Certificate | No. of Shares Transferred |
|---|---|---|
| 160 | 2 | 100 |

Received Certificate No. 2

For 160 Shares

this 30 day of June 20

Pat Brower Trustee

---

**Certificate No. 2**

For 100 Shares

Issued to

Patricia A. Brower

Dated Nov. 5 20 09

FROM WHOM TRANSFERRED

Robert S. Brower

Dated Nov. 5 20 09

| No. Original Shares | No. Original Certificate | No. of Shares Transferred |
|---|---|---|
| 100 | 1 | 100 |

Received Certificate No. 1

For 100 Shares

this 5th day of Nov 20

---

**Certificate No. 1**

For 100 Shares

Issued to

Robert S. Brower

Dated June 3, 19 83

FROM WHOM TRANSFERRED

Dated 19

| No. Original Shares | No. Original Certificate | No. of Shares Transferred |
|---|---|---|
| | | |

Received Certificate No.

For Shares

this day of 19

Incorporated under the Laws of the State of Nevada

NUMBER

SHARES

1883

# American Commercial Properties, Inc.

Authorized: 1,000 Shares    Without Nominal or Par Value

This Certifies that ___ROBERT S. BROWER___ is the record

holder of ___One Hundred (100)___ Shares of the Capital Stock of

American Commercial Properties, Inc.

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this ___3rd___ day of ___June___ A.D. 19 83.

_____ SECRETARY

_____ PRESIDENT

ALLEN KOPPE, SUPPLY • 8683 W. PICO BLVD., L.A., CA. 90035

FOR VALUE RECEIVED ___ I ___ HEREBY SELL, ASSIGN AND TRANSFER UNTO

_Patricia A Brower_

_100_ _____ SHARES REPRESENTED

BY THE WITHIN CERTIFICATE AND DO HEREBY IRREVOCABLY CONSTITUTE AND

APPOINT ___ _Patricia A Brower_ _____ ATTORNEY

TO TRANSFER THE SAID SHARES ON THE SHARE REGISTER OF THE WITHIN NAMED
CORPORATION, WITH FULL POWER OF SUBSTITUTION IN THE PREMISES.

DATED ____ _Nov 6_ 19 _2000_

IN PRESENCE OF

NOTICE: THE SIGNATURE OF THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE CERTIFICATE, IN EVERY PARTICULAR, WITHOUT ALTERATION OR ENLARGEMENT, OR ANY CHANGE WHATEVER.

ACP / Patty Brower  0038

# EXHIBIT O

| NO. OF CERTIFICATE | | DATE | | | STOCKHOLDER'S NAME | SHARES IN EACH CERTIFICATE | FRAC- TION | LEDGER PAGE |
|---|---|---|---|---|---|---|---|---|
| ORIGINAL | RECEIPT | MONTH | DAY | YEAR | | | | |
| 1 | | | | | | | | |
| | 1 | 6 | 3 | 83 | Robert S. Brower | 100 | | 1 |
| | 2 | 11 | 8 | 2000 | Patricia A. Brower | 100 | | 1 |
| 3 | | 6 | 30 | 2005 | Brower Trust | 100 | | 1 |

# RE-ISSUED STOCK CERTIFICATES

D'HAEN CO. FORM J-1

| DATE | TRANSFERRED TO | CERTIFICATE RE-ISSUED | | | SURRENDERED CERTIFICATE | | | LEDGER PAGE | MEMORANDUM |
|------|----------------|------|--------------|------|------|--------------|------|--------|------------|
| | | NO. | NO. OF SHARES | FRAC. TION | NO. | NO. OF SHARES | FRAC. TION | | |
| 11/08/2000 | Patricia A. Brower | 1 | 100 | | 1 | 100 | | 1 | issue #2 |
| 6/30/2016 | Brower Trust | 2 | 100 | | 1 | 100 | | 1 | issue #3 |

ACP / Patty Brower 0042

# EXHIBIT P



Happy Anniversary
7/8/00

Dearest
Patty Forever

Love B

Act is now yours

ACP / Patty Brower  0031

ROBERT S. BROWER SR.
PO BOX 222422
CARMEL, CALIFORNIA 93923

November 8, 2000

Patricia A. Brower
28088 Barn Court
Carmel, CA  93923

## A GIFT OF MY LOVE

Dear Patty:

Attached is a stock certificate for all of my interest in American Commercial Properties, Inc.  For your own financial health and well being a wife must feel secure that her home will always be her home.  I am proud to give you all my interest in that company to do with as you choose. Happy 20th anniversary.

Sincerely,

Robert S. Brower

Accepted:

Patricia A. Brower

Enclosure

ACP / Patty Brower  0033