David W. Balch, Esq. (SBN 226519)
JRG Attorneys at Law
318 Cayuga Street
Salinas, CA 93901
Tel: 831.754.2444

Attorneys for Coastal Cypress Corporation, Wilford "Butch" Lindley
Patricia Brower, Patricia Brower Trust, and American Commercial Properties, Inc.

Michael A. Vacchio (SBN 110057
SAMINI COHEN SPANOS LLP
333 S. Hope St., 35th Floor
Los Angeles, CA 900
Tel: 213.863.0080

Attorneys for Anthony Nobles and Richard Babcock

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Robert Brower, Sr.*<br><br>Debtor. | Case No.: 15-50801 (MEH)<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFORD "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | Adv. Proc. No. 17-05044<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Place: United States Bankruptcy Court<br>280 South First Street<br>San Jose, CA 95113<br>Judge: Hon. M. Elaine Hammond<br>Crtrm: 3020<br><br>Date: August 26, 2019<br>Time: 11 am<br>Court: 3020 |

Defendants Coastal Cypress Corporation (California and Delaware), Wilford "Butch" Lindley, Patricia Brower, Patricia Brower Trust, American Commercial Properties, Inc., Anthony Nobles, and Richard Babcock, respectfully submit the following Reply Memorandum of Points and Authorities in Further Support of Defendants' Motion for Summary Judgment.

## REPLY ARGUMENT

**Point I: The Statute of Limitations Applies – and Plaintiff's Complaint is Time Barred**

MUFG Union Bank contends that there is no statute of limitations on claims seeking to have property declared part of the bankruptcy estate, citing *In re Blasingame*, 598 B.R. 864 (BAP 6th Cir. 2019). Union Bank is wrong and has misapplied the legal rule announced in *Blasingame*.

The *Blasingame* court relied on a previous case captioned *In re Reuter*, 499 B.R. 655, 667-68 (Bankr. W.D.Mo 2012). In *Reuter*, the court acknowledged the general rule that "if a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, that specific period of time will govern. *Id.* (*citing Town of Orangetown v. Gorsuch*, 718 F.2d 29 (2nd Cir. 1983). Thus, for example, if a fraudulent transfer claim is "disguised" as a declaration action claim, the statute of limitations will apply. *Id.* By contrast, the statute of limitations does not apply where, as in *Reuter*,

> Plaintiff is not seeking to avoid fraudulent transfers but rather is seeking to step into the Debtor's powers and rights under the Trusts and to have her right to do so determined by the Court in the form of a declaratory judgment. She also seeks a ruling ordering Debtor to turnover those powers and rights as property of the estate and provide an accounting of the powers and rights he is bound to turnover.

*Id.; see also Burlingame*, 599 B.R. at 875.

Thus, the distinction is whether (i) the debtor has a present right to property, and the Court is simply declaring that right (for example, declaring what property is subject to a turnover order pursuant to 11 U.S.C. section 542), or (ii) the debtor would need to perfect his right to property through some additional mechanism, such as a fraudulent transfer lawsuit. In the latter situation, the statute of limitations applies. *Reuter*, 499 B.R. at 667-68.

In this case, the Debtor has no claim to the present claim to the shares owned by Butch

Lindley / Chualar Canyon Ranch Supply ("CCRS"), Richard Babcock, Anthony Nobles, or Patricia Brower Trust.  In California, stock certificates are generally considered negotiable instruments, *Reynolds v. Reynolds* (1960) 54 Cal.2d 669, 679, and possession of the instrument is prime facie evidence of ownership by the holder, see Sipe v. W. I. Hollingsworth & Co. (1950) 99 Cal.App.2d 391, 392, *Shammas v. Boyett* (1952) 114 Cal.App.2d 139, 144-145.

It is undisputed that CCRS, Babcock, Nobles, and the Trust actual hold the certificates of stock in Coastal, and as such, they are the prima facie owners of that stock.

