

The following constitutes the order of the Court.
Signed: November 20, 2019

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Robert Brower, Sr.,<br><br>                Debtor.<br><br>_____<br><br>MUFG Union Bank, N.A.,<br><br>                Plaintiff.<br><br>v.<br><br>Robert Brower, Sr., Patricia Brower, Coastal Cypress Corporation, *a California corporation*, Coastal Cypress Corporation, *a Delaware corporation*, American Commercial Properties, Inc., Anthony Nobles, Wilfred "Butch" Lindley, Richard Babcock, Patricia Brower Trust, and DOES 1-50,<br><br>                Defendants. | Case No. 15-50801 MEH<br><br>Chapter 11<br><br><br><br>Adv. No. 17-5044<br><br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART MUFG UNION BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   09/09/19<br>Time:  2:00 p.m.<br>Ctrm:   11 |

1

Plaintiff MUFG Union Bank, N.A.'s cross-motion for summary judgment (Dkt. # 108) came on for hearing September 9, 2019. Ori Katz and Isaiah Weedn appeared on behalf of Plaintiff. Cathleen Giovannini and Michael Vacchio appeared on behalf of Defendants.

The court considered Plaintiff's motion concurrently with the motion for summary judgment (Dkt. # 113) of Defendants Robert Brower, Sr. ("Debtor"), Patricia Brower, Coastal Cypress Corporation, a California corporation ("Coastal"), Coastal Cypress Corporation, a Delaware corporation ("Coastal DE"), American Commercial Properties, Inc. ("ACP"), Anthony Nobles, Wilfred "Butch" Lindley, Richard Babcock, and Patricia Brower Trust.

The court having considered the motion papers of Plaintiff and Defendants, the oppositions, replies, and the arguments from counsel, issues a Memorandum Decision on Motions for Summary Judgment contemporaneously herewith. Good cause appearing, IT IS HEREBY ORDERED THAT, for the reasons stated in the Memorandum Decision,

1. Plaintiff's Motion for Summary Judgment is GRANTED IN PART:
   a. As to Plaintiff's First Claim:
      i. The Coastal shares of Lindley and Babcock are void for lack of consideration, pursuant to California Corporation Code § 409.
      ii. 150,000 of the Coastal shares of Nobles are void for lack of consideration, pursuant to California Corporation Code § 409.
   b. As to Plaintiff's Second Claim, Debtor owns 100% of ACP's shares as either his separate or community property.
   c. As to Plaintiff's Third Claim, the merger of Coastal into Coastal DE is avoided pursuant to 11 U.S.C. § 549 as an unauthorized transfer of Debtor's assets without court authorization.
2. Plaintiff's Motion for Summary Judgment is DENIED IN PART:
   a. As to Plaintiff's First Claim:
      i. The issue of whether 50,000 of the Coastal shares of Nobles are void may not be resolved as a matter of law based on the presence of genuine issues of material fact.

ii. The issue of whether the Coastal shares of Patricia Brower are void may not be resolved as a matter of law based on the presence of genuine issues of material fact.

**END OF ORDER**

**COURT SERVICE LIST**

All ECF Recipients