

The following constitutes the order of the Court.
Signed: July 27, 2020

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>Robert Brower, Sr.,<br><br>                   Debtor. | Case No. 15-50801 MEH<br>Chapter 11 |
| MUFG Union Bank, N.A.,<br>                   Plaintiff.<br>v.<br>Robert Brower, Sr., Coastal Cypress Corporation, *a California corporation*, Wilfred "Butch" Lindley, Patricia Brower, American Commercial Properties, Inc., Anthony Nobles, Richard Babcock, Patricia Brower Trust, Coastal Cypress Corporation, *a Delaware corporation*,<br>                 Defendants. | Adv. No. 17-5044<br><br>**AMENDED TRIAL SCHEDULING ORDER**<br><br>Date:    September 2-3, 2020<br>Time:   9:00 a.m.<br>Place:   Video Hearing |

1

On March 4, 2020, the parties filed a stipulation to continue trial in the above-captioned matter that was subsequently approved by the court.  <u>This order amends the initial Trial Scheduling Order to provide an updated schedule and procedures associated with a remote trial conducted through video conferencing.</u>

The issues to be tried are as identified in the Memorandum Decision on Motions for Summary Judgment. Dkt. #123.

Upon due consideration, the court hereby establishes the following schedule:

| | |
|---|---|
| Parties' Pre-Trial Meet and Confer by: | August 5, 2020 |
| Exchange Witness List and Exhibits by: | August 5, 2020 |
| File Joint Pre-Trial Conference Statement by: | August 12, 2020 |
| File and Serve Trial Brief: | August 14, 2020 |
| Pre-Trial Conference: (conducted through Zoom) | August 19, 2020, at 10:30 am |
| Trial Date: (conducted through Zoom) | September 2-3, 2020, at 9:00 a.m. |

**The court will issue an Order Establishing Remote Trial Procedures following the Pre-Trial Conference.**

### 1. PARTIES' PRE-TRIAL MEET AND CONFER

Counsel shall meet and confer (in person, or by telephone, and not solely by email) to discuss the conduct of the trial in this matter by the deadline established above. At the conclusion of their meeting, counsel shall prepare a Joint Pre-Trial Conference Statement, which includes <u>concise</u> and <u>specific</u> responses to <u>each of the following matters</u>:

A. <u>The following facts are admitted and require no proof</u>
B. <u>The following issues of fact, and no others, remain to be litigated</u>
C. <u>The following issues of law, and no others, remain to be litigated</u>
D. <u>The appropriate measure of damages is</u>

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

E. <u>The parties have exchanged lists of witnesses to be called at trial</u>

F. <u>The parties have exchanged all other non-testimonial evidence to be used at trial, including documents, expert reports, physical evidence</u>

G. <u>The parties have stipulated to the admission of the following documents for all purpose</u>

H. <u>The parties have stipulated to the authenticity of the following documents for all purpose</u>

I. <u>The parties have objections to the following documents (including the general nature of the objection)</u>

J. <u>Other matters that might affect the trial</u> (Set forth additional matters, such as anticipated motions in limine, special scheduling of witnesses, objections to proposed testimony, etc.)

If the parties do not agree on a joint response to any of the above, they should set forth each side's position clearly and concisely.

Counsel need not disclose evidence that will be presented as impeachment of any witness. Counsel should be clear that impeachment is a fairly narrow category of evidence.

**2. PARTIES MEET AND CONFER REGARDING REMOTE TRIAL PROCEDURES**

Counsel shall also meet and confer (in person, or by telephone, and not solely by email) to discuss the conduct of this trial by Zoom, with attention to the following issues:

A. Counsel access to technology:
   a. Will each counsel be able to participate in the hearing with a sufficiently large computer monitor or multiple screens? A larger screen provides space to view the witness, manage exhibits, and view an outline of questions for the witness.

      b. Does your computer have a built-in camera and microphone? Will you need to use a headset or external camera?

      c. Is there another individual that can help manage the exhibits?

B. Witness access to technology:

      a. What type of device is available to the witness? Zoom works with computer monitors, tablets, and smart phones. However, documents presented on smaller screens may be difficult for some witnesses to read.

      b. If the witness will use a computer, does it have a built-in camera and microphone?

      c. Does the witness have access to a second computer that would allow them to view the exhibits separately from the Zoom screen?

      d. Will the witness be able to testify without another person in the room where the witness is testifying? Will the witness be able to find and open an exhibit?

C. Presentation of Exhibits: The court's preference is for all parties to use electronic exhibits provided in advance of trial with the following procedures:

      a. Counsel will prepare electronic exhibits that are distributed to opposing counsel, all witnesses, and the court prior to hearing. Exhibits to be used only for impeachment or rebuttal will be emailed to and thereby lodged with the courtroom deputy at the same time as other exhibits are distributed.

      b. Witnesses will view the exhibits on a separate electronic device during questioning.

      c. Counsel may also elect to use the Zoom "share screen" feature for some or all exhibits.

