SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
Telephone:  714-513-5100
Facsimile:   714-513-5130

Attorneys for Creditor and Plaintiff,
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>        Debtor. | Case No. 15-50801  MEH<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>        Defendant. | Adv. Proc. No. 17-05044-MEH<br><br>**PLAINTIFF MUFG UNION BANK, N.A.'S PRETRIAL CONFERENCE STATEMENT; DECLARATION OF ISAIAH Z. WEEDN**<br><br>Trial Date:   September 2, 2020<br>Time:         9:00 a.m.<br>Court:        Hon. M. Elaine Hammond<br>              Video Hearing |

As further detailed in the Declaration of Isaiah Z. Weedn and attached exhibits included herewith, plaintiff MUFG Union Bank, N.A. ("Plaintiff") attempted to meet and confer with remaining defendants Patricia Brower and Anthony Nobles (collectively "Defendants") in accordance with the Court's Amended Trial Scheduling Order [Dkt. #143], including by scheduling and holding two meet and confer calls, making initial disclosures of exhibits and witnesses, proposing stipulated facts, and circulating initial and revised drafts of a Joint Pretrial Conference Statement. (*See* Weedn Decl., ¶¶ 2-7.) Ultimately, Defendants' failure to provide substantive feedback or otherwise approve Plaintiff's draft Joint Pretrial Conference Statement led Plaintiff to conclude that it would have to file its own Pretrial Conference Statement without Defendants' participation.[1]

**1.    PARTIES' STANDARD PRE-TRIAL MEET AND CONFER ISSUES**

**A.    Plaintiff's Proposed Stipulated Facts:**

Plaintiff proposed to Defendants the following stipulated facts, which Plaintiff believes have been established by undisputed documentary evidence and deposition testimony, including materials previously filed with the Court:

1. Mr. and Mrs. Brower were married in 1980.
2. Coastal Cypress Corporation was founded as a California corporation in 1982.
3. Dr. Nobles caused $200,000 to be transferred to debtor Robert Brower, Sr. and Mrs. Brower's joint personal bank account at Fremont Bank on January 31, 2011.
4. Mr. Brower caused $50,000 to be transferred from he and Mrs. Brower's joint personal account to Coastal Cypress Corporation's ("Coastal") bank account on February 4, 2011.

---

[1] Defendants' counsel stated during the parties last meet and confer call on Monday, August 10, 2020 that they intended to move for yet another continuance of trial for various reasons. (Weedn Decl., ¶ 6.) However, Plaintiff is not aware of any such motion actually being filed as of the time this Pre-Trial Conference Statement was finalized for filing on August 12.

5. On February 4, 2011, in his capacity as President of and on behalf of Coastal, Mr. Brower executed a promissory note in favor of himself (in his individual capacity) in the amount of $50,000 (the "Promissory Note").

6. Coastal repaid Mr. Brower all principle and interest due under the Promissory Note.

Defendants never substantively responded to these proposed stipulated facts.

**B. Plaintiff's List of Issues of Fact Remaining to Be Litigated:**

Based on the Court's Memorandum Decision on Motions for Summary Judgment (Dkt. #123) (the "MSJ Ruling"), Plaintiff proposed the following list of issues of fact remaining to be litigated:

1. Whether Dr. Nobles paid $50,000 and Coastal received that $50,000 in exchange for 50,000 shares of Coastal stock purportedly issued to Dr. Nobles.

2. Whether Mrs. Brower paid and Coastal received $125,000 in exchange for 125,000 shares of Coastal stock.

3. To the extent Mrs. Brower paid and Coastal received $125,000 in exchange for 125,000 shares of Coastal stock, whether the $125,000 paid by Mrs. Brower is traceable to her sole and separate property.

Though Defendants stated during the parties' initial meet and confer call that they did not disagree with this list and never identified any additional issues of fact they believed needed to be litigated, they never ultimately confirmed the foregoing list.

**C. Plaintiff's Issues Of Law Remaining To Be Litigated:**

None. During initial meet and confer discussions and in the draft joint statement Plaintiff circulated to Defendants, Plaintiff communicated its belief that all relevant issues of law had already been resolved in the Court's MSJ Ruling (which was affirmed in its entirety by the U.S. District Court). Again, Defendants did not disagree with this assessment during meet and confer discussions, but never authorized Plaintiff to file a joint statement reflecting as much.

