# EXHIBIT 9



In the Matter Of:

MUFG UNION BANK

vs

ROBERT BROWER, et al.

ROBERT BROWER

February 21, 2019

Case No:

CERTIFIED COPY

1        you can request one.
2                MR. BALCH:  It's been an hour, so why
3        don't we take a break now.
4                MR. WEEDN:  That's fine.  Off the
5        record.
6                (A recess was taken from 11:11 a.m. to
7        11:23 a.m.)
8                MR. WEEDN:  Back on the record.
9    BY MR. WEEDN:
10       Q.    Mr. Brower, I'm handing you a document
11   that has been previously marked as Plaintiff's
12   Exhibit 3.  It is a series of promissory notes.
13             Do you have that document in front of
14   you, Mr. Brower?
15       A.    I do.
16       Q.    On the first page of the document
17   appears to be a promissory note dated December 31st
18   -- excuse me, I take that back.  It's dated
19   December 1, 2012.  The promissory note is to you from
20   Coastal Cypress in the amount of $60,000; is that
21   correct?
22       A.    Yes.
23       Q.    And is that your signature on the
24   promissory note?
25       A.    Yes, it is.

39

www.regalcourtreporting.com
866-228-2685
Case: 17-05044   Doc# 146-9   Filed: 08/13/20   Entered: 08/13/20 10:47:37   Page 3 of 5

P_Ex._9 - 002

```
 1        Q.    So this reflects a loan by you to
 2   Coastal on that date, correct?
 3        A.    Yes.
 4        Q.    Was this loan repaid?
 5        A.    Yes.
 6        Q.    Do you recall about when it was repaid?
 7        A.    In 2015, I believe it was repaid.
 8        Q.    Do you recall approximately when in
 9   2015?
10        A.    I do not.
11        Q.    Was it repaid with -- the note indicates
12   an interest rate of three percent, correct?
13        A.    Yes.
14        Q.    Do you know, was the note repaid with
15   interest?
16        A.    I don't recollect.
17        Q.    The second page of this document appears
18   reflect a promissory note dated February 4, 2011,
19   again from Coastal Cypress to you for $50,000,
20   correct?
21        A.    Yes.
22        Q.    Is that your signature there on the
23   note?
24        A.    Yes, it is.
25        Q.    So this is reflecting you loaning
```

1     Coastal Cypress $50,000, correct?
2         A.      Yes.
3         Q.      Was this note repaid?
4         A.      I believe so.
5         Q.      Do you recall when?
6         A.      I do not.
7         Q.      Going back to the first page actually,
8    Coastal Cypress actually received $60,000 from you
9    pursuant to this note, correct?
10        A.      I believe so, yes.
11                MR. BALCH:  Let me just object.  It's
12        vague and ambiguous.  By "actually received," is
13        that cash in hand or what was the transaction?
14                MR. WEEDN:  That's my follow-up
15        question.
16   BY MR. WEEDN:
17        Q.      How did Coastal receive that money?
18        A.      I have no present recollection.
19        Q.      What are the ways that you believe that
20   it could have received it?  Would it have been most
21   likely that it would have been a check from you to
22   Coastal or a wire transfer from your account to
23   Coastal's account?
24        A.      I'm not -- I'm not sure of all the ways
25   it could have been -- who the note was created.  I

41

www.regalcourtreporting.com
866-228-2685
Case: 17-05044   Doc# 146-9   Filed: 08/13/20   Entered: 08/13/20 10:47:37   Page 5 of 5

P_Ex._9 - 004