# EXHIBIT 10

Case: 17-05044    Doc# 146-10    Filed: 08/13/20    Entered: 08/13/20 10:47:37    Page 1 of 12

# DECLARATION OF TRUST

## BY

## PATRICIA A. BROWER

## OF THE

## BROWER TRUST (2015)
Established by Declaration of Trust dated June 30th, 2015

| | | | | Page |
|---|---|---|---|---|
| VI. | **DEBTS** | | | 7 |
| | A. | Debts of Settlor and Estate | | 7 |
| | | 1. | Funeral and Last Illness Expenses | 7 |
| | | 2. | Other Debts | 7 |
| | | 3. | Probate Expenses | 7 |
| | B. | Limitation on Sources of Payment | | 7 |
| VII. | **OFFICE OF TRUSTEE** | | | 7 |
| | A. | Definition of Trustee and Successor Trustee | | 7 |
| | B. | Scope of Trustee Provisions | | 7 |
| | C. | Resignation of Trustee | | 8 |
| | D. | Removal of Any Trustee | | 8 |
| | E. | Power to Name Successor Trustee | | 8 |
| | F. | Temporary Trustee | | 8 |
| | G. | Trustee's Power to Delegate | | 8 |
| | H. | Applicable Rules for Co-trustees | | 8 |
| | | 1. | Lack of Unanimity | 9 |
| | | 2. | Vacancy | 9 |
| | | 3. | Disqualified Trustees | 9 |
| | | 4. | Temporary Disability | 9 |
| | | 5. | Delegation of Authority | 9 |
| | I. | Compensation of Trustees | | 9 |
| VIII. | **TRUSTEE POWERS** | | | 9 |
| | A. | General Powers of Trustee | | 9 |
| | | 1. | California Law | 9 |
| | | 2. | Prudent Person | 9 |
| | | 3. | Prudent Investor | 10 |
| | | 4. | Owner of Property | 10 |
| | | 5. | Other Powers | 10 |
| | | 6. | Uniform Trust Code | 10 |
| | B. | Specific Powers of Trustee | | 10 |
| IX. | **TRUSTEE DUTIES, LIMITATION ON DUTIES, EXCULPATION** | | | 11 |
| | A. | Duties of Trustee | | 11 |
| | B. | Limitations on Trust's Duty of Loyalty | | 11 |
| | C. | Acceptance of Additions | | 11 |
| | D. | Exculpation of Trustee | | 12 |
| | E. | Co-trustee's Duty to Act | | 12 |
| | F. | Limitation on Duty to Investigate Predecessor of Co-trustee | | 12 |
| | G. | Accounting | | 12 |
| | H. | Bond | | 12 |

# DECLARATION OF TRUST

## BY

## PATRICIA A. BROWER

## OF THE

## BROWER TRUST (2015)
**Established by Declaration of Trust dated** June 30th, **2015**

PATRICIA A. BROWER (referred to in this instrument as the "Settlor"), declares that she has transferred and delivered to herself, as trustee, in trust, without consideration, the property described in Schedule A attached to this instrument.

The trust created by this instrument may be referred to as the "BROWER TRUST (2015)" and the assets of this trust may be titled as "Patricia A. Brower, Trustee of the BROWER TRUST (2015) UDT dated June 30th, 2015."

## I.

## FAMILY DECLARATIONS

Settlor is married to ROBERT S. BROWER, SR., who was previously married. Settlor is a citizen of the United States and a resident of Carmel, California.

Settlor has one (1) child of her marriage to Robert S. Brower, Sr., namely her son, ROBERT S. BROWER, JR., who is an adult. Robert S. Brower, Sr. has two (2) children from a previous marriage, namely his daughters, DAWN M. RESH and AMY I. SANTUCCI, both of whom are adults.

## II.

## TRUST ESTATE

All property subject to this trust at any time is sometimes referred to as the "trust estate" and will be held, administered, and distributed as provided below.

