Babak Samini, Esq. (SBN 181796)
**THE SAMINI FIRM APC**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 724-0900
Facsimile: (949) 724-0901

Attorney for Defendants,
RICHARD BABCOCK and
ANTHONY NOBLES

# UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | CASE NO.: 15-50801<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | ADVERSARY NO.: 17-05044-MEH<br><br>**DEFENDANT ANTHONY NOBLES' TRIAL BRIEF**<br><br>Date: September 2, 2020<br>Time: 9:00 a.m.<br>Court: Hon. M. Elaine Hammond |

Defendant Anthony Nobles hereby ("Defendant" or "Dr. Nobles") hereby submits the following trial brief:

## I. FACTUAL AND PROCEDURAL BACKGROUND

As determined in the previous adversary proceeding, Robert Brower Sr. ("Debtor") and his spouse, Patricia Brower, established a wine estate in Monterey County, California in 1982. The assets and operations of their business venture were split between multiple privately-held corporations with Coastal Cypress Corporation ("Coastal") owning the most valuable asset: the real property on which the wine estate was situated. Coastal sold that property (along with certain personal property and equipment) for $12 million on April 17, 2015, little more than a month after Debtor filed for bankruptcy. Plaintiff, MUFG Union Bank, N.A. ("Plaintiff"), seeks an order from this court determining that Coastal was one-hundred percent owned by Debtor at the time of the sale. All Defendants and Debtor contend otherwise.

Defendants and Debtor contend that Coastal stock ownership is held as follows: (1) Debtor (as his sole and separate property) – 230,000 shares (approximately 24%); (2) Patricia Brower's Trust (via transfer from Mrs. Brower) – 125,000 shares (approximately 13%); (3) Wilfred "Butch" Lindley - 335,000 shares (approximately 37%); (4) Dr. Anthony Nobles – 200,000 shares

(approximately 21%); and (5) Richard Babcock – 50,000 shares (approximately 5%).

On November 20, 2019, this Court issued a Memorandum Decision on Motion for Summary Judgment on the Plaintiff's motion (the "MSJ Ruling"). Pursuant to the MSJ Ruling, fifty-seven percent of Coastal's stock is owned by the Debtor's bankruptcy estate. The MSJ Ruling voided the transfers of shares belonging to Messrs. Lindley and Babcock for lack of consideration. (Plaintiff's Exh. 1, 5:4-22 and 7:9-27). Similarly, 150,000 of Dr. Nobles' shares were deemed void for lack of consideration. (*Id*. at 5-6:23-12.).

The following disputed factual issues remain for trial: (1) whether Dr. Nobles paid $50,000 for 50,000 in Coastal shares (Plaintiff's Exh. 1, 7:6-7); (2) whether Mrs. Brower paid for her 125,000 Coastal shares (Plaintiff's Exh. 1, 10:12-18); and (3) whether Mrs. Brower "provided consideration from separate property for the Coastal stock." (Plaintiff's Exh. 1, 10:25-27.) The trial evidence will prove that Dr. Nobles paid $200,000 for shares in Coastal, and at least $50,000 of that sum was deposited into a Coastal account.

## II. COASTAL RECEIVED $50,000 FROM DEBTOR FOR DR. NOBLES' SHARES

Under Cal. Corp. Code § 409(a), corporate stock cannot be validly issued without consideration. Even if stock is issued in a manner inconsistent with

Corporations Code § 409, a bona fide (or "innocent") purchaser is still considered a rightful stockholder. *See Cortelyou v. Imperial Land Co.* (1909) 156 Cal. 373,376; *Michaels v. Pacific Soft Water Laundry* (1930) 104 Cal.App. 349, 358-359. Here, it is undisputed that Dr. Nobles paid $50,000 for his Coastal shares. Regardless of whether Coastal complied with Corporations Code § 409, that is no reason to deprive Dr. Nobles, a bona fide purchaser, of his shares.

Defendant wired $250,000 to an account he believed belonged to Coastal. (Plaintiff's Exh. 1, 5-6:23-12.). The MSJ Ruling held that because $200,000 of that money was never deposited into a Coastal account, Coastal did not receive any consideration for the shares it issued to Dr. Nobles, which resulted in 150,000 of Dr. Noble's shares being voided. (Plaintiff's Exh. 1, 5-6:23-12.). The only remaining factual issues relate to determining what effect the $50,000 deposit into a Coastal account has on Dr. Nobles' claim over said shares and whether tracing is necessary to determine the source of the funds.

Dr. Nobles wired $240,000 to a bank account belonging to the Browers, of which at least $50,000 was later deposited by the Browers into a Coastal bank account via Check No. 8948. (Plaintiff's Exh. 6, 7:28-5; 7, 11.) Dr. Nobles' testimony will establish that it was his understanding that *all* of his funds were deposited with Coastal. (Plaintiff's Exh. 5, 2:12-16.) This evidence proves that Dr. Nobles' paid valid consideration for the 50,000 shares he received.

Mr. Brower is unavailable to testify at trial due to medical illness. Defendants intended to call him as a witness, however, they cannot do so in light of his unavailability. Defendants will be irreparably prejudiced if they are unable to examine Mr. Brower at trial insofar as he is the only individual who can provide foundation for and authentication of vital trial exhibits, such as bank records and the Promissory Note dated February 11, 2011. Moreover, only Mr. Brower can provide context for the February 4 Promissory Note and explain to the court the circumstances surrounding the loan and the $50,000 check he wrote from his personal account to Coastal for Dr. Nobles' 50,000 shares in Coastal.

## III. CONCLUSION

Based on the foregoing, the Court should enter judgment as to Dr. Nobles as follows: Dr. Noble owns at least 50,000 of the Coastal shares he believed he purchased when he wired $240,000 in exchange for the same.

**THE SAMINI FIRM APC**

Date: August 26, 2020

/s/ Babak Samini
Babak Samini, Esq.
Attorney for Defendants,
RICHARD BABCOCK and
ANTHONY NOBLES

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 650 Town Center Drive, Suite 1700, Costa Mesa, California 92626. On this date, I served the foregoing documents described as **DEFENDANT ANTHONY NOBLES' TRIAL BRIEF**, on the interested party(ies) listed below in this action as follows:

| | |
|---|---|
| Isaiah Z. Weedn<br>SHEPPARD, MULLIN, RICHTER<br>& HAMPTON LLP<br>650 Town Center Drive, 10th Floor<br>Costa Mesa, CA 92626<br>iweedn@sheppardmullin.com | Ryan A. Stubbe<br>JAURIGUE LAW GROUP<br>300 W. Glenoaks Boulevard, #300<br>Glendale, CA 91202<br>ryan@lglawyers.com |
| David W. Balch<br>Stephan A. Barber<br>JRG ATTORNEYS AT LAW<br>318 Cayuga Street<br>Salinas, CA 93901<br>steve@jrgattorneys.com | |

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 26, 2020, at Costa Mesa, California.



Bobby Samini