# AGREEMENT

Between

ROBERT S. BROWER

and

[redacted]ICIA ANN HENDRICKSON

Dated: June 11, 1980.

THIS AGREEMENT, executed in duplicate this 11th day of JUNE, 1980, between ROBERT S. BROWER, of 8 Hampshire Drive, Mendham, New Jersey, AND PATRICIA ANN HENDRICKSON, residing at 8 Hampshire Drive, Mendham, New Jersey;

W I T N E S S E T H:

WHEREAS, Robert S. Brower is a divorced man, aged 30, with two minor children by a previous marriage, and Patricia Ann Hendrickson is a single woman, aged 24; and

WHEREAS, the said parties have represented to each other that they are free to marry and therefore contemplate marriage to each other, such marriage to be solemnized in the near future; and

WHEREAS, Robert S. Brower presently has property and investments in an amount in excess of $1,000,000.; and

WHEREAS, Patricia Ann Hendrickson presently has property and investments in an amount in excess of $15,000.; and

WHEREAS, each party enters into this Agreement with full knowledge of the extent and approximate present value of all of the property and estate of the other and of

all the rights and privileges in and to such property and estate which would be conferred by law upon each in the property and estate of the other by virtue of the consummation of the proposed marriage if this Agreement were not entered into; and

WHEREAS, each party has had the benefit of independent legal advice prior to the execution of this Agreement, has been fully advised as to his or her rights hereunder and in the absence of such an agreement, and with full knowledge of such rights, each is fully satisfied to enter into this Agreement so that the forthcoming marriage, whether or not consummated, should not impair his or her relationship to the other, nor his relationship to his children and his financial responsibilities to them; and

WHEREAS, the parties desire to fix, limit and determine by this Agreement the interest, rights and claims that will accrue to each of them in the property and estate of the other by reason of their marriage to each other, whether or not consummated, and to accept the provisions of this Agreement in lieu and in full discharge, settlement and satisfaction of any and all interest, rights and claims that otherwise each might or could have, under the law, in and to the property and estate of the other, both before and after the other's death.

- 2 -

NOW, THEREFORE, in consideration of the foregoing and intending to be legally bound hereby, the parties agree as follows:

1. Each party hereby acknowledges that he and she has had the opportunity to ascertain, has been informed by a full and frank disclosure of the other of, and is fully acquainted with and aware of, all the income, property, net worth and financial circumstances of the other, that each has ascertained and weighed all the facts, conditions and circumstances likely to influence his or her judgment in all matters embodied herein; and that each has given due consideration to all such matters and questions and clearly understands and consents to all the provisions hereof and has had the benefit of the advice of counsel of his and her own choice and is willing to accept the provisions of this Agreement in lieu of all other rights.

2. Each party shall during his or her lifetime keep and retain sole ownership, enjoyment, control and power of disposal of all property of every kind and nature whatsoever now owned or hereafter acquired by such party and all increments thereto, free and clear of any interest, rights or claims of the other (including rights under community property laws). Each party irrevocably authorizes the other

- 3 -

to act as his or her attorney-in-fact, to join in the making, execution, acknowledgment and delivery of any deed, conveyance, transfer or assignment of any property of such other party so that thereby the joinder, if necessary, may be made freely and without restraint. Each party shall, upon the request of the other, execute, acknowledge and deliver to the other any and all instruments necessary or appropriate to carry into effect the purpose and intent of this Agreement.

3. Each party does hereby waive, relinquish and release any and all right, claim or demand of every kind, nature and description he or she might otherwise acquire or have at any time hereafter in any property whatsoever or against the estate of the other by reason of the marriage to each other (including rights under community property laws) or as surviving spouse, whether by way of intestacy, dower or curtesy, or rights in the nature of intestacy, dower or curtesy, or any other right of the surviving spouse to share in the estate of the other or to receive any allowance or exemption from the estate of such other, or any right to elect to take against the will of such other, or the right to act as administrator or as administratrix of the estate of such other.

4. None of the foregoing is intended to limit or relieve the legal obligation of Robert S. Brower to support Patricia Ann Hendrickson as his wife in a reasonable manner and to the extent of her necessities for so long as they continue to be lawfully married to each other; provided, however, the legal obligation to support the said wife shall not be extended or applied so as to permit or require the payment of any alimony or payments in the nature of alimony or to give said wife any rights, interest or claim to any of his property.

5. In the event of an annulment, a separation, legal or by mutual agreement, or a pending or final divorce between the parties hereto, or in the event that the parties hereto have lived apart for a period in excess of ninety (90) continuous days and one of the parties has no intention of returning, each agrees that there shall be no property settlement or division of property between them, but each shall keep and retain sole ownership, enjoyment, control and power of disposal of all property of every kind and nature whatsoever now owned or hereafter acquired by such party and all increments thereto free and clear of any interest, rights or claims of the other (including rights under community property laws). Upon the happening of any

- 5 -

Case: 17-05044   Doc# 155-1   Filed: 08/28/20   Entered: 08/28/20 16:56:23   Page 6 of 10

of the events mentioned in the immediately preceding sentence, each irrevocably waives any right, interest, claim or demand for any property settlement (including rights under community property laws), and each shall retain the sole ownership, enjoyment, control and power of disposal of all property of any kind or nature whatsoever now owned or hereafter acquired and all increments thereto as if such parties had never been married.

    6. This Agreement shall be effective in all respects whether or not the contemplated marriage between the parties hereto shall take place.

    7. This Agreement contains the entire understanding of the parties. There are no representations, warranties, promises, covenants or undertakings, oral or otherwise, other than those expressly set forth herein.

    8. This Agreement shall inure to the benefit of and shall be binding upon the heirs, executors and administrators of the parties.

    9. The invalidity or unenforceability of any provision, term or condition of this Agreement shall not affect the validity or enforceability of all the other provisions, terms and conditions of this Agreement.

    10. This Agreement is made in New Jersey and

- 6 -

shall be construed and given effect in accordance with the laws and decisions of New Jersey.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the day and year first above written.

Signed, Sealed and
Delivered in the
Presence of:

_____ (L.S.)
ROBERT S. BROWER
Dated: June 12, 1980

*Cynthia K Burke*

As to Robert S. Brower

_____ (L.S.)
PATRICIA ANN HENDRICKSON
Dated: June 11, 1980

*John C. Howell*

As to Patricia Ann Hendrickson

- 7 -

STATE OF NEW JERSEY   )
                      : SS.:
COUNTY OF MORRIS      )

      BE IT REMEMBERED, that on this 12th day of June, 1980, before me, the subscriber, an Attorney at Law of the State of New Jersey, personally appeared ROBERT S. BROWER, who, I am satisfied, is the person named in and who executed the within Agreement, and thereupon he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

*Cynthia K. Burke*
*an Attorney at Law of the State of New Jersey.*

STATE OF NEW JERSEY )
: SS.:
COUNTY OF MORRIS )

BE IT REMEMBERED, that on this 11th day of JUNE, 1980, before me, the subscriber, an ATTORNEY of the State of New Jersey, personally appeared PATRICIA ANN HENDRICKSON, who, I am satisfied, is the person named in and who executed the within Agreement, and thereupon she did acknowledge that she signed, sealed and delivered the same as her voluntary act and deed, for the uses and purposes therein expressed.

_____
John C. Howell
an attorney-at-law
of New Jersey