If the only relief sought by Union Bank is a declaration as to who currently owns the stock, then (i) *Reuter* and *Burlingame* apply, (ii) there is no statute of limitations, and (iii) **Union Bank must lose as a matter of law, because the current prima facie owners are the various defendants.**

That is not the relief sought by the bank, however.  The bank seeks a ruling from this Court that the issuance of the stock to the various defendants was void, and the bank seeks an order cancelling those shares.  ***This is further, affirmative relief which goes beyond a simple declaration of present ownership***.  Under *Reuter*, this is a disguised motion for cancellation of a negotiable instrument, and the statute of limitations does apply.

As noted in the Opening Brief, the statute of limitations for an action upon a liability created by statute is 3 years.  California Code of Civil Procedure, § 338a.  Courts have held that the applicable statute of limitations must be imposed in lawsuits even in lawsuits seeking a declaration that a property transfer is *void ab initio*.  *Walters v. Boosinger* (2016) 2 Cal.App.5th 421, 429-30 (collecting and citing cases).

It is undisputed that the shares were issued by Coastal to Patty Brower in the early 1980s, to Chualar Canyon Ranch Supply in 1987 and to Nobles and Babcock in 2011.  Any action to have those shares declared void would have to have been filed by 1990 for Chualar Canyon's shares and 2014 for Nobles and Babcock's shares – well before this lawsuit was filed.   As such, this lawsuit is time barred.

## Point II. Consideration Was Given to Coastal

Union Bank simply ignores the consideration that was given from the individual investors into Coastal.

<u>Butch Lindley</u>: As noted in the opening brief, Butch Lindley provided services of benefit to Coastal Cypress California back in the 1980s. Union Bank opposes this evidence by claiming – without any evidence whatsoever – that Coastal was not in the wine-making business and therefore any services were given only to related companies. (Bank Brief at 16:16-20.) This claim is debunked by Brower Declaration Ex. E, at p. 21, which lists all of the wine-making equipment owned by Coastal Cypress. Union Bank's claims are little more than speculation, and "speculation … is not evidence' that can be utilized in opposing a motion for summary judgment." *Advent, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA* (2016) 6 Cal.App.5th 443, 459.

<u>Patty Brower</u>: Mr. Brower has testified that Patty Brower purchased her Coastal stock with her separate property (Brower Decl. ¶ 10), and as stated in the premarital agreement, Ms. Brower entered the marriage with $515,000 worth of separate property (Brower Decl. Ex. M). The Bank provides no support for its claims that Patty Brower did not purchase her stock with separate property. As noted above, speculation does not create a material dispute of fact. *Advent, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA* (2016) 6 Cal.App.5th 443, 459.

<u>Anthony Nobles and Richard Babcock</u>: Mr. Nobles and Mr. Babcock paid a collective $250,000 for their Coastal shares. Undisputed evidence shows that $150,000 of this money was loaned from Coastal to Chateau Julien, and when CJ defaulted, Coastal received a tax break for the bad debt. (Brower Decl. ¶¶ 3-7.) Further evidence contained in the documents subpoenaed by Union Bank shows that an additional $90,000 was directly turned over to Coastal. (Brower Suppl. Decl. ¶¶ 12-18.) It is simply not true that Coastal received no consideration.

The bank seeks to distinguish *Burge v. Midway Pacific Oil Co.* (1929) 99 Cal.App. 714 (relied on by Nobles and Babcock) by noting that in *Burge*, the corporation actually received **some** consideration. The same is true in this case – at the very least, Coastal received the tax deduction accruing to the bad debt to CJ. This was a direct economic contribution to Coastal.