D. Preparation of Electronic Exhibits:

4

a. Each counsel shall provide an initial .pdf file containing a list of the exhibits, identifying each exhibit by exhibit number or letter and a brief description. A separate .pdf file is required for each exhibit.

b. Each exhibit shall be a separate .pdf file named sequentially. Plaintiff's exhibits shall be numbered as follows: P_Ex_1, P_Ex_2, etc. Defendants' exhibits shall be lettered as followed: D(specific Defendant reference)_Ex_1, D(Ref)_Ex_2, etc.

c. Lengthy exhibits should be bookmarked in order for counsel, witness, and the court to readily access the relevant portion(s) of the exhibit.

**3. JOINT PRE-TRIAL CONFERENCE STATEMENT**

Counsel shall file a Joint Pre-Trial Conference Statement by the deadline set forth above. The statement shall include the following elements:

A. Responses to all matters addressed in Paragraphs 1 and 2, above;

B. Each party's List of Exhibits to be Offered at Trial; and

C. Each party's List of Witnesses to be Offered at Trial.

<u>Witnesses and exhibits omitted on these lists will be excluded.</u>

The operative pleadings (complaint and answer) will be deemed superseded by the parties' Pre-Trial Conference Statement.

**4. THE COURT'S EXPECTATIONS REGARDING PARTIES' PRE-TRIAL MEET AND CONFER AND PRE-TRIAL CONFERENCE STATEMENT**

Proper preparation for trial, including appropriate participation in the pre-trial process, makes for better trials and better results. Counsel must participate meaningfully in the Parties' Pre-Trial Meet and Confer.

Plaintiff's counsel shall have the obligation of setting up the Parties' Pre-Trial Meet and Confer and drafting the initial Joint Pre-Trial Conference Statement. Defendants' counsel shall be available for the Parties' Pre-Trial Meet and Confer, and shall review the Joint Pre-Trial Conference Statement promptly and shall supply comments as necessary. Plaintiff's counsel shall file the completed document on time and in a satisfactory state.

<u>If counsel fail to cooperate with each other in conducting the Parties' Pre-Trial Meet and Confer, or in preparing the Pre-Trial Conference Statement, they and the parties should expect the court will assess sanctions set out below on fault.</u>

**5. TRIAL BRIEFS**

By the date set forth above, each party must, (1) serve and file a trial brief, which brief shall include (a) a discussion of the elements of each cause of action, including citation to controlling authority, and (b) a discussion of the legal basis and calculation for each type of damage requested in the complaint. Trial briefs shall not exceed fifteen (15) pages without prior permission of the court.

**6. TRIAL DATE**

Trial will commence at the date and time noted above using the video conferencing tool Zoom. This will be a timed trial. A two-day trial provides for ten hours of available time for direct and cross examination. Plaintiff is allocated four hours on both matters to be tried. Patricia Brower is allocated three hours. Anthony Nobles is allocated three hours. The courtroom deputy Anna Rosales will be the official timekeeper.

Seven calendar days before the trial date counsel shall inform Anna Rosales (at 408-278-7581) whether the parties have settled.

## 7. WITNESSES

Unavailability

Counsel must take appropriate steps to ensure witnesses are available for trial. If necessary, witnesses must be subpoenaed. Unrepresented parties must obtain subpoenas in advance from the Clerk's Office and ensure they are served on witnesses in a timely way.

Form of Testimony

Any party may, as to any witness, present the direct examination testimony of such witness by filing and serving a declaration under penalty of perjury signed by the witness, if (a) such declaration is filed and served at least three (3) business days prior to the trial, and (b) the witness is present in court for cross-examination on the day of trial. This paragraph does not preclude either party from calling any witness for direct examination by means of live testimony.

## 8. FAILURE TO COMPLY WITH OBLIGATIONS UNDER THIS PRE-TRIAL CONFERENCE ORDER

The court takes trial seriously and expects counsel to do the same.

Continuances

Counsel should be aware that the court will not grant continuances of trial dates absent compelling circumstances beyond the parties' or counsel's control. The unavailability of parties, counsel, experts, or other necessary individuals will not constitute cause to continue a trial. Stipulations to continue a trial do not bind the court.

Failure to comply with pre-trial requirements – including failing to file exhibits, witness lists, and trial briefs – will not result in a trial being reset, but will result in appropriate sanctions, as below.

Failure to Participate in Pre-Trial Process and to Complete Required Filings

Depending on fault and circumstances, the court may (1) enter judgment against the offending party; (2) exclude evidence; (3) impose sanctions against a party; (4) impose sanctions against counsel; (5) dismiss a matter or proceeding; or (6) enter any other order or sanction permitted by law.

***END OF ORDER***

**COURT SERVICE LIST**

All ECF Recipients