**D. Plaintiff Believes The Appropriate Measure Of Damages Is As Follows:**

Not applicable. Plaintiff is not seeking damages. Rather, Plaintiff is seeking a declaratory judgment that the alleged stock issuances to Defendants are void for lack of consideration. As to Mrs. Brower and to the extent the Court determines that she paid and Coastal received $125,000 in exchange for her alleged Coastal stock, Plaintiff is seeking a declaratory judgment that the $125,000 purportedly paid by Mrs. Brower is not traceable to her sole and separate property and is therefore community property and property of Mr. Brower's bankruptcy estate.

**E. Witnesses To Be Called At Trial.**

The transcripts of Robert Brower, Sr. and Anthony Nobles are admissible for any reason pursuant to FRCP 32(a)(3). Accordingly, Plaintiff does not need to call any witnesses at trial to prove its case. However, to the extent they intended to appear at trial, Plaintiff timely disclosed to Defendants that it intended to call Robert Brower, Sr. and Anthony Nobles to testify. Counsel for Dr. Nobles stated during the parties initial meet and confer call that he thought Dr. Nobles might also call Richard Babcock to testify. No other witnesses were identified.

**F, G, & H. Plaintiffs' Non-Testimonial evidence to be used at trial, including documents and expert reports.**

Transcripts of the depositions of Mr. Brower (taken in his individual capacity as well as his capacity as an officer/representative of Coastal and/or American Commercial Properties, Inc.), Dr. Nobles, and Richard Babcock will be lodged with the Court in advance of trial and may be referenced during the proceedings.

Plaintiff anticipates introducing the below-listed exhibits at trial. Neither of the Defendants have identified any exhibits they intend to introduce at trial nor have they responded to Plaintiff's requests to stipulate to authenticity and/or admission of the exhibits identified by Plaintiff. Though Defendants should not be permitted to belatedly identify or introduce any exhibits, Plaintiff reserves the right to use any documents so-identified and to designate additional exhibits in response thereto.

| No. | Description | Stipulated to Admission? | Defendant's Objection(s) (if any) |
|---|---|---|---|
| 1. | Court's Memorandum Decision on Motions for Summary Judgment (Dkt. #123) | | |
| 2. | Court's March 22, 2017 Memorandum Decision (Dkt. #47 in *MUFG Union Bank, N.A. v. Brower* - Adv. No. 15-05119) | | |
| 3. | Final Settlement Statement for Sale of Wine Estate Property dated April 17, 2015 (Bates #CCC 075) | | |
| 4. | Bank Statement dated 2/11/2011 for Debtor and Mrs. Browers' Joint Account at Fremont Bank (Dkt. #109-10, p. 14-16) | | |
| 5. | Declaration of Anthony Nobles (with exhibits) (Dkt. #113-4) | | |
| 6. | Supplemental Declaration of Robert Brower (without exhibits) (Dkt. #116-1) | | |
| 7. | Copy of check #8948 from Debtor and Mrs. Brower's joint account to Coastal in the amount of $50,000 (Dkt. #116-2, p. 27) | | |
| 8. | $50,000 Promissory Note from Coastal to Debtor dated February 4, 2011 (CCC 124) | | |
| 9. | Excerpt from Brower Deposition Testimony re Promissory Note and Repayment of Same | | |
| 10. | Declaration of Trust by Patricia A. Brower of the Brower Trust (2015) date June 30, 2015 (Bates #ACP/Patty Brower 0020-0030) | | |

Case: 17-05044   Doc# 145   Filed: 08/12/2018   Entered: 08/12/2018 16:13:16   Page 5 of 8

| | | | |
|---|---|---|---|
| 11. | Bank Statement dated 2-28-2011 for Coastal Account at Fremont Bank (Bates #UB0029061 and Dkt. #116-2, p. 26) | | |

**I. Other matters that might affect the trial (Set forth additional matters, such as anticipated motions in limine, special scheduling of witnesses, objections to proposed testimony, etc.)**

None anticipated by Plaintiff at this time.

**2. MEET AND CONFER ISSUES REGARDING REMOTE TRIAL PROCEDURES**

**A.  Counsel Access to Technology**

Plaintiff's counsel will have access to sufficient technology to conduct trial via Zoom.

**B.  Witness Access to Technology**

In light of Defendants' failure to meaningfully participate in pre-trial meet and confer discussions, Plaintiff anticipates that witnesses likely will not be called to testify at trial.