A. <u>Settlor's Separate Property</u>. Settlor owns certain property described on Schedule A, all of which is Settlor's separate property, and which is referred to herein as "Settlor's Separate Property." Settlor hereby conveys and transfers to the trustee as additional Settlor's separate property any and all property or property interests acquired by Settlor at any time, including from and after the date hereof, by gift, bequest, devise or descent. Settlor intends

1

ACB / Patty Brower 0021

P_Ex._10 - 003

2. <u>Distribution of Residue</u>. Upon the death of the Settlor, the trust estate shall be distributed to ROBERT S. BROWER, JR., if he survives the Settlor, and if not, then to the issue of ROBERT S. BROWER, JR., by right of representation.

If ROBERT S. BROWER, JR. predeceases the Settlor without surviving issue, the gift to him shall lapse and then the trust estate shall be divided into two (2) equal shares and distributed to DAWN M. RESH and AMY I. SANTUCCI, by right of representation.

Should either DAWN M. RESH or AMY I. SANTUCCI predecease the Settlor without surviving issue, then the gift to such predeceased beneficiary shall lapse and be added to the share of the other. If both DAWN M. RESH and AMY I. SANTUCCI predecease the Settlor without issue, then the trust shall be distributed as provided in Paragraph D. of Article IV.

Distributions to beneficiaries shall be outright and free of trust, subject to the Distribution to Young Persons provisions at Paragraph C. of Article V.

C. <u>Distribution of Undistributed Principal</u>. If the beneficiary dies prior to full distribution, the then remaining undistributed principal shall be distributed to the next contingent beneficiary in the order of priority established in subparagraph B. 2. of Article IV.

D. <u>Ultimate Distribution</u>. If at any time before full distribution of the trust estate, Settlor and all her issue are deceased and no other disposition of the property is directed herein, the trust estate or the portion of it then remaining shall thereupon be distributed to those persons who would then be the heirs of Settlor, the identities and the respective shares of the heirs to be determined as though the deaths of those respective persons had then occurred and according to the laws of the State of California in effect at the date of execution of this document relating to the succession of separate property not acquired from a predeceased spouse.

V.

## ADDITIONAL DISTRIBUTION PROVISIONS

A. <u>Interest on Pecuniary Amounts</u>. When a beneficiary is entitled to receive payment of a pecuniary amount or an annuity, the beneficiary shall be entitled to receive interest on delayed distributions to the extent provided by California law. If California law has no provision expressly applicable to trusts, interest shall be paid in accordance with California law applicable to a decedent's estate.

B. <u>Undistributed Income</u>. In any instance in which this document fails to expressly provide for the distribution or accumulation of any trust income, that income shall be accumulated and added to principal.

C. <u>Distributions to Young Persons</u>. If any person otherwise entitled to outright distribution of any property from any trust created by this document, is under the age of 30 at the time the right to distribution vests, the trustee shall not make the distribution, but shall, instead, retain the property that would otherwise be distributed in a separate trust for the benefit of the underage person ("Beneficiary"). The separate trust shall be administered as follows:

3

ACP / Patty Brower 0023

P_Ex._10 - 004

1. Charity. A "charity" is any organization described in Internal Revenue Code section 2055 or section 2522.

2. Education. "Education" includes primary, secondary, vocational, college, university, postgraduate study, and other specialized studies if in the trustee's discretion the study is being pursued to advantage by the Beneficiary.

E. Distribution Powers. For purposes of making distributions, the trustee's powers include the following:

1. Nonprorata Distributions. When the trustee must divide any trust property into parts or shares for the purpose of distribution or otherwise, the trustee may, in the trustee's discretion, make the division and distribution in undivided interests, in kind, or partly in kind and partly in money, prorata or nonprorata. The trustee may make sales of the trust property that the trustee considers appropriate to accommodate such distributions.

2. Power to Delay Distributions. When an event occurs on which the trustee is required to divide or distribute trust property, the trustee may delay the division or distribution of all or part of the property for the period of time necessary to ascertain and provide for the payment of any tax claim or other liability, contingent or otherwise, against the trust property. During this period, the trustee may pay the net income of the trust to the Beneficiaries entitled to it, and any income not distributed shall on resolution of any tax claim or other liability be payable to the person entitled to it immediately after the trustee receives the income. This provision shall not be deemed to postpone or defer the vesting of any interest created by the dispositive clauses of the trust. Nor does this provision authorize a delay in any distribution that might result in a transfer's losing eligibility for a federal estate tax marital deduction or charitable deduction.