### III. Defendants' Motion Does Not Seek to Disregard
### the Separate Corporation Status of the Various Entities

The Bank contends that defendants, in their motion, seek to disregard the separate corporate status of the various entities. (Brief at 18:25-19:15.) The Bank seems to be construing defendants arguments to be (i) money went into CJ, (ii) CJ and Coastal are one larger entity, and (iii) therefore, Coastal has benefited. **THIS IS NOT DEFENDANTS' CLAIM.** Rather, defendants have pointed out the ways in which Coastal itself has directly benefited from the share purchases.

### Point IV. Defendants are Innocent Purchasers of the Stock

Even if the Court were to find insufficient consideration – because the money did not initially flow into Coastal – the defendants are still the rightful stockholders. Under longstanding California law, even if stock is issued in a manner inconsistent with Corporations Code section 409, a bona fide (or "innocent") purchaser is still considered a rightful stockholder. *See Cortelyou v. Imperial Land Co. (*1909) 156 Cal. 373, 376; *Michaels v. Pacific Soft Water Laundry* (1930) 104 Cal.App. 349, 358-359.

The Bank contends that, because this rule was applied in a different factual context in *Cortelyou* and *Michaels,* those cases do not apply. But, nothing in those cases state that the rule applies only in those specific fact patterns. *Cortelyou* simply states that Corporations Code § 409 only applies where "no innocent party should have acquired rights on the faith of the issue." *Cotelyou*, 156 Cal. at 376. *Michaels* likewise provides that voiding of stock is not proper where the purchaser was acting in good faith. *Michaels*, 104 Cal.App. at 358-359.

In the present case, it is undisputed that Nobles and Babcock paid $250,000 for their shares in Coastal stock, and Lindley performed services for the benefit of Coastal. Regardless of whether Coastal complied with Corporations code section 409, that is no reason to deprive innocent purchasers of their shares.

**Point V: Robert Brower Transmuted his ACP Shares into Patty Browers' Separate Property**

For the reasons set forth above in Point I, any lawsuit against Patty Brower is likewise time-barred, insofar as she received her shares in the 1980s, and her interest in ACP in 2000.

As to the ACP transaction, Union Bank spends significant ink arguing that (i) a gift card that reads "ACP is now yours", (ii) a signed note that includes the statement "I am proud to give you all my interest" in ACP, and (iii) a stock transfer that reflects that Robert Brower was gifting his entire interest to Patty Brower, is insufficient for a transmutation. Union Bank is wrong.

No specific or talismanic words are required to effect a transmutation. *Estate of Bibb* (2001) 87 Cal.App.4th 461, 467-68. All that is required is language that expressly states the character or ownership of the spouse's interest is being changed. *Estate of Petersen* (1994) 28 Cal.App.4th 1742; *Estate of Bibb* (2001) 87 Cal.App.4th 461 (a clear and unambiguous expression of intent to transfer the real property is sufficient).

In *Bibb*, the "express declaration" at issue was a statutory grant deed from a husband to a husband and wife The Court noted that the deed was drafted "in the statutory form required for expressing an intent to transfer an interest in real property." Estate of Bibb (2001) 87 Cal.App.4th 461, 468. Even though the term "transmutation" was not used, the document was sufficient to transmute property from separate property to community property. *Id.*

In this case, the share certificates were endorsed from Robert Brower to Patty Brower. This is the statutory method in California for transferring stock certificates from one person to another. *See* California Uniform Commercial Code § 8107. This is all that is required to transmute the share certificates from Mr. Brower's property to Ms. Brower's property.

**CONCLUSION**

For the reasons set forth above and in the opening papers, Defendants respectfully request that their motion be GRANTED.

Dated: August 21, 2019

JRG Attorneys at Law

By: //s//
_____
David W. Balch

Attorneys for CCC California, CCC Delaware, Butch Lindley, ACP, Patty Brower, and Patty Brower Trust

Specially appearing as counsel for, and filing on behalf of, Robert Brower, Sr.

Dated: August 21, 2019

SAMINI COHEN SPANOS LLP

By: //s//
_____
Michael Vacchio

Attorneys for Anthony Nobles and Richard Babcock