**C.  Presentation of Exhibits**

Consistent with the Court's Amended Trial Order, Plaintiff's counsel will prepare electronic exhibits that will be distributed to opposing counsel and the court prior to the hearing and in accordance with the specifications set forth in sub-section 2D of the Amended Trial Order.  In light of the anticipated lack of witnesses, no arrangements need to be made to assure witnesses' ability to view the exhibits.

Dated:  August 12, 2020          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:   /s/ Isaiah Z. Weedn
ISAIAH Z. WEEDN
Attorneys for Creditor and Plaintiff
MUFG Union Bank, N.A.

| | |
|---|---|
| 1 | **<u>DECLARATION OF ISAIAH Z. WEEDN</u>** |
| 2 | I, Isaiah Z, Weedn, declare: |
| 3 | 1. I am an attorney licensed to practice law in the State of California and am admitted before this Court. I am a special counsel with the law firm Sheppard Mullin Richter & Hampton LLP, counsel to MUFG Union Bank, N.A. ("Plaintiff"), the plaintiff in this adversary proceeding. I have been counsel of record for Plaintiff throughout this adversary proceeding as well as the preceding adversary proceeding *MUFG Union Bank, N.A. v. Brower* – Adv. No. 15-05119. I make this declaration in that capacity. The following facts are based upon my personal knowledge and if called to testify, I could and would competently testify to such facts. |
| | 2. I have attached hereto as Exhibits A through C true and correct copies of three e-mail strings reflecting pre-trial meet and confer correspondence with Bobby Samini and Steve Barber, counsel for Anthony Nobles and Patricia Brower, respectively. In addition, I participated in two meet and confer conference calls with Mr. Samini and Mr. Barber, the first on Wednesday, August 5, 2020 at 1:00 p.m. (which was also attended by debtor Robert Brower, Sr.'s counsel of record, Ryan Stubbe) and the second on Monday, August 10, 2020 at 1:00 p.m. |
| | 3. As reflected in Exhibit A, I sent an e-mail on July 28, 2020 seeking to schedule the pre-trial meet and confer conference call and also circulated a skeleton of the Joint Pre-Trial Conference Statement with a list of Plaintiff's expected witnesses and exhibits. Pursuant to the subsequent exchange of e-mails, we scheduled and subsequently conducted the first meet and confer conference call on August 5. In advance of that call, and as reflected in Exhibit B, I circulated a revised Joint Pre-Trial Conference Statement. |
| | 4. During the first call on August 5, Mr. Samini noted that in addition to Mr. Brower and Dr. Nobles, he thought he might call Richard Babcock to testify at trial. Despite my multiple follow up attempts, neither Mr. Samini nor Mr. Barber have identified any exhibits the Defendants intend to introduce at trial. Later on August 5 (at 10:41 p.m.), and as reflected in Exhibit C, I circulated a revised copy of the Joint Pre-Trial Conference |

-7-

Statement adding, among other things, the only addition Defendants' counsel offered during the first conference call – Mr. Babcock's name to the witness list.

5. As further reflected in Exhibit C, I sent an e-mail on August 6, 2020 to Messrs. Samini and Barber reminding them that they had yet to identify any exhibits. I did not receive a response.

6. On Monday, August 10, 2020 at 1:00 p.m. I had a further meet and confer call with Messrs. Samini and Barber. They did not have anything substantive to add to the Joint Pre-Trial Conference Statement at that time. To the contrary, they indicated that there was some uncertainty as to their and/or their clients' availability for trial and that they planned to seek a trial continuance. I responded by stating that Plaintiff would not stipulate to a further trial continuance and would oppose any motion for continuance.

7. In the wake of the August 10 call and in light of the uncertainty concerning Mr. Brower and Dr. Nobles' availability for trial, I revised the Bank's exhibit list and, as reflected in Exhibit C circulated a revised version of the Joint Pre-Trial Conference Statement via e-mail on Tuesday, August 11. Therein I asked Messrs. Samini and Barber to approve the Joint Pre-Trial Conference Statement and stated that I would file a Pre-Trial Conference Statement on behalf of Plaintiff only if I did not hear back from them. As of the time that I completed drafting this declaration (at approximately 12:40 p.m. on August 12, 2020), I have not received any response and have not seen any indication that the Defendants have filed any motion to continue the trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 12, 2020, at Santa Ana, California.

/s/ Isaiah Z. Weedn
ISAIAH Z. WEEDN