3. Payments to Minors. Subject to Paragraph C. of this Article V., in any case where payment is made to a minor, the trustee may make such payment directly to such minor, or to the parent or guardian of such minor, or to any other person having the care and control of the minor or with whom he or she may reside, and the receipt by any such person for any such payment shall be a complete discharge to the trustee as to amounts so paid.

4. California Uniform Transfers to Minors Act. Subject to Paragraph C. of this Article V., any distribution to any Beneficiary who is under the age of twenty-one (21) years on the date of distribution may also be made without bond to such person as selected by the trustee, including the trustee, to act as custodian for such beneficiary until age twenty-one (21) years under the California Uniform Transfers to Minors Act.

F. Limitations on Discretionary Distributions to a Trustee. A person who is a Beneficiary of a trust that permits the person, as trustee or co trustee, to make discretionary distributions of income or principal to or for the benefit of himself or herself may exercise that power in his or her favor only for health, education, maintenance, or support within the meaning of Internal Revenue Code sections 2041, 2514. Despite the foregoing and California Probate Code section 15620, if a power to make discretionary distributions of income or principal is conferred on two or more trustees, the power may be exercised by any trustee who is not a

# VI.

# DEBTS

A. <u>Debts of Settlor and Estate</u>. On the death of the Settlor, the trustee may pay from the trust property:

1. <u>Funeral and Last Illness Expenses</u>. The Settlor's funeral and last illness expenses.

2. <u>Other Debts</u>. Debts of the Settlor that would be properly payable by the Settlor's probate estate if the trust property were included in the probate estate and a timely creditor's claim was filed.

3. <u>Probate Expenses</u>. Necessary and proper expenses of administration of the Settlor's probate estate.

B. <u>Limitations on Sources of Payment</u>. Despite the provisions in the above Paragraph A of this Section, the trustee shall not pay any estate or inheritance taxes (including interest or penalties), last illness and funeral expenses, attorneys' fees, administration expenses, debts, or other obligations of the Settlor or the Settlor's estate, from any retirement plan (including an Individual Retirement Account) benefits in which the trust acquires an interest as a result of the Settlor's death. Further, the trustee shall not pay any such obligation from any life insurance or other property passing to the trust on the Settlor's death in accordance with a beneficiary designation unless the property would have been liable for the obligation had the property passed to an individual beneficiary rather than the trust.

# VII.

# OFFICE OF TRUSTEE

A. <u>Definition of Trustee and Successor Trustee</u>. The term "trustee" as used in this document usually refers to such one or more persons or entities who, alone or in combination, have the power to take action on behalf of the trust, but it may instead refer to any form of limited power or special trustee or one or more individual co-trustees, depending on context.

If the trustee resigns or ceases to be trustee, ROBERT S. BROWER, SR. shall be the sole trustee, and if he declines to act, resigns or ceases to be trustee, then ROBERT S. BROWER, JR. shall be the sole trustee, and if he declines to act, resigns or ceases to be trustee, then he shall be succeeded by DAWN M. RESH. If DAWN M. RESH declines to act, resigns or ceases to be trustee, then she shall be succeeded by AMY I. SANTUCCI, and if she declines to act, resigns or ceases to be trustee, then she shall have the power to name a person or entity that shall become her successor if a successor is required and this document makes no other provision for a successor trustee.

B. <u>Scope of Trustee Provisions</u>. Except as otherwise provided, the provisions of this document concerning the identity of trustees apply to all trusts established by this document.

7

ACA / Patty Brower 0025

P_Ex._10 - 006

independently as the sole trustee of any trust hereunder, notwithstanding the fact that others may also be serving concurrently as co-trustees. Subject to the foregoing, the following rules apply when a trust has more than one trustee, none of whom have the power to revoke the trust:

    1.     <u>Lack of Unanimity</u>. Co-trustees who are unable to reach a unanimous decision may act by majority decision and such majority of co-trustees may authorize any co-trustee to act independently.

    2.     <u>Vacancy</u>. If a vacancy occurs in a cotrusteeship, the remaining co-trustees may act for the trust.

    3.     <u>Disqualified Trustees</u>. If one or more trustees cannot participate in a decision concerning a discretionary distribution, the decision shall be made in accordance with the provisions of this document expressly addressing that circumstance.

    4.     <u>Temporary Disability</u>. If a co-trustee is unavailable to perform duties because of absence, illness, disqualification under other law, or other temporary incapacity, and prompt action is necessary to achieve the purposes of the trust or to avoid injury to the trust property, the remaining co-trustee or a majority of the remaining co-trustees may act for the trust.

    5.     <u>Delegation of Authority</u>. A majority of co-trustees may delegate to a co-trustee the performance of a function of the trustee. Unless a delegation was irrevocable, a trustee may revoke a delegation previously made.

    I.     <u>Compensation of Trustees</u>. Trustees are entitled to reasonable compensation. If the Settlor is also the trustee, it is the intention of the Settlor that compensation be paid to the trustee sufficient to compensate the trustee for the trustee's efforts and time spent managing the assets of the trust.

## VIII.

## TRUSTEE POWERS

    A.     <u>General Powers of Trustee</u>. Subject to any limitations expressly stated in this document, the trustee of each trust established under this document is authorized to exercise the following powers for purposes of discharging the trustee duties imposed by this document and by law:

    1.     <u>California Law</u>. The powers conferred on trustees by California law in the absence of a limitation in the trust instrument. These powers shall be deemed to include the power to invest in any kind of property without regard to statutory limitations, insurance, or collateralization requirements otherwise applicable, and the power to operate or participate in any business without complying with any otherwise applicable requirement for a court order.

    2.     <u>Prudent Person</u>. The power to perform any act that a prudent person would take in order to accomplish the objectives of this trust.

9

## IX.

## TRUSTEE DUTIES, LIMITATIONS ON DUTIES, EXCULPATION

A.   Duties of Trustee. Except as expressly provided in this document, the trustee has the duties imposed by law, including the duty to report and account to trust Beneficiaries, statutory duties to give notice and copies of this document to trust Beneficiaries and heirs at law on the death of the Settlor, and the duty to invest in property in accordance with the Uniform Prudent Investor Act.

B.   Limitations on Trustee's Duty of Loyalty. As long as the trustee does not act in bad faith or in disregard of the purposes of this trust, it is not a breach of this trust for the trustee to take any of the following actions:

1. Lend the trustee's own funds to the trust for any trust purpose, with interest at current rates;

2. Receive reasonable security for such a loan;

3. Purchase trust property from the trust at fair market value, provided the purchase price is paid in full in advance;

4. Lease or sell the trustee's own property to the trust at a rent or price not in excess of its fair market value;

5. Employ the trustee, a relative of the trustee, or a business in which the trustee has an interest, to perform needed services for the trust or any business in which the trust has an interest and to pay compensation not exceeding fair market value;

6. Acquire or retain an interest in property in which the trust also has an interest;

7. Acquire or retain stock of a corporate trustee or an affiliate of a corporate trustee unless the acquisition or retention would violate the trustee's duties in the case of stock of a similar corporation other than the trustee or its affiliate;

8. Deposit funds in a bank in which the trustee has an interest;

9. Perform as trustee any action described above with a relative of the trustee or a business in which the trustee has an interest;

10. Hold property of multiple trusts without segregating or dividing the property and without separately titling the property of each trust, but instead keeping accounts sufficient to identify the property of each trust.

C.   Acceptance of Additions. The trustee has a duty to accept additions to this trust unless an addition would significantly expand the trustee's duties, the transferred property is hazardous or otherwise creates a substantial increased risk of trustee liability, or the property is

11

ACR / Patty Brower 0027

P_Ex._10 - 008

C.  Relevance of Common Estate Planning Practice. This document is intended to accomplish normal and ordinary objectives of similar trusts commonly drafted by attorneys specializing in trusts and estates at the time this document is executed, and shall be construed accordingly.

## XI.

## MISCELLANEOUS

A.  Property Retains Character. Except as expressly provided in this document, all property becoming subject to this trust shall retain its character as separate property after becoming trust property.

B.  Spendthrift Clause. The interests of the Beneficiaries in the income and principal of the trusts created by this document are not subject to voluntary or involuntary transfer and cannot be assigned or anticipated by any Beneficiary.

C.  Rule Against Perpetuities. Unless terminated earlier in accordance with other provisions of this document, each trust created by this document or by exercise of any power of appointment conferred by this document (unless an appointed trust is entitled to a new perpetuities period) shall terminate 21 years after the death of the last survivor of the issue of the Settlor living on the date of the death of the Settlor. In the event of termination under this paragraph, the principal and undistributed income of a terminated trust shall be distributed to the then income Beneficiaries of that trust in the same proportion that the Beneficiaries are entitled to receive income when the trust terminates. If at the time of such termination the rights to income are not fixed by the terms of the trust, distribution under this clause shall be made to the persons who are then entitled or authorized, in the trustee's discretion, to receive trust payments.

D.  No-Contest Clause. If any Beneficiary under a trust created by this document shall, singly or in conjunction with any other person or persons, contests in any court the validity of any trust created by this document, or any Will or other document making a transfer to this trust, or shall seek to obtain an adjudication in any proceeding in any court that this trust or any of its dispositive provisions are void, or otherwise seek to void, nullify, or set aside the trust or any of its provisions, then the right of that person to take any interest given to him or her by this document shall be determined as it would have been determined had the person predeceased the execution of this trust agreement without surviving issue.

## XII.

## REVOCATION, AMENDMENT, AND EXERCISE OF APPOINTMENT POWERS

A.  Trust Irrevocable Except as Provided. Except as provided in this section, all trusts created by this document are irrevocable and cannot be amended.

1.  Exception: Revocable While Settlor Is Living. During the lifetime of the Settlor, the Settlor may revoke all trusts created by this document. The revocation must satisfy

13

F. <u>Limitation on Exercise of Powers by Conservator or Guardian of Estate</u>. No conservator or guardian of the Settlor's estate shall have any power to amend or revoke this trust or exercise any power of appointment. The previous sentence does not apply if the conservator or guardian is acting under a court order made in compliance with a "substituted judgment" statute. Until such an order is made, no conservator or guardian shall be deemed to hold such a power for any purpose.

G. <u>Exercise of Powers of Appointment</u>. A power of appointment conferred by this document, other than a power held in a fiduciary capacity by a trustee, may be exercised only by an instrument that specifically refers to both this trust and the specific power being exercised. Such a power must be exercised by Will, codicil, or a "qualified lifetime document." For purposes of this paragraph, a "qualified lifetime document" is a document meeting the requirements described above for revoking a trust with respect to the Settlor's separate property, including, if applicable under those requirements, a document executed by a conservator or an attorney-in-fact. A court may give effect to an attempted exercise that fails to satisfy the requirements of this paragraph in accordance with the criteria that would apply to a defective amendment of this document. It being a purpose of this trust to avoid probate, the trustee may distribute trust property in accordance with a Will or codicil that has not been probated.

Executed on _June 30th_, 2015, at Carmel, California.

_____
PATRICIA A. BROWER, Settlor and Trustee

4824-2344-5285, v. 1

15

ACB 1 Patty Brower 020

P_Ex._10 - 010

# DECLARATION OF TRUST

## BY

## PATRICIA A. BROWER

## OF THE

## BROWER TRUST (2015)
Established by Declaration of Trust dated _June 30th_, 2015

## SCHEDULE A

## INITIAL TRUST PROPERTY

The initial trust estate consists of all right, title and interest of the Settlor in or to any and all of the following property, and all property is hereby conveyed to the trustee of this Trust as the Settlor's sole and separate property:

1. All real property in which the Settlor has any interest.

2. All bank, stock brokerage, and other financial and securities accounts of any kind, including:

    a. JPMorgan Chase Bank Checking Account, Account No. xxxxx9539.

3. All stocks, bonds, and other securities of any kind.

4. All business interests of any kind, including:

    a. American Commercial Properties, Inc., 100 shares of common stock (100% ownership);

    b. Coastal Cypress Corporation, 125,000 shares of common stock (13% ownership).

5. All intangible property, including any indebtedness of any person or entity.

6. All vehicles.

7. All other tangible property, including jewelry.

8. Electronic assets, passwords and accounts.

Case: 17-05044  Doc# 146-10  Filed: 08/13/20  Entered: 08/13/20 10:47:37  Page 30 of 12

ACP 1-Patty Brower

P_Ex._10 - 011